

FILED
KENNETH J. MURPHY
CLERK
03 OCT 20 PM 1:52

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY RIGGINS, | Case No. C-1-01-503 |
| Plaintiff, | |
| Vs. | JUDGE DLOTT |
| FOREST HUNT, et al., | |
| Defendants. | MOTION IN LIMINE |

Now come the defendants, Forest Hunt, Anthony Gannon, and Jerry Wells, by and through undersigned counsel, to respectfully move this Court for an ORDER precluding the plaintiff from introducing into evidence in the trial of this matter the following listed exhibits. This motion is supported by the following memorandum.

Respectfully submitted,

_____
R. Tracy Hoover #0039610
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661

## MEMORANDUM

The Defendants, Forest Hunt, Anthony Gannon, and Jerry Wells, respectfully move this Court for an ORDER precluding the plaintiff from introducing into evidence the following exhibits:

PX 1004, Use of Force Report dated May 12, 2000

PX 1005, Use of Force Report dated October 11, 2000

PX 1006, the Ohio Highway Patrol Report.

PX 1007, Defendant Hunt's incident reports

      PX 1008, Defendant Well's incident reports

      PX 1009, Defendant Gannon's incident reports

      PX 1010, Carl Distel's incident reports

      PX 1011, Carole Chapman's incident reports

      PX 1016, ODRC Report Regarding Representation for Forest Hunt

      PX 1017, ODRC Report Regarding Representation for Anthony Gannon

      PX 1018, ODRC Report Regarding Representation for Jerry Wells

      PX 1021, Administrative Rules 5120-0-01 through 03

      PX 1022, Grievance and Discipline Records for Forest Hunt

      PX 1023, Grievance and Disclipline Records for Anthony Gannon

      PX 1024, Grievance and Discipline Records for Jerry Wells

      PX, 1030, Personnel file for Forest Hunt

      PX 1031, Personnel file for Anthony Gannon

      PX 1031 (number listed twice on Plaintiff's Exhibits, Appendix C/ Joint Final Pretrial ORDER), Personnel file for Jerry Wells

      Counsel for Defendants will address each exhibit:

********************************************************************

<u>PX 1004, Use of Force Report dated May 12, 2000 &</u>

<u>PX 1005, Use of Force Report dated October 11, 2000</u>

<u>PX 1006, the Ohio Highway Patrol Report.</u>

<u>PX 1007, Defendant Hunt's incident reports</u>

<u>PX 1008, Defendant Well's incident reports</u>

<u>PX 1009, Defendant Gannon's incident reports</u>

<u>PX 1010, Carl Distel's incident reports</u>

<u>PX 1011, Carole Chapman's incident reports</u>

      FED. R. EVID. 403 states as follows:

           Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendants state that the probative value of the reports that the plaintiff wishes to introduce is substantially outweighed by the danger of unfair prejudice and confusion of the issues; and the reports may mislead the jury. FED. R. EVID. 403. Further, the standard under which said reports were taken was much lower than that of this Trial Court's forum and that of a deposition. The Defendants did not have counsel present; and the defendants did not have an opportunity to cross-examine and/or interrogate the accusers; furthermore, the statements were not taken under oath; a court reporter was not present, etc.

All of the above listed statements made by defendants and Carl Distel and Carole Chapman are hearsay. FED. R. EVID. 802 precludes the use of hearsay at trial.

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

The reports which plaintiff intends to introduce into evidence are clearly hearsay under FED. R. EVID. 801(c):

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Also, the hearsay exceptions provided for in FED. R. EVID. 803 are all inapplicable to the reports. If the reports are presented to the jury in this case, the defendants would all be unfairly prejudiced. The defendants will be present for cross-examination; and all of the defendants have been deposed in depth. Carole Chapman and Carl Distel are persons who the plaintiff has subpoena power to compel their presence at the trial of this matter. It would highly prejudicial and unfair to present statements that they made without giving the defendants an

opportunity to cross-examine them. It should not be the defendants' burden to compel their presence at trial to refute hearsay statements made by them.

*********************************************************************

PX 1016, ODRC Report Regarding Representation for Forest Hunt
PX 1017, ODRC Report Regarding Representation for Anthony Gannon
PX 1018, ODRC Report Regarding Representation for Jerry Wells

The ODRC reports regarding denial of representation for the defendants are hearsay that do not fall under any exception to hearsay. In addition, the reports must also be excluded under FED. R. EVID. 403. The jury may be misled into believing that the defendants are liable to the plaintiff due to the fact that the State of Ohio denied them representation. Once again, the plaintiff has the subpoena power to compel the presence of the person(s) who made the decision not to provide representation to the defendants. It would be highly prejudicial to the defendants to simply introduce the report without an explanation from its maker as to why the representation was denied. The defendants should not be given the burden to refute the hearsay statements and to compel the presence of the person(s) who made the statements.

*********************************************************************

PX 1021, Administrative Rules 5120-0-01 through 03

It is anticipated that the Administrative Rules may be included in the jury instructions in this matter. (This Court should note that the Administrative Rules at issue should be Rules 5120-9-01 through 03, not 5120-0-01 as listed by the plaintiff.) It is the function of the Trial Court to instruct the jury as to the applicable law and rules in this matter. It would not be proper for plaintiff's counsel to instruct the jury by introducing Administrative Rules in evidence to the jury. The jury are the triers of fact; the jury's function is to listen to the facts as presented by both plaintiff and defendants, determine

the facts as they believe them to be, and to apply the law as given to them by the Trial Court to the facts.

*********************************************************************

For the foregoing reasons, counsel respectfully requests this Court to exclude the above listed exhibits from the evidence to be presented to the jury in this matter.

Respectfully submitted,

_____
R. Tracy Hoover #0039610
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served upon the following: Jennifer Branch, Attorney for Plaintiff, at 617 Vine Street, Suite 1409, Cincinnati, Ohio 45202 and Marianne Pressman, Asst. Attorney General, Corrections Litigation Section, 140 East Town Street, 14th Floor, Columbus, Ohio 43215-6001 by regular U.S. mail on this ___16___ day of October, 2003.

_____
R. Tracy Hoover #0039610
**Trial Attorney for Defendants**