UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. C-1-01-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | Magistrate Judge Sherman |
| | : | |
| HAROLD CARTER, et al., | : | **PLAINTIFF'S MOTION IN** |
| | : | **LIMINE TO LIMIT EVIDENCE** |
| Defendants. | : | **OF PLAINTIFF'S** |
| | : | **CONVICTIONS AND PRISON** |
| | : | **RECORD AND** |
| | : | **MEMORANDUM IN SUPPORT** |

**MOTION AND MEMORANDUM IN SUPPORT**

This prisoner excessive force case is brought by Anthony Riggins against the three corrections officers who entered his cell on May 12, 2000 and used so much force on Mr. Riggins that he suffered multiple broken bones. Defendants' alleged reason for entering his cell, against SOCF policies, was to remove a food tray.

**Criminal Convictions**

At trial, Defendants may seek to introduce Mr. Riggins' criminal convictions and institutional disciplinary records since he has been incarcerated with the Ohio Department of Rehabilitation and Corrections. Plaintiff does not object to the admission of Mr. Riggins' conviction in 1985 of the felonies of aggravated robbery, possessing a weapon under a disability, and carrying a concealed weapon since these are the crimes for which Mr. Riggins is still currently serving a sentence at SOCF. However, any prior crimes are inadmissible because they are all more than 10 years old and thus excluded under Rule 609 (b).

**Institutional Disciplinary Records**

Plaintiff also objects to any evidence of Mr. Riggins' institutional disciplinary records coming into evidence. Defendants may introduce evidence of Mr. Riggins instructional record to prove that he is violent and is likely to have acted on May 12, 2000, in conformity with his character trait of being violent. However, Federal Rule of Evidence 404(b) provides in relevant part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Furthermore, evidence of other acts is not admissible to prove that the actor has a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait. *Hynes v. Couglin*, 79 F.3d 285, 290 (2nd Cir. 1996).

Under 404(b), other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). Although this is not intended to be an exhaustive list, courts are reluctant to create new exceptions. *Young v. Rabideau*, 821 F.2d 373, 379 (7th Cir. 1987) (declining to make a new 404(b) exception for establishing bias); *Essick v. Debruyn*, 1995 WL 729313 (N.D. Ind. 1995).

In *U.S. v. Bunch*, 1993 WL 5933, *2 (6th Cir. 1993), a chief jailer was convicted of beating an inmate and willfully denying him medical care. The defendant claimed on appeal that the district court erred in excluding the prison disciplinary records of the inmates involved. One of the inmates had eight disciplinary violations while in prison, one of which was violent, while the other inmate had twenty-two disciplinary infractions, two of which involved violence. *Id.* The defendant contended that the witness' pattern of

conduct presented a common scheme, presumably of being disobedient and violent, and that it also demonstrated the inmates' "state of mind."*Id.* The Sixth Circuit found that the district court properly refused to admit the records in question after performing a Rule 403 balancing test and determining that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. *Id*. The court stated "[i]t is not enough to suggest that a prior disciplinary violation for assaulting a prison inmate is probative of the witness' intent to start an altercation with defendant." *Id.*

If the evidence is relevant to an issue other than character, the court must do a Rule 403 balancing test to determine whether its probative value is substantially outweighed by the danger of unfair prejudice. *West v. Love*, 776 F.2d 170, 174 (7th Cir. 1985). "The danger of unfair prejudice is defined as the likelihood that the evidence will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented..." *Id*. However, Defendants cannot advance any reason, other than character, to admit Mr. Riggins' disciplinary records. An inmate's record may be relevant **if** a defendant had a prior experience with a violent inmate and took action in response to that prior knowledge. However, each defendant testified in depositions that he did know Mr. Riggins prior to encountering him on May 12, 2000 (Hunt depo. p. 88; Gannon depo. p. 86; Wells depo 28-29). Therefore, there is no admissible reason for the record to come into evidence.

In *Lewis v. Valez*, 149 F.R.D. 474, 479-80 (S.D.N.Y. 1993), a prison excessive force case, the defendant wanted evidence of the plaintiff's prison disciplinary record to be admitted to rebut what they presumed to be plaintiff's theory that he did not intend to initiate the altercation and acted in self-defense. The inmate in question had committed

3

four disciplinary violations while in prison, including setting fire in a trash can, throwing things at the medical staff, and fighting with a fellow inmate. *Id.* at 479. The defendants sought to present this evidence because they claimed it was "probative of his intent to assault the defendants" and they also wanted to use his record to impeach his credibility. *Id.* The court determined that the defense misconstrued the meaning of intent in relation to self-defense and held that if a plaintiff testified that he deliberately struck the corrections officers, but only in order to protect himself from an assault by the officers, the plaintiff would be admitting intent. *Id.* at 480. Therefore, "[b]ecause the plaintiff's state of mind is not at issue, prior acts evidence is not admissible on the basis that it is probative of his intent." *Id.* This analysis is applicable to this case. Therefore, Riggins' disciplinary records would not serve any legitimate purpose.

Allowing Mr. Riggins' disciplinary record to be admitted to establish bias, hostility or dislike of corrections officers would also be inappropriate. In both *Young v. Rabideau,* 821 F.2d at 379 (7th Cir. 1987), and *Essick v. Debruyn*, 1995 WL 729313, *3 (N.D. Ind.), the courts declined to make a new 404(b) exception for the purpose of establishing bias. In *Essick*, the defendants, in an attempt to impeach the witnesses' credibility, wanted to admit evidence of statements made by both the plaintiff and his witness regarding acts of misconduct while incarcerated. *Id.* at *1. Although the Seventh Circuit stated that bias, like pattern, may show intent or another Rule 404(b) ground, it is more likely to "prove bad character or a propensity toward violent behavior by inferring that the prisoner acted in conformity with his prior bad acts." *Young*, 821 F.3d at 379. The court, therefore, held that the prison disciplinary record was inadmissible for this purpose. *Id.*

4

For these reasons, Plaintiff respectfully requests that Mr. Riggins disciplinary records not be admitted into evidence.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

### CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

s/ Jennifer L. Branch

5