Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1995 WL 729313
**(Cite as: 1995 WL 729313 (N.D.Ind.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. Indiana, South Bend Division.

Henry ESSICK, II, Plaintiff,
v.
Christian DEBRUYN, et al., Defendants.

No. 3:94-cv-804RP.

Nov. 22, 1995.

John W. Emry, Jr., Franklin, IN, for plaintiff Henry Essick, III.

David A. Arthur, Indiana Attorney General, Indianapolis, IN, for defendants Christian Debruyn, Robert Farley, Frank Castello, Herb Newkirk, Lt. Thompson, Charles Knewell, Brian Pepples, WISE, RAINEY, WILSON and Kyle Moore, Correction Officers.

MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

**\*1** This action, brought by a state prisoner under 42 U.S.C. § 1983, is before the court on a motion in limine by plaintiff, Henry Essick, II, seeking an order limiting and excluding evidence at trial of prior acts not amounting to a conviction. For the reasons that follow, the court will grant the motion.

Mr. Essick believes that the defendants may offer evidence of documents or statements made by a prisoner or an employee of or supervisor at a prison or jail regarding specific acts of misconduct committed by him or his witnesses while they were incarcerated at that prison or jail (Motion at 1). He contends that such evidence would irreparably prejudice him and that a limiting instruction could not cure such prejudice.

Generally, character evidence is not admissible in civil rights cases. *Gates v. Rivera,* 993 F.2d 697, 700 (9th Cir. 1993) (citing *Cohn v. Papke,* 655 F.2d 191 (9th Cir. 1981)). Rule 404(a) of the Federal Rules of Evidence, which governs the admissibility of character evidence, generally provides in pertinent part:
 Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except ... [e]vidence of the character of a witness, as provided in rules 607 [ [FN1]], 608, and 609.

Fed.R.Evid. 404(a); *see also Continental Cas. Co. V. Howard,* 775 F.2d 876, 879 n.1 (7th Cir. 1985), *cert. denied,* 475 U.S. 1122 (1986). Evidence of specific acts of misconduct by Mr. Essick or his witnesses committed while incarcerated at a prison or jail does not fall within either the Rule 608 or Rule 609 exception to Rule 404(a).

Such evidence does not fall within the Rule 608 exception, unless the misconduct involved truthfulness or untruthfulness. Rule 608 provides in pertinent part:
 (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence.

Fed.R.Evid. 608(a) and (b); *see also United States v. Robinson,* 8 F.3d 398, 412 n.20 (7th Cir. 1993); *United States v. F.J. Vollmer & Co,* 1 F.3d 1511, 1522 (7th Cir. 1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 688 (1994). Assuming that such misconduct involved untruthfulness (or even truthfulness), the defendants may not attack the credibility of either Mr. Essick or his witnesses by offering extrinsic evidence to prove any specific instances of misconduct relating to their truthfulness.

**\*2** Evidence of specific acts of misconduct by Mr.

Essick or his witnesses committed in a prison or jail does not fall within Rule 609, which provides for the impeachment of a witness by evidence of a conviction of a crime. As Mr. Essick contends, neither prison disciplinary proceedings nor Conduct Adjustment Board proceedings constitute a criminal conviction, which "entails a finding of guilty beyond a reasonable doubt in a forum which abides by specific rules of evidence and procedure designed to protect the defendant." *United States v. Werbrouch,* 589 F.2d 273, 377 (7th Cir. 1978), *cert. denied,* 440 U.S. 962 (1979). Therefore, evidence of specific acts of misconduct committed by Mr. Essick or his witnesses while incarcerated at a prison or jail is not admissible under the Rule 609 exception to Rule 404(a).

Evidence of specific acts of misconduct committed by Mr. Essick or his witnesses while incarcerated at a prison or jail would be Rule 404(b) evidence because "misconduct" conceivably constitutes a "wrong." [FN2] Moreover, any conduct that may adversely affect a jury's judgment of a witness' character is conceivably within the ambit of Rule 404(b). *See United States v. Cooper,* 577 F.2d 1079, 1088 (6th Cir. 1978), *cert. denied,* 439 U.S. 868 (1978). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ....

Fed.R.Evid. 404(b). Rule 404(b) evidence may not be used to show either bias against authority, *Young,* 821 F.2d at 378-9, and may not be used to show violent behavior. *Id.; Lewis v. Valez,* 149 F.R.D. 474, 479 (S.D.N.Y. 1993) (citing *United States v. Whalen,* 940 F.2d 1027, 1034 (7th Cir.), *cert. denied,* 502 U.S. 951 (1991)). In this circuit, Rule 404(b) evidence is admissible only if:

> (1) the evidence is directed toward establishing a matter in issue ... , (2) the evidence shows that the other act is similar enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Rivera,* 6 F.3d 431, 443 (7th Cir. 1993) (citing *United States v. Smith,* 995 F.2d 662, 671 (7th Cir. 1993), *cert. denied sub nom. Marren v. United States,* --- U.S. ----, 114 S.Ct. 718 (1994)), *cert. denied,* --- U.S. ----, 114 S.Ct. 1098 (1994); *see also United States v. Shackleford,* 738 F.2d 776, 779 (7th Cir. 1984).

At a minimum, evidence of specific acts of misconduct by either Mr. Essick or his offender witnesses fails to satisfy criteria (1) or (4) of the four-part test. It appears that neither motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident with respect to Mr. Essick or his offender witnesses are at issue in this case. Furthermore, in all likelihood the danger of unfair prejudice would substantially outweigh the probative value, if any, of any evidence of specific acts of misconduct on the part of Mr. Essick or his offender witnesses. *See, e.g., Young,* 821 F.2d at 377 (7th Cir. 1987) ("evidence is considered unfairly prejudicial ... because its admission makes it likely that the jury will be induced to decide the case on an improper basis"). Therefore, evidence of specific acts of misconduct committed by Mr. Essick or his offender witnesses while incarcerated at a prison or jail is not admissible as Rule 404(b) evidence.

**\*3** For the foregoing reasons, the court GRANTS Mr. Essick's motion in limine, and accordingly ORDERS (1) that defendants, their counsel, and all other witnesses not mention, attempt to offer into evidence, or attempt to convey to the jury at any time during the trial of this cause information regarding disciplinary actions taken against Mr. Essick or other offender witnesses, without first informing the court and obtaining the court's permission, outside the presence and hearing of the jury; and (2) that the parties not mention or refer to the filing and granting of this motion before the jury.

SO ORDERED.

> FN1. Rule 607 provides that any party may attack the credibility of a witness. Fed.R.Evid. 607.

> FN2. Unquestionably, Rule 404(b) applies in civil cases. *See, e.g., Young v. Rabideau,* 821 F.2d 373, 377 (7th Cir.), *cert. denied,* 484 U.S. 915 (1987); *Perri v. Dagay,* 776 F. Supp. 1345, 1348 (N.D. Ind. 1991) (citing *Harris v. Davis,* 874 F.2d 461 (7th Cir. 1989), *cert. denied,* 493 U.S. 1027 (1990)).

1995 WL 729313, 1995 WL 729313 (N.D.Ind.)

END OF DOCUMENT

Case 1:01-cv-00503-MRB   Document 75-2   Filed 11/03/2003   Page 3 of 3