UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-cv-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **MOTION IN LIMINE TO** |
| HAROLD CARTER, et al., | : | **LIMIT DEFENSE WITNESSES** |
| | : | **AND EXHIBITS AND** |
| Defendants. | : | **MEMORANDUM IN SUPPORT** |
| | : | |

**MOTION AND MEMORANDUM IN SUPPORT**

Defendants have listed four witnesses in the final pretrial order whose testimony Plaintiff objects to for the following reasons.

**Andrew Gleim** was identified in discovery as a corrections officer who was allegedly assaulted by Plaintiff after the incident that gave rise to this action. Mr. Gleim is not a defendant in this case, nor is he an eyewitness to the May 12, 2000 actions of the parties. Therefore his testimony is irrelevant and inadmissible.

**Adrian Spears** was identified in discovery as a corrections officer who was allegedly had dealings with Riggins after the incident. Mr. Spears is not a defendant in this case, nor is he an eyewitness to the May 12, 2000 actions of the parties. Therefore his testimony is irrelevant and inadmissible.

**Jennifer Grant** was identified as possibly testifying as to correspondence from Plaintiff. Ms. Grant was also identified in discovery as being aware of inmate Riggins' attitude prior to the incident and after the incident. Defendants have not produced the mentioned correspondence, but this may be alleged "love letters" from Riggins to Grant.

Evidence regarding these letters is not relevant and therefore is inadmissible. Furthermore, Ms. Grant is not a defendant in this case, nor is she an eyewitness to the May 12, 2000 actions of the parties. Therefore her testimony is irrelevant and inadmissible.

**James Hunt** is probably the inmate "Bud" Hunt identified in discovery as an inmate who was acquainted with Riggins since Riggins was in Ohio State penitentiary. Again, inmate Hunt is not a defendant in this case, nor is he an eyewitness to the May 12, 2000 actions of the parties. Therefore his testimony is irrelevant and inadmissible.

Plaintiff therefore requests that these witnesses not be permitted to testify.

Finally, Defendants have listed as DX-2002 "Correspondence of Jennifer Grant from Inmate Riggins." Plaintiff objects to this exhibitsfor several reasons: they were not provided in discovery; once they appeared on defendants' exhibit list they were requested but have not been produced; they are irrelevant and therefore inadmissible. Therefore Plaintiff requests that the correspondence be held inadmissible.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has

entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

                                                s/ Jennifer L. Branch
                                                Attorney for Plaintiff