UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | **PLAINTIFF'S PROPOSED** |
| | : | **JURY INSTRUCTIONS** |
| HAROLD CARTER, et al., | : | |
| | : | |
| Defendants. | : | |

   Plaintiff requests the attached proposed jury instructions, Numbers 1-10 and the proposed verdict form be given to the jury by the Court. These are not intended as a complete set of instructions but only serve to propose text for the most important instructions. Plaintiff reserves the right to offer additional jury instructions after reviewing the instructions proposed by the defendants as may be permitted by the Court.

                                                    Respectfully submitted,

                                                    s/ Jennifer L. Branch
                                                    Jennifer L. Branch (0038893)
                                                    Trial Attorney for Plaintiff
                                                    Alphonse A. Gerhardstein (0032053)
                                                    Attorney for Plaintiff
                                                    LAUFMAN & GERHARDSTEIN
                                                    617 Vine Street, Suite #1409
                                                    Cincinnati, Ohio 45202
                                                    (513) 621-9100

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**DUTY TO FOLLOW INSTRUCTIONS**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.[1]

---

[1] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J). (Jury Instructions given July 2, 1999); *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**CONSIDERATION OF THE EVIDENCE**

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and stipulations by the parties.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of the trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which the witness should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis, it is your recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach

conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.[2]

---

[2] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J). (Jury Instructions given July 2, 1999); *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**
**CREDIBILITY OF WITNESSES**

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and you alone decide the weight to be given to each witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; his or her manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which he or she testified; the witness' candor, fairness, and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

The fact that a witness comes before you as a law enforcement officer, a correctional officer or a public official should not affect the way you judge their credibility. Such testimony does not deserve either greater or lesser believability, or simply because of the official status of a witness. Similarly, the fact that a witness is a prisoner does not automatically suggest that less weight be given to that testimony. Whether or not you believe a witness must be determined from their testimony, not their occupation or status outside the courtroom. You should form your own conclusions as to whether or not a witness is believable.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that

the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[3]

---

[3] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J). (Jury Instructions given July 2, 1999); *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**
**ALL PERSONS ARE EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. All persons stand equal before the law, including prisoners and state employees, and are to be dealt with as equals in a court of justice.[4]

---

[4] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J). (Jury Instructions given July 2, 1999); *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**
**AGREED FACTS**

There are certain facts that the parties agree to and need not be proven.

[INSERT STIPULATIONS]

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**PRIOR CONVICTIONS**

You have heard during the course of this trial that plaintiff and several of his witnesses have been convicted of a crime. This conviction can only be used as one way of helping you decide how believable their testimony is. Do not use it for any other purpose. It is not evidence of anything else other than assessing credibility.[5]

---

[5] *Wolff v. Moore,* Jury Instructions not reported, See U.S.D.C., SD Ohio No. C-1-96-708 (Magistrate Judge Hogan) (Jury Instructions given August 7, 1998).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7
## STATEMENT OF CLAIMS

The plaintiff in this case, Anthony Riggins, claims that Defendants Forest Hunt, Anthony Gannon, and Jerry Wells, used excessive force upon him.  Mr. Riggins claims that these acts deprived him of his U.S. Constitution's Eighth Amendment right to be free of cruel and unusual punishment by using excessive force on him.

Defendants Hunt, Gannon, and Wells deny that they deprived Mr. Riggins of his rights and content that they used an appropriate amount of force on Mr. Riggins and therefore did not use excessive force in violation of the Eighth Amendment.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
## EXCESSIVE FORCE DEFINED

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments" upon prisoners. Plaintiff Riggins claims that he was subjected to excessive force or cruel and unusual punishment while he was incarcerated at Southern Ohio Correctional Facility ("SOCF").

To prevail on an excessive force claim, plaintiff Riggins must prove by a preponderance of the evidence that one or all defendants Hunt, Gannon, or Wells applied force to him maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Plaintiff Riggins need not show that he suffered a significant physical or mental injury for you to find he suffered cruel and unusual punishment.

You should consider the following factors in making this determination:

a)  The need for the application of force;
b)  The relationship between the need and amount of force used;
c)  The extent of the threat to the safety of staff and inmates as reasonable perceived by the responsible officials on the basis of facts known to them; and
d)  Any efforts made to limit the amount of force.[6]

---

[6] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J.) (Jury Instructions given July 2, 1999); *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994). Authorities: *Whitley v. Albers*, 475 U.S. 312 (1986); *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9
## NOMINAL DAMAGES

If you find that the Plaintiff is entitle to a verdict in accordance with these instructions, but do not find that the Plaintiff has sustained substantial actual damages, then you may return a verdict for the Plaintiff in some nominal sum such as one dollar.

If you award nominal actual damages, you may also award punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.[7]

---

[7] Based on instructions given in *Morrison v. Davis*, U.S.D.C, S.D. Ohio No. 2:97-CV-1305 (Marbley, J). (Jury Instructions given July 2, 1999).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**PUNITIVE DAMAGES**

If you find that one or more defendants are liable for Plaintiff Riggins' injuries, you must award Mr. Riggins the compensatory or nominal damages that he has proven. You may also award punitive damages if Mr. Riggins has proved that the defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that a defendant's conduct justifies an award of punitive damages, you may exercise your discretion to award those damages. In making any award of damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and other corrections officers from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. You may impose punitive damages against one or more of the defendants in different amounts.[8]

---

[8] Based on instructions given in *Grimm v. Lane*, 895 F. Supp. 907 (S.D. Ohio 1995), Jury Instructions not reported, see U.S.D.C., SD Ohio No. C-1-91-011 (Spiegel J)(Jury Instructions given September 12, 1994).

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY RIGGINS,** | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | **VERDICT FORM** |
| | : | |
| **HAROLD CARTER, et al.,** | : | |
| | : | |
| Defendants. | : | |

### EXCESSIVE FORCE

1. Did Defendant Hunt use excessive force on Mr. Riggins?

    Yes _____                              No____

2. Did Defendant Gannon use excessive force on Mr. Riggins?

    Yes _____                              No____

3. Did Defendant Wells use excessive force on Mr. Riggins?

    Yes _____                              No____


IF YOU ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS, PROCEED TO QUESTION 4. IF YOUR ANSWER TO ALL OF THOSE QUESTIONS IS "NO," STOP HERE.

### DAMAGES

4. What amount of money is required to compensate Mr. Riggins for his injuries or damages?

    $ _____     (Write in a dollar amount)

5. Is Mr. Riggins entitled to punitive damages?

    Yes _____                              No____

14

IF YOU ANSWERED "YES" TO QUESTION NO. 5, THEN PROCEED TO QUESTION NO. 6. IF YOUR ANSWER TO QUESTION NO. 5, WAS "NO," STOP HERE.

    6.    Write the dollar amount of money that each defendant should pay as punitive damages:

        Defendant Hunt    $_____    (Write in a dollar amount)

        Defendant Gannon    $_____    (Write in a dollar amount)

        Defendant Wells    $_____    (Write in a dollar amount)

### JURORS' SIGNATURES

_____    _____
Jury Foreperson

_____    _____

_____    _____

_____    _____

**DATE:** _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

                                              s/ Jennifer L. Branch
                                              Attorney for Plaintiff