## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY RIGGINS,** | : | **Case No. 1:01-CV-503** |
| | : | |
| **Plaintiff,** | : | **Judge Dlott** |
| | : | |
| **vs.** | : | |
| | : | **MEMORANDUM IN** |
| **HAROLD CARTER, et al.,** | : | **OPPOSITION TO** |
| | : | **DEFENDANTS' MOTION IN** |
| **Defendants.** | : | **LIMINE** |

Defendants have moved to exclude admission of Plaintiff exhibits 1004-11, 1016-18, 1021-24, and 1031. Plaintiff admits that Plaintiff Exhibits 1031 was incorrectly used to identify the personnel files of both Anthony Gannon and Jerry Wells. Plaintiff has renumbered the exhibits so that PX 1034 will be the personnel file for Jerry Wells.[1]

**PX 1004 and 1005 – Use of Force Reports should be admitted**

Defendants object to these use of force reports based on Fed. R. Evid. 403. Plaintiff intends to introduce the reports through Warden Harold Carter, who will lay the foundation for the reports and testify to his convening both the May 2000 use of force committee and the October 2000 use of force committee. Plaintiff plans to introduce the reports' findings, conclusions and recommendations, which are summarized in the first three pages of each exhibit. These exhibits are admissible under Fed R. Evid. 401 because they tend to make the existence of any fact, i.e., whether defendants used excessive force on Plaintiff, more probable. Such a report is relevant in a claim of excessive force. *Combs v. Wilkinson*, 315 F.3d 548, 555 (6th Cir. 2002). Furthermore, the reports' factual findings, conclusions, and recommendations are admissible under the public records hearsay exception of Rule 803 (8). *Id.*

The Sixth Circuit recently held that use of force committee reports are admissible in excessive force prison litigation under Fed. R. Evid. 401 and 803(8). *Combs v. Wilkinson*, 315 F.3d 548, 555-556 (6th Cir. 2002).  In *Combs*, inmates at Mansfield Correctional Institution (ManCI) overpowered three correctional officers and gained control of their keys in a death row unit.  The inmates took control of the unit and let the three officers leave.  *Id.* 551.  Several Special Response Teams (SRT) were summoned to ManCI.  *Id.*  Three inmates complained of excessive force by the officers who used chemical agents, mace, and hit the inmates in the face, genitals head, neck and shoulders, and slamming these men's heads and bodies into the wall.  *Id.* 552-554.  After this disturbance, the Ohio Department of Rehabilitation and Correction appointed a use of force committee to investigate.  *Id.* 554.  The use of force committee interviewed 123 witnesses, reviewed numerous documents and made factual findings, conclusions, and recommendations.  Defendant's moved to strike the use of force report, which the district court granted.  *Id.* 554.

The Court of Appeals reversed, finding the use of force report was admissible. The Court found that the use of force committee's findings and recommendations following their investigations satisfies the definition of relevant evidence under Fed. R. Evid. 401.  *Combs*, 315 F.3d 555.  Further, the O.A.C. § 5120-9-02(D)[2] sets forth the procedures to be used to investigate a use of force incident and states that the committee shall interview all staff and inmates involved, plus as many witnesses as are necessary or expedient.  *Id.*  Furthermore, the committee shall determine what happened and make a conclusion whether excessive force was used.  *Id.*  The Court concluded that the use of

---

[1]      Plaintiff has deleted PX 1021 as well since that is a duplicate of PX 1020.
[2]      This code section is contained in Plaintiff Exhibit PX 1020 pages 5-8.

force report contains the findings resulting from the committee's investigation made

pursuant to Ohio law and falls within Fed. R. Evid. 803(8). *Id*. 555. The Court held,

therefore, that unless the district court finds that the sources of information or other

circumstances indicate of lack of trustworthiness, the use of force report is admissible.

*Id.* 556.

Combs is consistent with earlier Sixth Circuit decisions. In *Baker v. Elcona*

*Homes Corp.*, 588 F.2d 551, 554 (6th Cir. 1978), a police accident report was admissible.

The Court held that the police report about an automobile accident was a "public record

and report" within the meaning of the first part of Fed. R. Evid. 803(8). *Id.* 556. The

court further concluded that the court was a "factual finding" within the meaning of

Federal Rules of Evidence 803(8)(C). *Id.* In holding that the police report was

admissible, the court stated that The Advisory Committee Notes to F Fed. R. Evid.

803(8) accept "evaluative reports" as being within the meaning of "factual findings."

Likewise in *U.S. v. School Dist. of Ferndale, Mich.*, 577 F.2d 1339, 1342 (6th Cir. 1978),

a school desegregation suit, the United States Department of Health, Education and

Welfare (HEW) instituted administrative proceedings against the School District of

Ferndale, Michigan. The HEW hearing examiner concluded that the school was

segregated at the time. *Id.* 1342. The Sixth Circuit held that the HEW Hearing

Examiner's findings come within the scope of 'factual findings,' and were therefore

admissible under Fed. R. Evid. 803(8)(C). *Id.* 1354.

In the case at bar, two use of force committees investigated the force Defendants

used on Mr. Riggins. The investigations reviewed all the statements provided by the

Defendants, Mr. Riggins, and witnesses. Most, if not all, of the witnesses are listed as

witnesses in this case.  The Riggins' use of force reports are admissible under Fed. R.

Evid. 803(8)(C) as a "factual findings."  *Combs v. Wilkinson*, 315 F.3d 548.  The

Riggins' use of force committees had the same authority to engage in such investigations

under the O.A.C. § 5120-9-02(D) as did the *Combs*' committee.  *Combs*,  315 F.3d at

555.  The Riggins' use of force committee reports are therefore admissible.

## PX 1006 Ohio Highway Patrol Report should be admitted

Defendants object to the OHP report for the same reason.  However, the OHP

report is admissible for the same reasons as the use of force reports.  It is a report

required to be done by law enforcement.  (The Ohio Highway Patrol has jurisdiction over

crimes which occur on state property.)  Additionally, the second use of force committee

relied on portions of the OHP report.  *Combs* found the use of force committee's reliance

on the OHP report to bolster the admissibility of the use of force report.  *Combs* 315 F. 3d

at 556.  Therefore the OHP report should be admissible.

## PX 1007-11 Incident Reports of witnesses should be admitted

Defendant's object to their incident reports (PX 1007-9) and of two witnesses

who will be called at trial (Distel PX 1010 and Chapman PX 1011) as inadmissible

hearsay.  However, these officers are all required by law to write incident reports after a

use of force.  O.A.C. § 5120-9-02.  Therefore the reports meet the public records hearsay

exception.  Fed. R. Evid. 803(8).  Furthermore, prior inconsistent statements are

admissible under Fed. R. Evid. 801 (d)(1)(A).  Finally, Defendants admissions are

admissible under Fed. R. Evid. 801 (d)(2)(A).

**PX 1016-18 Report Regarding Representation of Defendants should be admitted**

Defendants object to the reports under the FRE 403 balancing test.  The reports indicate that the Warden found that these employees were "acting manifestly outside the scope of his/her employment or official responsibilities."  Plaintiff's proposed jury instructions on excessive force state:

> To prevail on an excessive force claim, plaintiff Riggins must prove by a preponderance of the evidence that one or all defendants Hunt, Gannon, or Wells applied force to him maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. …You should consider the following factors in making this determination:
> a)    The need for the application of force;
> b)    The relationship between the need and amount of force used;
> c)    The extent of the threat to the safety of staff and inmates as reasonable perceived by the responsible officials on the basis of facts known to them; and
> d)    Any efforts made to limit the amount of force.

Therefore, the Warden's determination that they were acting outside the scope of their responsibilities tends to aid the jury in determining whether they used excessive force.  Additionally, such evidence tends to aid the jury in finding punitive damages.  Therefore these exhibits should be admitted under FRE 401.

**PX 1021, Administrative Rules should be admitted**

Plaintiff has deleted PX 1021 from his witness list because it is a duplicate of PX 1020.  While Defendants did not object to PX 1020, Plaintiff will respond as if they had.  PX 1020 are the administrative rules or administrative code sections dealing with use of force (5120-9-01), the use of force report and investigation  (5120-9-02), and inmate complaints of use of force (5120-9-03).

Defendants object that these documents will be confused with the court's jury instructions.  Plaintiff has submitted his jury instruction on excessive force.  The

instructions reference case law, not these rules, so Defendants' fear of jury confusion with the jury instruction is misplaced.  However, the administrative rules, Defendants' understanding of the rules, and training on use of force is relevant to this case. Additionally, the rules lay a foundation for the use of force committee report, as discussed above.  Therefore the rules are admissible.

**PX 1022-24, 1030, 1031, new 1034 should be admitted**

Defendants do not explain the basis for their objections to these exhibits.  PX 1022 and 1024[3] are the disciplinary records for Defendants Hunt and Wells related to their actions on May 12, 2000.  Without knowing the basis for Defendants' objections, Plaintiff submits these records are relevant to aiding the jury in determining whether excessive force was used.

Plaintiff Exhibits PX 1030, 1031, and new 1034 are excerpts of each Defendants' personnel files, including their job application and various forms they signed acknowledging they would follow the law.  Without knowing the basis for Defendants' objections, Plaintiff submits that these records are relevant to proving whether Defendants used excessive force and whether punitive damages should be awarded.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion in limine.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409

---

[3]    Plaintiff has deleted PX 1023 since no such records exist.

Cincinnati, Ohio 45202
(513) 621-9100

### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

s/ Jennifer L. Branch
Attorney for Plaintiff