IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF OHIO
WESTERN DISTRICT

03 NOV 12 AM 8:32

ANTHONY RIGGINS,

    PLAINTIFF,

-vs-

HAROLD CARTER, et al.,

    DEFENDANTS.

CASE NO. C-1-01-503

JUDGE DLOTT

## DEFENDANTS' MOTION IN RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT EVIDENCE OF PLAINTIFF'S CONVICTIONS AND PRISON RECORD AND MEMORANDUM IN SUPPORT

Now comes Defendants, Forrest Hunt, Anthony Gannon, and Jerry Wells, to respectfully submit their response to plaintiff's motion in limine to limit evidence of plaintiff's convictions and prison record. Defendants respectfully request this Court to deny the plaintiff's motion to limit evidence of the convictions and prison record. This motion is supported by the following memorandum.

Respectfully submitted,

R. Tracy Hoover #0039610
Trial Attorney for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661

## MEMORANDUM IN SUPPORT

Plaintiff has moved this Court to limit the defendants with respect to the introduction of evidence of plaintiff's prior convictions and his prison record. Plaintiff relies upon Fed. R. Evid. 609(b) and the "ten year" time limit to request exclusion of

plaintiff's prior convictions. Plaintiff concedes that his convictions of Aggravated Robbery, Possessing a Weapon Under a Disability, and Carrying a Concealed Weapon (Inmate #A188083.00) are all admissible since he is currently serving a sentence for same. With respect to his prior convictions, to wit: Aggravated Robbery in 1980 (Inmate #R112883.00) and another Aggravated Robbery in 1983 and another Carrying a Concealed Weapon in 1983 (Inmate #A173275.00), defendants contend that the probative value of the convictions, repeat Aggravated Robberies and Carrying a Concealed Weapon, substantially outweighs the prejudicial effects. The Aggravated Robberies all show the violent tendencies of the defendant; obviously, the defendant would not have three numbers for aggravated robberies unless he was excessively violent. Defendants contend that the probative value of the convictions lies in the crime(s) that he has been convicted of (Aggravated Robberies and Carrying Concealed Weapons) and the reputation that he had prior to obtaining his third and current number.

With respect to the plaintiff's prison record, the plaintiff relies upon Fed. R. Evid. 404(b) to exclude evidence from plaintiff's rules infraction board (RIB) file. Fed. R. Evid. 404(b) states as follows:

> (b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused,* the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

The advisory committee notes for the 1974 enactment, Note to Subdivision (b), states the following:

> This rule provides that evidence of other crimes, wrongs, or acts is not admissible to prove character but *may* be admissible for other specified purposes such as proof of motive.
> Although your committee sees no necessity in amending the rule itself, it anticipates that the use of the discretionary word "may" with respect to the admissibility of evidence of crimes, wrongs, or acts is not intended to confer any arbitrary discretion on the trial judge. Rather, it is anticipated that with respect to permissible uses for such evidence, the trial judge may exclude it only on the basis of those considerations set forth in Rule 403, i.e., prejudice, confusion or waste of time. Senate Report No! 93-1277.

The United States Court of Appeals for the Sixth Circuit sets forth the standards for the balancing test once the trial judge determines that the proponent of the evidence has established a permissible use. The Appellate Court states as follows in **U.S. v. Miller 115 F.3d 361 (6th Cir.):**

> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove <u>motive</u> or <u>intent</u> or <u>identity</u> [or] some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must <u>then</u> determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the <u>specific</u> purpose for which they may consider the evidence.

The defendants, Hunt, Gannon, and Wells, each contend that the evidence from Anthony Riggins' RIB file is to be used for proof of his motive, intent, and/or plan in bringing the prisoner's rights case. As the attached exhibit shows, which is plaintiff's offense record, Exhibit A, (a compilation/summary of the offenses contained in Anthony Riggins' RIB file) plaintiff, Anthony Riggins, has a lengthy record of infractions. Said infractions include such offenses as "Possession of weapon or contraband," "Disrespect,"

"Disobeying," "Fighting," "Assault," "Creating a disturbance," "Giving False information," among other things.

The above stated offenses demonstrate the motive and plan of the plaintiff in "setting up" the defendants. Plaintiff repeatedly instigates arguments and fights with corrections officers as well as inmates in order to move from one place to another both inside institutions and from institution to institution. Plaintiff had desires to go to general population just a few weeks prior to the alleged incident. The April 25, 2000 outpatient psychiatrist's progress note states: See attached Exhibit B.

> Subjective: 1) "I am staying out of trouble for the past two months. I have no tickets. In my cell I read. I would like to go to general population. Let me go to Oakwood first." He was told there was no need to go to Oakwood, the team will decide whether he needs to go to Oakwood or not.

Obviously, the plaintiff had prior calculation and design to leave a month prior to the incident. The plaintiff is aware that he has to be transferred out of Southern Ohio Correctional Facility prior to even being considered for parole. The plaintiff requested to be transferred to Oakwood, which is a mental health treatment center where prisoners only stay for a limited time period and then are sent back to their prior institution, in this case, Southern Ohio Correctional Facility. On January 6, 2000, Gary E. Beven, M.D. states the following:

> "I reviewed Mr. Riggins chart. It was brought to my attention that he remained on the list for inmates to possibly return to the RTU. (residential treatment unit) I am very familiar with Mr. Riggins as I treated him as his attending psychiatrist for quite some time on the J4 $MI range. Mr. Riggins was discharged from that range because of his *highly disruptive behavior and his extreme antisocial personality traits.* On 9/30/99 the treatment team discussed his case and determined that principally this inmate was an inmate who exaggerated symptoms of mental illness but who in fact did not appear to be severely mentally ill.

At the present time he is on Dr. Bawazer's casload and is being prescribed Loxitane and Benadryl. Although I am highly suspicious this inmate is not actually severely mentally ill, I will defer to Dr. Bawazer's opinion at this time time as he is on Dr. Bawazer's caseload list. Nevertheless, Mr. Riggins should not be returned to the RTU as the risk of him being transferred there and disrupting the entire therapeutic environment far outweighs any potential benefit Mr. Riggins would receive by being sent back there. (See Exhibit C)

On or about February 2000, Dr. Shellenberger (psychologist II) approves Richard Stoner's notes (psychologist assistant 2) in which he states "no objective symptoms of serious mental illness." (See Exhibit D.)

The plaintiff had unsuccessfully attempted to be transferred from J-block using the vehicle of mental health complaints. Plaintiff had been housed in J-block of the Southern Ohio Correctional Facility, the highest security area in the institution, since approximately February 1999.

The defendants claim that it is necessary to introduce the plaintiff's RIB file, his medical records, and his mental health records as a whole in order to demonstrate his proof of motive, his intent, and/or his plan to obtain a transfer. Even in plaintiff's complaint, his prayer for relief requests "freedom from prison."

The defendants are not wishing to introduce the rules infractions to show actions in conformity therewith, rather defendants wish to introduce the evidence to demonstrate motive, plan, intent, etc.

For the foregoing reasons, the defendants respectfully request this Court to deny the plaintiff's motion in limine and permit the defendants to cross-examine the plaintiff using his prison record as well as his convictions.

R. Tracy Hoover #0039610
Trial Attorney for Defendants

                                            621 7th Street  
                                            Portsmouth, Ohio 45662  
                                            (740) 354-1000  
                                            Fax: (740) 353-0661

## CERTIFICATE OF SERVICE

      This is to certify that a true copy of the foregoing has been served upon Jennifer Branch, Trial Attorney for plaintiff, by facsimile at (513) 345-5543 on this _____ day of November, 2003.

                                                          R. Tracy Hoover #0039610  
                                                         Trial Attorney for Defendant