**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTHONY RIGGINS,                              Case No. 1:01-CV-503

    Plaintiff,

Vs.                                                        JUDGE DLOTT

HAROLD CARTER, et al.,

    Defendants.                   **DEFENDANTS' PROPOSED**
                                                               **JURY INSTRUCTIONS**

   Now come defendants, by and through undersigned counsel, to respectfully

submit their proposed jury instructions for the above styled case.

            Respectfully submitted,

            _____
            R. Tracy Hoover #0039610
            Trial Attorney for Defendants
            621 7th Street
            Portsmouth, Ohio 45662
            (740) 354-1000
            Fax: (740) 353-0661

**CERTIFICATE OF SERVICE**

   This is to certify that a true copy of the foregoing has been served upon Marianne
Pressman at mpressman@ag.state.oh.us, and Jennifer Branch at
Jbranch@laufgerhard.com, on this 11th day of November, 2003.

            _____
            R. Tracy Hoover #0039610
            Attorney for Defendants

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.


Authority:

E. Devitt, C. Blackmar and M. Wolff, Federal Jury Practice and Instructions '71.01 (1987).

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>THE PARTIES</u>

The Plaintiff in this action is Anthony Riggins, an inmate at the Southern Ohio Correctional Facility. The Defendants in this action are Forrest Hunt, III, Anthony Gannon and Jerry Wells, corrections officers at the Southern Ohio Correctional Facility.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>GENERAL ALLEGATIONS</u>

The Plaintiff in this case, Anthony Riggins, alleges that on May 12, 2000, Defendants Forrest Hunt, III, Anthony Gannon and Jerry Wells violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him.

Defendants Forrest Hunt, III, Anthony Gannon and Jerry Wells deny that they used excessive force against the Plaintiff and that any force used upon plaintiff was necessary and reasonable.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Lawsuits such as this are begun by the filing of a complaint. The person who files is known as the Plaintiff. A Plaintiff must prove all claims by a preponderance of the evidence. If this is not done, then you should find for the Defendant. This obligation is know as "the burden of proof."

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the evidence, the party who has the burden of proof has not established such issue by a preponderance of the evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received as evidence, regardless of who may have produced them.

This rule of law does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of the evidence, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into a courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## CONSIDERATION OF THE EVIDENCE

The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record, and ay facts to which all the lawyers have agreed or stipulated.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. They are intended only to assist you in understanding the evidence and the parties' contentions.

Also, during the course of the trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you; and except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings of the fact.

During the trial, I did not let you hear answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**LAWYERS' OBJECTIONS**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  In the event that I sustained an objection, and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>CREDIBILITY OF WITNESSES</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. [1]

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence, which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he [or she] has testified, and to whether he [or she] impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. [2]

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent mistakes in recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether

---

[1] E. Devitt, C. Blackmar, and M. Wolff, <u>Federal Jury Practices and Instructions</u> 73.01.
[2] *Id.*

it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results form innocent error or intentional falsehood. [3]

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves. [4]

You may, in short, accept or reject the testimony of any witness in whole or in part. [5]

A witness may be discredited or impeached by contradictory evidence; that is, by other evidence that you accept which is contrary to what he [or she] has testified. [6] Showing that he [or she] testified falsely concerning a material matter of fact may also impeach him [or her].[7] Or he [or she] may be impeached by evidence that some other time he [or she] has said or done something or has failed to say or do something which is inconsistent with the witness's testimony here in this courtroom. [8] If you believe that any witness has been impeached and thus discredited, then it is you exclusive province to give the testimony of that witness just such credit or weight, if any, that you think it deserves. [9]

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] See generally, *Id.* At 73.04.
[7] *Id.* At 73.07.
[8] *Id.* At 73.05.
[9] *Id.*

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**IMPEACHMENT BY PLAINTIFF'S CONVICTION**

You have heard evidence that plaintiff was convicted of the crimes of Aggravated Robbery, Having a Weapon Under a Disability, and Carrying a Concealed Weapon. In weighing the credibility of a witness, you may consider the fact that the plaintiff was convicted of those crimes. The fact that a witness was convicted of a crime does not necessarily destroy the witness' credibility. It is, however, one of the circumstances you may take into account in assessing the witness' credibility and, therefore, in determining the weight to give to his testimony.

Authority:

Drafted by the authors. See also Fifth Circuit Pattern Jury Instructions for Civil Cases, §2.17; Eighth Circuit Manual of Model Jury Instructions Civil 2.09; Eleventh Circuit Pattern Civil Jury Instructions 4.2.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### 42 U.S.C. §1983

Title 42 U.S.C. §1983, the Federal Civil Rights Law under which the Plaintiff sues in this case, provides that a person may seek relief in this Court for damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Inmates who are incarcerated in a state penal institution are protected by the Eighth Amendment to the United States Constitution. The Eight Amendment to the Constitution of the United States prohibits "cruel and unusual punishment." The Plaintiff claims that the Defendants violated his rights under the Eighth Amendment to the Constitution of the United States by subjecting him to cruel and unusual punishment. The Defendants deny that they violated the Plaintiff's Eighth Amendment rights.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**ESSENTIAL ELEMENTS**

In order to establish his claims for a violation of 42 U.S.C. §1983, the Plaintiff must prove by a preponderance of the evidence the following facts:

First, that Defendants Forrest Hunt, III, Anthony Gannon and Jerry Wells, while acting as duly authorized prison officials, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by the use of excessive force upon Plaintiff;

Second, that Defendants acted under color of state law; it is undisputed that Defendants were acting under color of state law with regard to the actions raised in this lawsuit; and

Third, that the alleged excessive force caused damage to Plaintiff.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>EXCESSIVE FORCE CLAIM</u>

The Eighth Amendment prohibition against cruel and unusual punishment governs Plaintiff's claim of excessive force.  Only the unnecessary and wanton infliction of pain upon an inmate in a penal institution constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

In order to find for the Plaintiff on this claim, you must first find that he has proven by a preponderance of the evidence that Defendants used force against him.  Then you must find by a preponderance of the evidence that the force used was excessive.  To show excessive force, Plaintiff must prove that the force was applied maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.  In determining the amount and necessity of force, you may consider:  the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a reasonable effort to maintain or restore discipline, or whether force was applied maliciously and sadistically for the very purpose of causing harm.

"Malicious" is defined as the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict harm and injury or under circumstances that the law will imply an evil intent.

"Wanton" means perverseness exhibited by deliberate and uncalled for conduct, which is disregardful of rights and an unjustifiable course of action, sadistic, with excessive cruelty.

"Sadism" means engaging in extreme or unusual cruelty and delighting in that cruelty.

"Pain" means more than momentary discomfort.  The fact that Plaintiff may have experienced pain as the result of injury is not compensable if the amount of force used under the circumstances was necessary.  If, however, the force used against the Plaintiff to inflict pain was

unnecessary and wantonly applied, the fact that he experienced pain as a result of his injuries is compensable.

The Eighth Amendment does not prohibit the use of reasonable and necessary force even though such force may result in injury where a prison security measure is undertaken. A guard in a penal institution has a right and a duty to take all necessary precautions and to use force if necessary to maintain order and to defend himself. He does not have the right to use more force than under the circumstances was reasonably necessary.

A serious or permanent injury is not a prerequisite to a claim under 42 U.S.C.§1983. In determining whether or not a constitutional violation has occurred, all the facts and circumstances surrounding the application of force must be scrutinized and weighed. A prisoner alleging an Eighth Amendment violation need not prove that he suffered a serious physical injury. Rather, he must demonstrate that the infliction of pain was unnecessary, malicious, sadistic, and wanton.

To determine whether the Plaintiff has proven his claim of "cruel and unusual" punishment and should be compensated for his injuries, you shall consider the reason or motivation for the conduct of Defendants Forrest Hunt, III, Anthony Gannon and Jerry Wells and the type of force used, and whether it was excessive, taking into account the prison setting.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### DE MINIMIS USES OF FORCE

You are instructed that not every intrusion on a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation. The maintenance of prison security and discipline often require that a prisoner be subjected to physical contact which at common law would be actionable as an assault or battery. De minimis uses of physical force, provided that they are not of a sort repugnant to the conscience of mankind, are excluded from constitutional recognition under the Eighth Amendment. Force that is repugnant to the conscience of mankind is force, which is applied maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### PROXIMATE CAUSE

A party who seeks to recover for damages sustained must prove that those damages were proximately caused by the Defendant's violation of the law. Proximate cause is an act or failure to act which in the natural and continuous sequence directly produces the harm and without which it could not have occurred. Cause occurs when the harm is the natural and foreseeable result of the act or failure to act.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### <u>DAMAGES – GENERAL</u>

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a direct result of the acts of the defendants.

Authority:

E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions </u>'85.14

(1987)

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**COMPENSATORY DAMAGES**

If you find by a preponderance of the evidence that the plaintiff's constitutional rights were violated, you may award as compensation therefore such sum of money as you may determine.  Compensatory damages are intended to make a plaintiff whole for any loss that he might have suffered because of the acts of the defendants.

Your award, if any, should be considered as full and just compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages are not intended as punishment and cannot be imposed or increased to penalize the defendant.  Damages cannot be based on speculation or possibility.  Only actual damages are recoverable.

Authority:  *Knapp v. Whitaker*, 757 F.2d 827 (7th Cir. 1985)

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>PUNITIVE DAMAGES</u>

Punitive damages may be awarded for some acts.

Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts.[10]

For the plaintiff to recover punitive damages, he must show by a preponderance of the evidence, egregious conduct by the defendant or willfulness or malice.[11]

Actual malice may take either the form of the defendant's express ill will, hatred or spirit of revenge, or the form of reckless, willful or wanton behavior which can be inferred from surrounding circumstances.[12]

The malice must have existed at the time of the acts in question but its existence may be inferred from conduct and surrounding circumstances.[13]

Whether or not to make any award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury, but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for actual or compensatory damages.  And you should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.[14]

---

[10] *Tibbs v. Constructions Corp.*, 52 Ohio App.2d 281 (1977)
[11] *Wolfel v. Bates*, 707 F.2d 932, 934 (6th Cir. 1983)
[12] *Detling v. Chockley*, 70 Ohio St.2d 134, 137-138 (1982)
[13] *Davis v. Tunison*, 168 Ohio St. 371 (1959)
[14] E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> 85.19 (1987)

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### <u>MULTIPLE DEFENDANTS</u>

Although there are three (3) named defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant is entitled to a fair and separate consideration of his own defense, and your decision regarding each defendant is not to be affected by your decisions with respect to the other defendants.

Authority: Devitt, Blackmar and Wolff, 4 <u>Federal Jury Practice and Instructions,</u> 71.06 (4th Ed. 1987). Ohio Jury Instructions '5.92.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Authority:

E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> '74.02 (1987)

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>UNANIMOUS VERDICT – DUTY TO DELIBERATE</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of facts.  Your sole interest is to seek the truth from the evidence in the case.[15]

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

Two forms have been prepared for you to use in recording your decisions.  The first is a general verdict form.  On this form, there are spaces to indicate your verdict on the Plaintiff's claims against the Defendants.  You should return a verdict as to each Defendant.

The second form contains interrogatories, or written questions, about some of the issues in this case.  These questions are to be answered "yes" or "no."  You should answer every question on this second form. (except where the form indicates otherwise.)  Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.[16]

---

[15] *E. Devitt, C. Blackmar, and M. Wolff, <u>Federal Jury Practice and Instructions</u> 74.01 (1987)*
[16] L. Sand, J. Siffert, S. Reiss, J. Sexton, and J. Thorpe, <u>Modern Federal Jury Instructions</u> 78.01 (1986)

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### <u>FOREPERSON</u>

When you arrive in the jury room, your first order of business will be the selection of a foreperson to preside over your deliberations and speak for you here in open court.

The foreperson acts as the chairperson of the meeting. He or she must see to it that the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

### <u>EXHIBITS</u>

The exhibits which have been admitted into evidence will go to the jury room with you. You may not alter, mark, or destroy any exhibit. Your deliberations and verdict must be based solely upon the evidence received in open court. You may not, therefore, conduct any independent experiment, test, or analysis with any of the exhibits.

Authority:

E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> '74.02

(1987)

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**PROCEDURE WHEN VERDICT REACHED**

When you have reached your verdict and have filled out, signed and dated the verdict forms, the foreperson of the jury shall notify the Courtroom Deputy that the jury has reached its verdict.

Never reveal to anyone exactly how the jury stands, numerically or otherwise, until it comes time for you to return to court with a complete verdict.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY RIGGINS,                    :

     Plaintiff,                     :    Case No. C-1-01-503

     v.                             :

HAROLD CARTER, et al.,              :    JUDGE DLOTT

     Defendants.                    :    **SPECIAL INTERROGATORIES**

We, the jury, unanimously find:


1.  Did Plaintiff Riggins prove by a preponderance of the evidence that Defendants

    Forrest Hunt, III, Anthony Gannon and Jerry Wells, in the performance of their

    duties, used excessive force upon Plaintiff in violation of Plaintiff's constitutional

    right to be free from cruel and unusual punishment as defined in these

    instructions?


Forrest Hunt III

Yes _____                         No _____

Anthony Gannon

Yes _____                         No_____

Jerry Wells

Yes_____                          No_____

<u>IF YOU ANSWER "NO" TO ALL OF THE ABOVE QUESTIONS, YOU MAY</u>

<u>STOP.</u>

2.  If you answered "Yes" in Question 1, did Plaintiff, Anthony Riggins, prove by a

preponderance of the evidence that Defendants' actions caused damages to plaintiff?


Forrest Hunt III

Yes _____                    No _____

Anthony Gannon

Yes _____                    No_____

Jerry Wells

Yes_____                     No_____

IF YOU ANSWER "NO" TO ALL OF THE ABOVE QUESTIONS, YOU MAY

STOP.

3.  If you answered "Yes" to Question 2, what if any, actual or compensatory

   damages did Defendants' cause?

                                    $_____


4.  If you answered "Yes" in Question 1 and "none" to Question 3, you must award

   nominal damages.  What nominal damages did defendants cause?


                                    $_____

5.  If you answered "Yes" in Question 1 and awarded damages in either Question 3

   or Question 4, what, if any, punitive damages are warranted?


                                    $_____

## JURORS' SIGNATURES

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____