UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S OBJECTIONS** |
| HAROLD CARTER, et al., | : | **TO DEFENDANTS' EXHIBITS** |
| | : | |
| Defendants. | : | |

Plaintiff objects to three of Defendant's Exhibits and a potential set of photographs.

"**Mental Health File of Inmate Anthony Riggins**"

Defendants have not numbered this exhibit. However in the Final Pretrial Order Defendants listed DX 2004 as "Mental and physical Health Records for plaintiff." Defendants produced their exhibit book yesterday but did not include any mental health records, only a notation that the "file is too voluminous to include in binder, both Plaintiff's and Defendants' counsel are in possession of copies." Plaintiff objects to this exhibit because Defendants have not produced copies of those pages of the mental health record which Defendants think are relevant. If Defendants plan to introduce Mr. Riggins' entire mental health file, Plaintiff further objects to the relevancy of his mental health records. Plaintiff's testimony regarding damages will be limited to the fear and emotional distress he suffered at the time of the beating. Records that do not address this evidence are irrelevant. Since it is unclear what Defendants seek to introduce, Plaintiff objects to all mental health records.

"**Medical Health File of Inmate Anthony Riggins**"

Defendants have not numbered this exhibit. However in the pre-trial order Defendants listed DX 2004 as "Mental and physical Health Records for plaintiff." Defendants have not produced the exhibits in their exhibit book and made the same notation about "voluminous" records as noted above. Plaintiff did produce in his PX 1025 those pages of Plaintiff's medical records that relate to his injuries. To the extent that Defendants plan to produce additional medical records, Plaintiff objects on the basis of relevancy.

"**RIB of Inmate Anthony Riggins**"

This exhibit is not numbered or labeled, nor was it listed in the Final Pretrial Order. Again, Defendants have not produced a copy in their exhibit book because the file is too "voluminous" to include in the binder. Defendants state that Plaintiff's counsel is in possession of copies of the RIB file. However, Plaintiff does not have a copy of the complete file. While Plaintiff subpoenaed Plaintiff's master file, Plaintiff had copies made of only the records related to the May 12, 2000 incident (PX 1029). Plaintiff did not make copies of the irrelevant remaining RIB records. Therefore, Plaintiff objects to whatever RIB (rules infraction board) records Defendants' plan to introduce when the individual records have not been identified or produced. Furthermore, Plaintiff objects to these records being made exhibits for the reason contained in Plaintiff's motion in limine, which is incorporated herein by reference (Doc. 75).

**Potential Photographs**

On Friday, November 7, 2003, Counsel for SOCF, informed Plaintiff's counsel that new photographs were being produced electronically. Before producing the

photographs, a protective order was requested.  The Court signed the protective order today, and the parties are expected to receive copies of these photographs tomorrow.  Plaintiff believes that some of the photographs depict the holding cell in J2 block where Plaintiff was taken **after** the assault.  Furthermore, the photographs were taken by SOCF or Defendants recently and are therefore not accurate depictions of the cell on May 12, 2000.  Plaintiff objects to any of these photographs being introduced at trial because the photographs are irrelevant.  Additionally, Plaintiff objects to the photographs since they are being produced two business days before trial and well after the discovery cutoff.

       For the foregoing reasons, Plaintiff respectfully requests that these exhibits be excluded.

       Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 12, 2003, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S.

mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

s/ Jennifer L. Branch
Attorney for Plaintiff
