# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY RIGGINS,** | : | **Case No. 1:01-CV-503** |
| | : | |
| **Plaintiff,** | : | **Judge Dlott** |
| | : | |
| **vs.** | : | |
| | : | **PLAINTIFF'S OBJECTIONS** |
| **FORREST HUNT, et al.,** | : | **TO DEFENSE EXHIBITS Q-V,** |
| | : | **and XYZ** |
| **Defendants.** | : | |

On Friday, November 14, 2003, Defendants produced to Plaintiff their revised exhibit book. Plaintiff objects the Defense exhibits Q – V, and XYZ for several reasons.

First, the exhibits were never produced in discovery. In October 2002, Plaintiff requested all exhibits or documents that would be introduced at trial in his request for production of documents. Defendants produced none of these records in response to Plaintiff's discovery requests. Second, these exhibits were never identified in Defendants' exhibit list in the final pre-trial order. Defendants' last minute production of exhibits, literally on the eve of trial, in violation of the initial disclosure rules, discovery rules, and this Courts' own trial rules, should be sufficient reason to exclude this evidence.

More importantly, however, these exhibits are irrelevant to any defense in this case. Additionally, some are so prejudicial, confusing to the jury without expert testimony, or misleading to the jury, they should be excluded under FRE 403. Others are improper character evidence under FRE 404(b).

**Q – "Notice of intent to sue"**

These three informal complaints made by Plaintiff four months prior to the incident in this case, regarding conditions of confinement are irrelevant under FRE 401 and therefore inadmissible under FRE 402.

**R- "Documents showing desire to transfer"**

These 26 documents include informal complaints and psychological records that do not relate to the incident in this case and are therefore irrelevant. All but four are dated before the incident; some as old as nine years prior. They include psychological records that are confidential under the protective order and are irrelevant to this case. Defendants have never identified a witness in discovery or in the final pretrial who can interpret or testify to the psychological records. Without an expert, miscellaneous psychological pages plucked from a complex psych file are misleading and prejudicial.

The four records dated after the incident include an informal complaint about COs harassing Riggins and a request two years later for protective custody. None of these records relate to the liability of defendants or damages in this case and therefore are irrelevant and inadmissible.

**S- Attempts to Establish Relationships**

These 30 pages of psychological records, kites, and disciplinary records are all being used improperly to show Plaintiff's character in contravention of FRE 404 (b). Defendants have labeled these records in such a way to show "motive" but they are in fact nothing more than papers from his master file which show he is disrespectful to female staff. Such a "motive" is not relevant to prove any issue in this case. Therefore

the records should be excluded for the same reasons raised in Plaintiff's motion in limine on RIB records.

Additionally, for the same reasons the Court exclude Plaintiff's exhibits PX 16-18 (ODRC refusal to represent Defendants), for being more prejudicial than probative, these records would also fail the FRE 403 balancing test.

## T- Assaultive Behavior

While the Court stated at the pre-trail that it would consider admitting evidence of Plaintiff provoking a fight with officers, none of these records purport to show such "motive." These 25 pages of conduct reports should be excluded for the same reasons Plaintiff raised in his motion in limine. Contrary to the label defendants put on these records they are not documents of "assaultive behavior." They are merely a means to attack plaintiff's character in violation of FRE 404 (b). Many of these records are from over 10 years ago.

T-2 is a hearing record, not a conviction record, regarding being assaultive toward staff dated October 1, 1991. This record is not complete, is not a conviction, and is more than 10 years old. Therefore, it should be excluded under FRE 404(b) and 609 (b). Furthermore, there is no evidence this "assaultive behavior" was relevant to any issue in this case.

T-3, T-11, T-12, T-13 are incomplete conduct reports from April 1991 regarding Riggins striking someone. This record should be stricken for the same reasons as T-2.

T-8, T-14, T-17 are all after the incident.

T-18 and T-15 are summaries of Riggins' behavior which do not show he is assaultive toward officers and therefore are more attempts to show improper character evidence.

**U – Spitting and Bodily Fluids**

These 22 pages should be excluded for the same reasons as Exhibits S. They are an attempt to introduce character evidence. Furthermore, they are irrelevant since there is no allegation of spitting or throwing body fluids in this case.

**V- Food & Food Trays**

V-1 is an incomplete conduct report, not a conviction, from 1991 about throwing a food tray on the floor. This is not relevant or probative of any issue in the case. There is no allegation Mr. Riggins kept his food tray for any purpose other than to eat the food if he did not get another tray. For all the previous reasons this document should be excluded.

The remaining conduct reports should be excluded for the same reasons given in Plaintiff's motion in limine.

**XYZ- Note showing limp /shorter leg**

The label on the exhibit – that it shows he has a limp and shorter leg is not an issue in this case and therefore is irrelevant. Plaintiff suggests this document is really being introduced to prejudice, mislead and confuse the jury about Mr. Riggins psychological problems. This is a one page psych record which contains a prejudicial and confusing summary of Mr. Riggins' psychological problems. Defendants have listed no expert witness to interpret this record, lay a foundation, let alone establish its relevancy. Therefore, the exhibit should be excluded.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically, including:

R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662

s/ Jennifer L. Branch
Attorney for Plaintiff