FILED
KENNETH J. MURPHY
CLERK

03 NOV 18 AM 8:29

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY RIGGINS, | Case No. C-1-01-503 |
| Plaintiff, | |
| -vs- | JUDGE DLOTT |
| FOREST HUNT, et al., | SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE |
| Defendants. | |

On October 16, 2003, Defendants filed a Motion in Limine requesting an ORDER from this Court precluding the plaintiff from introducing into evidence the following exhibits:

PX 1004, Use of Force Report dated May 12, 2000
PX 1005, Use of Force Report dated October 11, 2000
PX 1006, the Ohio Highway Patrol Report
PX 1016, ODRC Report Regarding Representation for Forest Hunt
PX 1017, ODRC Report Regarding Representation for Anthony Gannon
PX 1018, ODRC Report Regarding Representation for Jerry Wells
PX 1022, Grievance and Discipline Records for Forest Hunt
PX 1023, Grievance and Discipline Records for Anthony Gannon
PX 1024, Grievance and Discipline Records for Jerry Wells

Defendants state that admitting the above stated reports and records will highly prejudice the defendants by misleading the jury into believing that the Defendants are liable. The reports were completed for internal administrative purposes. In fact, the first use of force committee found that "no unnecessary force was used." In addition, the second use of force committee did not find excessive use of force. Further, the jury may erroneously believe that the denial of representation was based upon the use of excessive force rather than for any other reason.

Defendants further assert that the reports (PX 1004-1006 and PX 1016-1018) should not be admitted pursuant to OHIO REV. CODE §109.365, which states as follows:

Information obtained by the attorney general pursuant to his investigation to determine whether to defend an officer or employee is privileged and is not admissible as evidence against the officer or employee in any legal action or proceeding and no reference to the information may be made in any trial or hearing. The decision of the attorney general to defend or not defend an officer or employee is not admissible as evidence in any trial or hearing. This section does not apply to any trial or hearing to determine the right of an officer or employee to reimbursement pursuant to section 109.364 [109.36.4] of the Revised Code or to any trial or hearing held as a result of an action filed pursuant to division (F) of section 9.87 of the Revised Code.

Pursuant to the above stated statute, the reports regarding representation of Defendants, use of force and highway patrol reports should clearly not be admissible as evidence. Said reports were obtained by the attorney general "pursuant to [her] investigation to determine whether to defend officer(s);" therefore, the reports are not admissible as evidence in any trial or hearing. Additionally, the decision not to defendant the defendants are clearly not admissible in any trial or hearing.

The plaintiff relies upon Ronald Combs, et al., vs. Reginald Wilkinson, et al., 315 F.3d 548 (6th Cir. 2002) for the proposition that the Use of Force reports should be admissible. Defendants state that the reliance upon Combs, *id.*, is misplaced. In Combs, the Sixth Circuit Court of Appeals reversed a District Court's decision in which it struck an ODRC report of the Use of Force Committee. The Sixth Circuit Court of Appeals' reversed the district court relying upon Fed. R. Evid. 803(8) stating that the use of force report was a "public record and reports" exception. However, a sufficient foundation must still be laid in order to apply the public records and reports exception. In Combs, the chairperson of the Use of Force Committee testified in the trial in order to lay the foundation for the application of the public records and reports exception. In the case *sub judice,* the chairperson of the first Use of Force Committee was William R. (Randy) Skaggs while the chairperson of the second Use of Force Committee was Jim Goodman. Neither Randy Skaggs nor Jim Goodman has been disclosed to the

defendants as witnesses. The plaintiff cannot now call Randy Skaggs and Jim Goodman as witnesses at this late date. As this Court has stated, a trial will not occur by "ambush."

In addition, the Combs court states that the district court "may still exclude the report" if [it] "finds that the 'sources of information or other circumstances indicate lack of trustworthiness.'" The first use of force report was completed on or about May 22, 2000. In said report, the committee found that "no unnecessary force was used." Extrinsic evidence will be necessary demonstrating the true reasons for the convening of the second use of force committee. The sources of information for the second use of force committee lack trustworthiness and seem to be serving an agenda of insulating the State of Ohio from liability while exposing Corrections Officers, Hunt, Gannon, and Wells, to liability. The second use of force report agreed with the first committee but the second committee found that "policy and procedure were not followed in this incident."

The probative value of the use of force reports are substantially outweighed by the prejudice that the reports will have upon the defendants. The findings of the second use of force committee with respect to failure to strictly follow procedure will cause a jury to believe that the defendants used excessive force upon the plaintiff even though the findings of the second use of force committee have nothing to do with excessive use of force.

With respect to the grievance and discipline records of the defendants, these records were also produced for administrative purposes. The probative value of the grievance and discipline records is substantially outweighed by the prejudice that will result; the defendant, Hunt, received a one day paid suspension; the defendant, Gannon, received a written reprimand; and the defendant, Wells, received a one day paid suspension. The fact that the defendants were "disciplined" would be used by the plaintiff in such a way to mislead the jury into believing that

defendants used excessive force versus viewing the minor discipline for non-compliance with strict procedure.

For the foregoing reasons, counsel respectfully requests this Court to exclude the above listed exhibits from the evidence to be presented to the jury in this matter.

Respectfully submitted,

_____
R. Tracy Hoover #0039610
Trial Counsel for Defendants
621 Seventh Street
Portsmouth, OH 45662
740/354-1000
Fax: 353-0661

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served upon the following: Jennifer Branch, Trial Attorney for Plaintiff, 617 Vine Street, Suite 1409, Cincinnati, OH 45202 by personal service and upon Marianne Pressman, Asst. Attorney General, Corrections Litigation Section, 140 East Town Street, 14th Floor, Columbus, OH 43215-6001 by personal service on the 18th day of November, 2003.

_____
R. Tracy Hoover #0039610
Trial Attorney for Defendants