IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY RIGGINS,**                          Case No. 1:01-CV-503

    **Plaintiff,**

Vs.                                           JUDGE DLOTT

**FOREST HUNT, III, et al.,**

    **Defendants.**                          **DEFENDANTS'**
                                            **MEMORANDUM CONTRA**
                                            **TO PLAINTIFF'S MOTION**
                                            **FOR MISTRIAL**

    I.    Introduction

After a trial of four (4) days with nine (9) hours and fifty-five (55) minutes of jury deliberations, the jury returned a verdict in favor of all three defendants. Plaintiff is now seeking a mistrial based on a demonstration that defendants' counsel included in her closing argument. For the following reasons, Plaintiff's motion should be denied and the verdict should stand as rendered.

    II.    Standard for Determining Whether Mistrial Should be Granted

The Eighth Circuit in United States v. Michael Dean Melius, No. 97-1237 (8th Cir.) 1997 cited Washington v. Arizona, 434 U.S. 497 (1978) and U.S. v. Davis, 913 F.2d 1305 (8th Cir. 1990) extensively in its decision setting forth guidelines for determining when the declaration of a mistrial is appropriate:

> …retrial has long been permitted where "taking all the circumstances into consideration, there is a manifest necessity for the act [of mistrial]." United States v. Perez, 22 U.S.(9 3 Wheat.) 579, 580 (1824).

The United States Supreme Court has recognized that there are varying degrees of necessity and a "high degree" of necessity must exist before a mistrial is appropriate. Washington, 434 U.S. at 506. However, whether a high degree of necessity exists depends on the circumstances of each case. Id. at 508. At one end of the spectrum, strict scrutiny is appropriate when the basis for the mistrial is the unavailability of government evidence or when there has been government misconduct. Id. At the other extreme is the case where the jury is unable to reach a verdict, a situation in which it has long been the rule that a mistrial is appropriate. Id. at 509. In that situation, the trial judge has broad discretion in determining whether or not manifest necessity exists. Id. "Because possible juror bias falls nearer to the deadlocked jury end of the spectrum of the trial problems which may warrant a mistrial, the district court's decision to declare a mistrial on that ground is entitled to great deference.'" Dixon, 913 F.2d at 1311 (citing Washington, 434 U.S. at 512-14). The deference granted to a district court in determining that "manifest necessity" exists for a mistrial is justified because the trial judge is in a much better position than is an appellate court to evaluate the significance of possible juror bias. Washington, 434 U.S. at 513. ….

While the trial court's decision is entitled to much deference in cases involving possible juror bias, its determination of manifest necessity is not beyond review. The trial court is obligated to use its power to order a mistrial with the "greatest caution." Jorn, 400 U.S. at 481. The trial judge "must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate.'" Id. at 486. "If the record reveals that the trial judge has failed to exercise the sound discretion' entrusted to him, the reason for such deference by an appellate court disappears." Washington, 434 U.S. at 510 n.28. Therefore, in reviewing the district court's decision, we seek assurance that "the district court, in declaring a mistrial, acted responsibly and deliberately, and accorded careful consideration to [the defendants'] interest in having the trial concluded in a single proceeding.'" Dixon, 913 F.2d at 1311 (quoting Washington, 434 U.S. at 516). Consultation with counsel, consideration of alternatives to mistrial, and the amount of time dedicated to the mistrial decision are indicative of whether the trial court acted responsibly and deliberately. See Dixon, 913 F.2d at 1311 (recognizing that "consultation with counsel and consideration of available alternatives are consistent with the exercise of sound discretion"); see also Brady v. Samaha, 667 F.2d 224, 229 (1st Cir. 1981)("A precipitate [sic] decision, reflected by a rapid sequence of events culminating in a declaration of a mistrial, would tend to indicate insufficient concern for the defendant's constitutional protection."). Similarly, if a trial judge acts "irrationally or irresponsibly, his action cannot be condoned." Washington, 434 U.S. at 514 (citations omitted).

In light of the above-cited language, it is clear the granting of a mistrial must be made with the "greatest caution." The plaintiff cites the standard for appellate review of

a ruling for mistrial as abuse of discretion. The above cited United States Supreme Court language gives a more detailed view of how an appellate court determines whether the trial court abused its discretion. The verdict and judgment have already been filed in this Court. At this point, the trial court must determine the degree of necessity of a retrial keeping in mind that it is a "high" degree of necessity that warrants a retrial. Washington, 434 U.S. at 506. The above language gives the trial court a standard upon which to follow when making the requested determination.

    III.    LAW AND ARGUMENT TO SUPPORT DENIAL OF THE MOTION FOR MISTRIAL

In Mayall v. Peabody Coal Co., 7 F.3d 570 (7th Cir. 1993), the Seventh Circuit Court of Appeals held the following:

> [E]ven if statement of law by defendant's counsel during closing argument was error, district court committed no reversible error and did not abuse its discretion in refusing to grant a new trial because of counsel's misstatement….Even if statement of employer's counsel during closing argument in age discrimination suit erroneously stated the law by implying that age discrimination cannot be based on employer's choices among people in protected class, error did not warrant reversal of judgment in favor or employer, considering that overall evidence in favor of employer was overwhelming; moreover, any potential prejudice to plaintiff was lessened substantially by jury instruction that it was jury's duty to apply the law contained in instructions and that arguments, statements and remarks of counsel were not evidence.

The Seventh Circuit Court of Appeals further stated in Mayall, Id., that "[e]ven if the statement had been in error, it does not warrant reversal, as 'improper comments during closing argument rarely rise to the level of reversible error." Probus v. K-Mart, Inc., 794 F.2d 1207, 1210 (7th Cir. 1986).

The jury in the case at bar was given a similar instruction as given by the trial court in <u>Martin v. Cavalier Hotel Corporation, et al.,</u> No. 94-1600 (4th Cir. 1995). The Fourth Circuit Court of Appeals affirmed the district court's denial of defendants' motion for a mistrial based upon misstatements made in opening statement of plaintiff's counsel. The Fourth Circuit Court of Appeals held that the jury was properly instructed that counsel's statements were not "evidence in the case" and were to be disregarded. The Fourth Circuit Court of Appeals found that the court's instruction cured any possible prejudice resulting from counsel's improper remarks to the jury.

In <u>U.S. v. Forrest,</u> 18 F.3d 916 (6th Cir. 1994), the Sixth Circuit Court of Appeals determined that a mistrial was not warranted. The Sixth Circuit Court of Appeals cited <u>United States vs. Ushery,</u> 968 F.2d 575, 580 (6th Cir.), <u>cert. denied,</u> 113 S. Ct. 392 (1992) which stood for the proposition that if a curative instruction is given to remedy the prejudicial statement(s) and if the prejudicial statements are only a small part of the total evidence, then there are no grounds for mistrial.

The plaintiff, inmate Anthony Riggins, has moved for a mistrial on the allegations that defendants' (corrections officers, Hunt, Gannon, and Wells) closing argument unfairly prejudiced the plaintiff's substantial rights to a fair trial. The defendants disagree with plaintiff. The defendants argue that the closing argument was defendants' version of the evidence which was presented to the jury. Defendants state that the re-enactment done in closing argument was indeed accurate and demonstrative of the testimony elicited by plaintiff's counsel at trial. The plaintiff argues that the

demonstration was "evidence;" however, the jury was specifically given instructions to disregard the demonstration.

Assuming *arguendo* that the plaintiff suffered prejudice as a result of defendants' closing argument, the alleged prejudice was corrected when the jury was specifically instructed with the following:

### SUPPLEMENTAL INSTRUCTION TO THE JURY
### November 21, 2003

Members of the jury, during Defendants's closing argument, there was a demonstration by the Defendants and their counsel. I have determined that the demonstration should be struck from the record. Therefore, you must disregard the demonstration during your deliberations, and you may not permit the demonstration to influence your verdict in this case.

It was not until the jury had a question regarding the meaning of "under the color of state law," that the plaintiff even requested a curative instruction. The jury then received the supplemental instruction prior to rendering its unanimous verdict in favor of the defendants.

In addition, the jury had previously received the following instruction with respect to arguments of counsel:

### CONSIDERATION OF THE EVIDENCE

…The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record and any facts to which all the lawyers have agreed or stipulated.
Remember that any statements, objections, or arguments made by the lawyers are not evidence in this case. The function of lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

This instruction was similar to the one given in <u>Mayall,</u> supra.  The above stated instruction specifically instructed the jury that arguments are not evidence.  The jury instruction specifically instructed the jury that "…[t]he function of lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice."  The Supplemental Instruction specifically instructed the jury to disregard the demonstration.    Considering the instructions which were given to the jury, any prejudice sustained by the plaintiff was corrected.

Next, in <u>Burnett vs. Quaker Oats Co.,</u> 289 F.Supp. 280, plaintiffs moved for a new trial based on the fact that the jury was influenced by partiality, passion, prejudice, or some misconception of the law or material evidence.  The district court overruled the motion for the new trial in that the plaintiffs offered no showing of the manner in which the jurors may have been influenced against them.  …There appeared to have been no undesirable or pernicious element which had occurred or had been introduced into the trial, and it would constitute reversible error for the trial judge now to grant a new trial…

In the case at bar, testimony was given by defendants, Jerry Wells and Anthony Gannon, the plaintiff, Anthony Riggins, the former warden, Harold Carter, Lieutenant Carl Distel, Mona Parks (a nurse from the correctional institution), and an inmate, Daryle Harris.  Evidence of plaintiff's medical records was suppressed.  Said evidence showed that he had actually injured his hand (fifth finger) years before the alleged incident; evidence was also suppressed regarding plaintiff's desire to be transferred from the correctional institution immediately prior to the alleged incident;  further, evidence was also suppressed regarding plaintiff's assaultive nature with respect to prior assaults upon

officers. On the other hand, all evidence regarding defendants' use of force committee reports was admitted over defendants' objections. Even evidence of a CVSA (stress analyzer) test/ polygraph test was allowed over defendants' objections. The plaintiff's counsel first mentioned the test in the rebuttal of his closing argument. At no time was a CVSA test mentioned during testimony. The jury was presented all evidence which was favorable to the plaintiff. The plaintiff cannot in good conscience complain that he did not substantially receive a fair trial.

Plaintiff further contends that defendant, Hunt, did not testify during the trial thereby concluding that Hunt's actions in the demonstration thus became evidence. However, plaintiff's own exhibit 1029 included Forrest E. Hunt III's facts of the incident. Said exhibit was admitted into evidence at the request of the plaintiff's counsel. Defendant Hunt's actions in the demonstration reflected the report which was admitted into evidence. The defendants Gannon and Wells also testified to Hunt's actions.

In addition, plaintiff argues that the actions in the demonstration were inaccurate. It is true that the actions did *not* mirror the plaintiff's version of the facts; the actions *did, however,* accurately demonstrate the defendants' version of the facts in the light most favorable to the defendants. Is not this the purpose of a closing argument? The above stated instruction which was given to the jury regarding "Consideration of the Evidence" specifically instructs a jury that arguments are not evidence and that the function of lawyers is to point out those things that are most significant or most helpful to their side of the case.

Plaintiff also complains that defendant Wells did not actually use a PR-24 in the demonstration; however, defendant Wells pantomimed using a PR-24 during the

demonstration.

Lastly, the plaintiff contends that the demonstration was "shocking" in that it "took place a few feet from the jurors," was unexpected, violent and loud. The demonstration took place in the taped off "cell" which plaintiff's counsel had previously laid on the courtroom floor. It was the plaintiff's choice where the cell had been laid. Defendants used what plaintiff had already provided for the jury. In fact, plaintiff's counsel had Jerry Wells walk up to the taped off "cell" and demonstrate some actions. The actions in the closing argument of the defendants mirrored the testimony given by defendants, Jerry Wells and Anthony Gannon, and the statement admitted into evidence of Forrest Hunt, III. None of the demonstrators spoke a word or made any noise. Plaintiff's reading into the record of the demonstration being violent and loud is completely inaccurate.

IV.   CONCLUSION

The Defendants respectfully request this Court to deny the plaintiff's motion for mistrial. The verdict and judgment has already been filed. Black's Law Dictionary defines a mistrial as follows:

> An erroneous, invalid, or nugatory trial. A trial of an action which cannot stand in law because of want of jurisdiction, or a wrong drawing of jurors, or disregard of some other fundamental requisite before or during trial. Trial which has been terminated prior to its normal conclusion. The judge may declare a mistrial because of some extraordinary event (e.g. death of juror, or attorney), for prejudicial error that cannot be corrected at trial, or because of a deadlocked jury.

In this case, the trial has already proceeded to its normal conclusion; there has been no extraordinary event; and the verdict was unanimous in favor of the defendants.

Any prejudicial error that may have occurred was corrected by the supplemental jury instruction that was given to the jury. As the above stated law and facts demonstrate, it would be reversible error at this point to grant a mistrial as there was no "high degree of necessity" to warrant a retrial.

                                      Respectfully submitted,

                                      s/Marie Hoover
                                      Marie Moraleja Hoover #0063254
                                      Attorney for Defendants
                                      621 7th Street
                                      Portsmouth, Ohio 45662
                                      (740) 354-1000
                                      Fax: (740) 353-0661

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served upon Jennifer L. Branch and Alphonse A. Gerhardstein by e-mail at Jbranch@laufgerhard.com and agerhardstein@laufgerhard.com and to Marianne Pressman by e-mail at mpressman@ag.state.oh.us on this 5th day of December, 2003.

                                      s/Marie Hoover
                                      Marie Moraleja Hoover #0063254
                                      Attorney for Defendants