UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S REPLY** |
| FORREST HUNT, et al., | : | **MEMORANDUM IN** |
| | : | **RESPONSE TO DEFENDANTS** |
| Defendants. | : | **MEMORANDUM CONTRA TO** |
| | | **MOTION FOR MISTRIAL** |

Plaintiff orally moved for a mistrial on November 20, 2003 and filed a supportive memorandum on November 23, 2003 (Doc. 106). Subsequently, Plaintiff filed a motion for new trial (Doc. 107). Plaintiff incorporates by reference the motion for new trial herein.

In their opposition to the mistrial, Defendants cite two Sixth Circuit cases for support of their argument that a mistrial is not warranted. Each case, however, supports a mistrial in the case at bar. In *U.S. v. Forrest*, 17 F.3d 916 (6th Cir. 1994) the court affirmed the trial court's denial of a motion for mistrial even though the facts raised a close question. The Court summarized when a mistrial was *not* warranted: where the offending information was not solicited; the limiting instruction was immediate, clear, and forceful; there was no bad faith by counsel; and the offending information was only a small part of the evidence. *Id*. at 920 (citations omitted). The Court thus implied that in a case, like the case a bar, where the information was solicited, there was no immediate, clear, and forceful instruction, there was attorney bad faith, and the offending evidence was a major part of the case, a mistrial should be granted.

In *Forrest*, the court had previously ruled that the defendant's prior felony convictions were inadmissible. During the prosecution's rebuttal case, an agent twice "blurted out" defendant had previously been incarcerated. The court clearly and immediately admonished the jury to disregard the testimony the first time. Defense counsel declined a second admonition so as not to draw further attention. The Sixth Circuit found this to be a close case but nonetheless affirmed because there was ample evidence on which to rest the conviction and the prosecutor had not solicited the offending testimony. *Id*.

However, the *Forrest* Court reflected on the evidence that was <u>supportive</u> of a mistrial. While the prosecutor did not solicit the testimony that was "blurted out," the court noted the agent had been instructed not to mention the offending information and found the blurting "anything but accidental." In the case at bar, unlike *Forrest*, both defense attorneys soliciting the inadmissible demonstration (one failing to narrate and the other demonstrating outside the narration). In addition, unlike *Forrest*, there was no clear and immediate admonishment to the jury. In a close case like *Forrest*, these two factors would have been enough to tip the balance toward a mistrial.

Likewise in *U.S. v. Ushery*, 968 F.2d 575 (6th Cir. 1992), a mistrial was not necessary when a one sentence reference to a prior conviction was merely "a passing reference;" the evidence was only a small part of the evidence; and an immediate curative instruction was given. In the case at bar, the demonstration was the heart of defendant's case given the fact that Hunt never testified and Wells and Gannon only were cross examined. And while the demonstration may have been short, it in no way can be described as a "passing reference" when it was made in front of the jury within in

minutes of their deliberating. This Court should follow *Forrest* and *Ushery* and order a mistrial.

Defendants also argue that the trial was fair because the court "suppressed" defendant's evidence and permitted Plaintiff's evidence. No evidence ruling, other than the admission of the demonstration during trial, is at issue in the mistrial. For Defendants to argue that "plaintiff cannot in good conscience complain that he did not substantially receive a fair trial" is off the mark. (Doc. 106 p. 7). A fair trial is not measured by how much of plaintiff's evidence is admitted and how much of defendants' evidence is not. In this case, plaintiff was denied a fair trial because the defendants' demonstration in closing argument was not argument, but evidence, including evidence not admitted[1] and not subject to cross examination. Therefore, Plaintiff was denied a fair trial and this Court should declare a mistrial.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

---

[1] Defendants state on p. 7 of their brief that while Hunt did not testify at trial, his version of the facts were admitted through PX 1029. Defendants are mistaken. The "ticket" (PX 1029 p.1) written by Hunt was not admitted. Only PX 1029 pages 3, 14, and 18 were admitted.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                              s/ Jennifer L. Branch
                                              Attorney for Plaintiff