UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MOTION FOR** |
| FORREST HUNT, et al., | : | **SANCTIONS AND** |
| | : | **MEMORANDUM IN SUPPORT** |
| Defendants. | : | |

**MOTION**

Pursuant to 28 U.S.C. § 1927, Plaintiff respectfully moves this Court for sanctions, including reasonable attorney fees, against defense Counsel for seeking a continuance of the March 31, 2003 original trial date for what appear to be false reasons.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

This motion seeks sanctions for the improper delay of the trial of this matter. The trial was set for March 31, 2003 and Mr. Hunt was available for trial. One week before trial, however, his counsel incorrectly told this court that Mr. Hunt was in Panama and would be at trial time. As a result, needless trial preparation was pursued by Plaintiff's counsel and the Court and the entire docket of civil cases was unnecessarily delayed. Therefore, sanctions should be imposed.

**II.    FACTS IN SUPPORT OF SANCTIONS**

This Court set this case for trial on March 30, 2003. At the final pretrial conference February 28, 2003, defense counsel Marie Hoover indicated to the Court that that Defendant Hunt, who was not present at the pre-trial, was a member of the military

and had been "activated." On March 25, 2003, defense counsel filed a motion for a continuance on the grounds that:

> Mr. Hunt is a member of the armed services of the United States; and his unit has been activated. Mr. Hunt has conveyed to counsel that he is in Panama. His return date is tentatively scheduled for April 21, 2003; however this is subject to change depending on directives from superior officers and of course, the events of the current war.

(Doc. 63). The Court granted the continuance. (Doc. 64). On April 14, 2003 defense counsel filed a status report stating that Defendant Hunt is currently on active military duty and that "he is stationed in Panama" and is scheduled to return home after Easter. (Doc. 65). On May 14, 2003 defense counsel stated in a status report that Mr. Hunt had returned home to Ohio. (Doc. 66).

Mr. Hunt confirmed his counsel's assertions. On September 17, 2003, at the continuation of his deposition, Mr. Hunt testified under oath that he was in Panama for "a little over two months." Hunt Depo Vol. II p. 48.

Plaintiff's counsel, having no cause to doubt defense counsel or Mr. Hunt accepted these assertions. However, on November 12, 2003, three work days before trial, Defense Counsel submitted their trial exhibits[1] to Plaintiff's Counsel which included what appeared to be a military document recommending Mr. Hunt for an award. (Ex. A). The document references Mr. Hunt's Army National Guard service from April 4, 2003 through April 20, 2003. The document indicates that he was doing his annual training in Chillicothe, Ohio, not Panama. If this document is correct, then Mr. Hunt was not "called to duty;" he was not in Panama; and the dates of his service did not conflict with the trial

---

[1] On November 13, 2003, Defense counsel submitted a separate set of exhibits to the court which did not contain this document.

2

dates.[2]  Nor was he in Panama for two months, contrary to his deposition testimony. Indeed, the documents indicate that Mr. Hunt volunteered for service for the week before his training dates, which would be the very dates he should have been in court.  See Ex. A box 20 "achievement #1."

In response to this exhibit, defense counsel were sent a "Rule 11 letter" on November 13, 2003 (Exhibit B), to which they have never responded.  Since Defendant Hunt did not testify at trial (thus avoiding cross examination on this point) counsel waited until the expiration of the Rule 11 "safe harbor" period[3] for Defendant's response before filing this motion for sanctions.  Out of an abundance of caution, Plaintiff's counsel placed telephone calls to the Ohio National Guard, which confirmed that Mr. Hunt was not stationed in Panama and that his dates of service did not conflict with the trial dates.

Having a good faith belief that Mr. Hunt and his counsel mislead this court into granting a continuance of the March 31, 2003 trial date, thus delaying trial and protracting this litigation for eight months, Plaintiff now moves for sanctions.

### III.     ARGUMENT

Attorneys are liable for excessive costs when they multiply the proceedings.  The United States Code states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[2]  Trial was set for a four day trail March 31, 2003 through April 3, 2003 (See FPTO).
[3]  A Rule 11 motion cannot be filed until 21 days have expired from alerting counsel to the motion. Since judgment was entered prior to the safe harbor period expiration counsel is precluded from filing a Rule 11 motion.  *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).  A Rule 11 motion for sanctions is no longer an appropriate remedy since judgment has been entered.  The only proper remedy post judgment is through 28 U.S.C. § 1927. *Id*.  No safe harbor period is required under 28 U.S.C. § 1927. *Id*.

3

28 U.S.C. § 1927.  "Vexatious behavior has been defined as conduct 'lacking justification and intended to harass.'"  *Voss v. USS Great Lakes Fleet, Inc.*, 1994 WL 443551 (6th Cir. 1994) (copy attached), quoting from *U.S. v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976).  In *Ross*, defendant's attorney failed to show up at the jury trial because he thought another attorney was representing the defendant.  Since, the court found the attorney's actions were not purposeful or maliciously, merely negligent, he was not sanctioned.  *Id*. 350.  However, in *Voss*, plaintiff's attorney cancelled two depositions at the last minute.  In Voss, a dispute arose as to the location of the depositions.  At a telephone conference with the district court the morning of the depositions, plaintiff suggested ground rules for the depositions to take place at his office.  The court ordered the depositions to take place under those rules.  When the witnesses arrived at the deposition, plaintiff's counsel cancelled the depositions.  The district court found this conduct vexatious and unreasonable and the Sixth Circuit affirmed.  *Voss* slip op. p. 2.

At first the Sixth Circuit held that an attorney's responsibility does not flow from unintentional discourtesy to a court, but only from an "intentional departure from proper conduct, or at a minimum, from a reckless disregard of the duty owed by counsel to the court."  *U.S. v. Ross* at 349.  Later, after Congress amended the statute, the Sixth Circuit held that the imposition of section 1927 sanctions against counsel "does not require a finding of recklessness, subjective bad faith, or conscious impropriety; an attorney does not have *carte blanche* to burden the federal courts by pursuing claims that he should know are frivolous." *Haynie v. Ross Gear Division of TRW, Inc.,* 799 F.2d 237, 243 (6th Cir. 1986).  Section 1927 sanctions can be awarded "despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir 1986).  An

attorney is liable without a finding of bad faith "at least when an attorney knows or reasonably should know that . . . his or her litigation tactics will needlessly obstruct the litigation . . . ." *Id*.

In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the Court reinforced the objective standard:

> [S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Ridder* at 298, quoting from *In re Rueben*, 485 F. 2d 977, 984 (6th Cir. 1987). In *Ridder*, the Sixth Circuit upheld Magistrate Judge Merz's imposition of sanctions against a plaintiff's attorney who pursued a frivolous civil rights claim for five years through the court. *Id*.

## IV.   CONCLUSION

It appears that defense counsel's assertions to the Court at the pretrial, in the motion for continuance, and in the two status reports, indicating that Mr. Hunt was in Panama and not able to attend the March 31, 2003 trial were false.[4] Requesting and receiving a continuance of a jury trial for false reasons is vexatious and unreasonable behavior under 28 U.S.C. § 1927 and such behavior should be sanctioned. If this Court finds sanctions are appropriate, Plaintiff request that reasonable attorney fees be awarded for the duplicative efforts of preparing for trial in March 2003 and November 2003.

---

[4] Plaintiff's counsel has exhausted their ability to verify Defendant's reasons for seeking a continuance. Defendant Hunt chose not to testify, submit the military exhibit at trial, nor respond to the Rule 11 letter. Without Defendant Hunt's or his counsel's explanation as to the apparent contradiction between the military exhibit and the purported reasons for a continuance, it is reasonable to conclude that the reasons given were false.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff

6