Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

35 F.3d 567 (Table)
**Unpublished Disposition**

**(Cite as: 35 F.3d 567, 1994 WL 443551 (6th Cir.(Mich.)))**
<KeyCite Citations>

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Brent P. VOSS, Plaintiff-Appellant,
v.
USS GREAT LAKES FLEET, INC.,
Defendant-Appellee.

No. 93-1850.

Aug. 16, 1994.

On Appeal from the United States District Court for the Eastern District of Michigan; No. 91-10337, Cleland, J.

E.D.Mich.

AFFIRMED.

Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.

PER CURIAM.

**1 This is an appeal from an order imposing sanctions against the attorney for the plaintiff in an admiralty case. The district court ordered the attorney to pay the defendant's costs and attorney's fees, pursuant to 28 U.S.C. § 1927, for canceling two depositions at the last minute. The court also imposed sanctions against the plaintiff's attorney under Rule 11, Fed.R.Civ.P., for filing a frivolous motion to exclude a videotape from evidence. We shall affirm the award of sanctions in all respects.

I.

Brent Voss, a mariner who was involved in an accident aboard a vessel owned by the defendant, USS Great Lakes Fleet, Inc., retained the Jaques Admiralty Law Firm to represent him in an action against his employer. Attorney Donald Krispin of that firm did most of the work on the case.

Mr. Krispin arranged to take the depositions of the captain and a crew member of the vessel, but a last-minute dispute arose as to where the depositions would be conducted. On the morning of the day appointed for the depositions, Mr. Thomas Emery, local counsel for the defendant, informed the plaintiff's counsel that he would not produce the witnesses at the Jaques Law Firm. Mr. Emery insisted that the depositions be held in his office instead, citing the possibility of "abuse" of the witnesses by Mr. Leonard Jaques, the principal of the Jaques Law Firm.

In an effort to resolve the dispute, the parties held a telephone conference call with the district judge to whom the case had been assigned. Mr. Emery told the judge that he had seen Mr. Jaques behave unprofessionally and abusively toward witnesses in prior cases. Since Mr. Krispin had indicated that Mr. Jaques might be present at the depositions, Mr. Emery said, the potential for abuse would be minimized if the depositions were held at Emery's office. Mr. Krispin argued that the allegations of abusiveness were unfounded and that the parties should be held to their earlier agreement to conduct the depositions at the offices of the Jaques Law Firm. Mr. Krispin noted that, while the case was his responsibility and he alone would be conducting the deposition, he intended to "seek advice during the appropriate breaks from Mr. Jaques." He implied that Mr. Jaques would not be present in the room where the depositions would be taken.

The court directed that the depositions be held at the Jaques Law Firm. Mr. Krispin, who was to take the depositions, would be permitted to leave the room to ask Mr. Jaques for advice, said the court, but Mr. Jaques was not to interfere with the depositions.

The defendant's lawyer and the two witnesses then presented themselves at the Jaques Law Firm. Upon their arrival, they were told that the plaintiff had

called off the depositions.

On the first day of trial, the plaintiff filed a motion to exclude a videotape the defendant proposed to offer into evidence. The tape depicted the plaintiff, who was claiming damages for severe injury to his back, playing a game of full-court basketball on the day before his deposition. This tape was intended to impeach Mr. Voss' testimony that he was seriously incapacitated and that he had not played basketball on the day in question.

**2 The plaintiff's motion maintained that the tape should be excluded because of alleged tampering and because the tape speed was 10 percent faster than the actual speed at which Mr. Voss was playing basketball. The plaintiff's attorney reached this conclusion, he says, after checking the times shown on the videotape against a watch used by a law clerk at his office. Upon viewing the tape *in camera,* however, the court found no indication that the tape had been "sped up" or tampered with. The tape was ultimately received in evidence.

The court granted a motion by the defendant for sanctions under 28 U.S.C. § 1927 on account of the cancellation of the depositions. The court also imposed Rule 11 sanctions in the amount of $500 for the filing of the motion to exclude the videotape, finding that there was no basis in fact for the motion. This appeal followed.

II.

A. *Cancellation of Depositions*

28 U.S.C. § 1927 provides that
  "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Vexatious behavior has been defined as conduct "lacking justification and intended to harass." *United States v. Ross,* 535 F.2d 346, 349 (6th Cir.1976). The district court found that the conduct of the plaintiff's counsel met this standard. We review the district court's ruling under an abuse of discretion standard. *Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 417 (6th Cir.1992).

Counsel for the plaintiff argues that he was justified in canceling the depositions because the court's order violated the plaintiff's fundamental right to be represented by Mr. Jaques. In light of Mr. Krispin's representations to the district court in the telephone conference, however, it appears that the court granted Mr. Krispin the relief he had requested. Mr. Krispin informed the court that he planned to take the depositions in their entirety and wished only to seek the advice of Mr. Jaques during breaks from the testimony. There was no objection by Mr. Krispin when the court directed that the depositions be held at the Jaques Law Firm on that understanding. We find no abuse of discretion in the award of expenses and attorney fees incurred as a result of the plaintiff's cancellation of depositions that were to have been taken under ground rules suggested by the plaintiff's own counsel.

B. *The Motion to Exclude the Videotape*

Rule 11, Fed.R.Civ.P. permits a district court to impose sanctions upon any attorney or party who signs and files with the court a pleading, motion, or other paper that has no basis in law or in fact. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 541-46 (1991); *Homico Construction and Development Co. v. Ti-Bert Systems, Inc.,* 939 F.2d 392, 394 (6th Cir.1991). "[T]he relevant inquiry is whether a specific filing was, if not successful, at least well founded." *Business Guides,* 498 U.S. at 553.

**3 After viewing the videotape *in camera,* the district court found that the plaintiff's motion to exclude it was not well-grounded in fact. Rule 11 sanctions were imposed on that basis. Again, we must apply an abuse of discretion standard in reviewing the district court's decision. See *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990). The nature and extent of the sanction likewise fall within the discretion of the district court. *Orlett,* 954 F.2d at 419; *Mihalik v. Pro Arts, Inc.,* 851 F.2d 790, 793 (6th Cir.1988).

It was clear to the district court that the "breaks" in the tape, which resulted from the camera operator's use of the "pause" mode on the camera, were not calculated to mislead the viewer and had no tendency to do so. David Wright, who was operating the camera as Mr. Voss' basketball game was being filmed, testified that during the filming of the game he put the camera on pause several times, which would explain gaps in the presentation of the film.

The district court found no reasonable basis for any contention that the tape had been tampered with or "sped up" by the defendant. The district judge's observations about the tape are not clearly erroneous,

and we find no abuse of discretion in the order imposing sanctions.

 AFFIRMED.

35 F.3d 567 (Table), 1994 WL 443551 (6th Cir.(Mich.)), Unpublished Disposition

END OF DOCUMENT