UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY RIGGINS,** | ) | Case Number C-1-01-358 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE DLOTT |
| | ) | |
| **FORREST HUNT, et al.,** | ) | |
| | ) | **DEFENDANTS'** |
| Defendants. | ) | **RESPONSE TO** |
| | ) | **PLAINTIFF'S MOTION** |
| | ) | **FOR SANCTIONS** |

Defendants and defense counsel respectfully request this Court to deny the plaintiff's motion for attorneys fees, excess costs, and expenses made pursuant to 28 U.S.C. § 1927. In support of said response, defendants submit the following memorandum and attached exhibits.

**MEMORANDUM**

**I.     LEGAL STANDARD**

Counsel for defendants respectfully requests this Court to deny the plaintiff's motion for sanctions, including attorney fees, pursuant to 28 U.S.C. § 1927. Said section reads as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States of any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A close reading of this statute reveals that the rule envisions a sanction against an attorney only when that attorney both (1) multiplies the proceedings, and (2) does so in a vexatious and unreasonable fashion. *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 794 (7th Cir. 1983).

*Ruben, et al., v. Warren City Schools, et al.*, 825 F.2d 977 (6th Cir. 1987) sets forth the standards for the grounds of a 28 U.S.C. § 1927 motion:

> Section 1927 of Title 28 provides for an award of attorneys' fees where an attorney "multiplies the proceedings in any case unreasonably and vexatiously...." As explained in the legislative history of the 1980 amendment to section 1927, the section is designed as a sanction against dilatory litigation practices and is intended to require an attorney to satisfy personally the excess costs attributable to his misconduct. See H.R.Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782. See generally Annotation, <u>What Conduct Constitutes Multiplying Proceedings Unreasonably and Vexatiously so as to Warrant Imposition of Liability on Counsel Under 28 USCS § 1927 for Excess Costs, Expenses, and Attorney Fees</u>, 81 A.L.R. Fed. 36 (1987).
> In *United States v. Ross*, 535 F.2d 346 (6th Cir.1976), we initially defined "unreasonably and vexatiously" to mean "an intentional departure from proper conduct, or, at a minimum, ... a reckless disregard of the duty owed by counsel to the court," Id. at 349. We stated in *Ross* that unintended, inadvertent, and negligent acts will not support an award under section 1927, id. at 349-50, even if significant costs are incurred by the court and opposing parties as a result thereof. As explained in *Colucci v. New York Times Co.*, 533 F.Supp. 1011, 1013-14 (S.D.N.Y.1982), care must be taken in assessing attorneys' fees under section 1927 lest attorneys be deterred from their duty to "represent [a] client zealously...." Model Code of Professional Responsibility EC 7-1 (1980).

The *Ruben* court goes on to cite *In Re: Jaques*, 761 F.2d 302 (6th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1986), in which the majority opinion suggested that intent is no longer relevant to such determinations, id. at 306, **although a majority of the panel could not agree on this rule**. Emphasis added.  The Sixth Circuit continues to follow the thrust of *Ross*, to wit, that simple inadvertence or negligence that frustrates the trial judge will not support a sanction under 28 U.S.C. § 1927.

Therefore, the standard for determining 28 U.S.C. § 1927 violations in the Sixth Circuit is an objective one, i.e. "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *LRL Properties, et al., v. Portage Metropolitan*

*Housing Authority, et al.*, 914 F.Supp. 188, 192-193 (6th Cir. 1995) citing *In re Ruben*, 825 F.2d 977, 984 (6th Cir.1987), cert. denied sub nom *Swan v. Ruben*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988). While this ideal may be difficult to implement, judges faced with motions under section 1927 should be mindful that their individual perturbations will not alone justify a sanction. *In re Ruben*, 825 F.2d 977, 984 (6th Cir.1987), cert. denied sub nom *Swan v. Ruben*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988).

## II.   DEFENDANTS' COUNSEL DID NOT MULTIPLY THE PROCEEDINGS AS REQUIRED BY 28 U.S.C. § 1927.

In the case *sub judice,* the matter was originally scheduled for trial at the end of March 2003. Prior to the date of trial, counsel for defendants filed a motion for a continuance of the trial date based upon representations made by Forrest Hunt that he had been activated and that he would be unavailable for trial. Please see attachments wherein the Ohio Army National Guard had stated that Mr. Hunt's attendance was required for National Guard Training March 10, 2003 through April 3, 2003. Exhibit A. Also, please see attachment, Exhibit B, setting forth Forrest E. Hunt's orders 067-179 in which he was ordered to active duty for special work for the pertinent time period. Defense counsel had no reason to doubt Mr. Hunt's representations; and the attached documentation supports Mr. Hunt's representations. Defense counsel has been unable to ascertain the exact dates during which Mr. Hunt was actually in Panama; however, the attached documentation demonstrates that Mr. Hunt was indeed ordered to active duty during the time period of the trial, March 31, 2003 through April 4, 2003.

After the trial was continued to November 17, 2003, it was the plaintiff who chose to do additional discovery by deposing Forrest Hunt in September 2003. Counsel for defendants informed the Court that Mr. Hunt had returned to Ohio in May 2003; it is this counsel's

understanding that the honorable Judge Dlott had some health problems which prevented this Court from hearing this case sooner than November 2003. Defendants did nothing to multiply the proceedings to excess. Counsel for defendants did not engage in dilatory conduct nor did counsel generate excessive costs. Counsel in no way protracted the litigation unnecessarily.

### III.     DEFENDANTS' COUNSEL DID NOT ACT IN A VEXATIOUS AND UNREASONABLE FASHION AS REQUIRED BY 28 U.S.C. § 1927.

In addition, counsel for plaintiffs did not act in a vexatious and unreasonable fashion. Counsel's action in requesting a continuance of the trial date was justified by the representations made by defendant Forrest Hunt and the attached documents. Plaintiff's counsel further mentions the "Rule 11 letter" which plaintiff's counsel sent to defense counsel by facsimile prior to trial. At no time during the five days of trial did plaintiff's counsel even mention the "Rule 11 letter." Plaintiff's counsel states that defense counsel protracted the litigation for eight months. This assertion is false. Defendants filed a status report informing the Court that Mr. Hunt was available in May 2003. It was unforeseen circumstances that delayed the scheduling of the trial until November 2003, not Mr. Hunt's nor defense counsel's actions. It appears to defense counsel that it is the plaintiff's counsel that is protracting the litigation which was concluded on November 21, 2003.

### III.     CONCLUSION

The two prong test as set forth by the Seventh Circuit in the *Overnite* case has not been met, that is, counsel did not "multiply the proceedings" nor "engage in dilatory litigation practices." In addition, counsel did not "act in a vexatious and unreasonable fashion." Plaintiff's counsel therefore may not prevail on her 28 U.S.C. § 1927 motion.

For the foregoing reasons, counsel respectfully requests this Court to deny counsel for plaintiff's motion for sanctions and attorney fees pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**s/Marie Moraleja Hoover**
Marie Moraleja Hoover #0063254
Attorney for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
e-mail: hooverlawgroup@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2003 a copy of the foregoing response to plaintiff's motion for sanctions was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing response and the Notice of Electronic Filing has been served by Ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

**s/Marie Moraleja Hoover**
Marie Moraleja Hoover #0063254
Attorney for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
e-mail: hooverlawgroup@yahoo.com