UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S REPLY TO** |
| FORREST HUNT, et al., | : | **DEFENDANT'S RESPONSE TO** |
| | : | **MOTION FOR SANCTIONS** |
| Defendants. | : | |

Defendant Hunt's counsel has not disputed that they requested a continuance of the March 31, 2003 trial date for false reasons. On March 25, 2003, defense counsel filed a motion for a continuance on the grounds that Defendant Hunt had conveyed to his counsel that he was in Panama. (Doc. 63).

Counsel state that they "have been unable to ascertain the exact dates during which Mr. Hunt was actually in Panama." (Doc. 113 p.3). Counsel also state they had no reason to doubt Mr. Hunt's representations that he was in Panama when they filed the motion for a continuance. Doc. 113 p.3. In support, they submitted two exhibits. However, these exhibits contradict the assertions counsel made in the motion for a continuance and in subsequent pleadings indicating that Mr. Hunt had returned from Panama.

Defense Ex. B contradicts counsel's assertion Mr. Hunt was in Panama and the assertion that he was on duty during the dates of the trial. Exhibit B shows that on March 21, 2003 (4 days before the motion for a continuance was filed) Mr. Hunt was ordered to Tarlton, Ohio March 28, 2003 - March 30, 2003. (Doc. 113 Ex. B). This exhibit supports the motion for sanctions since the dates of service did not conflict with the trial

dates of March 31 – April 4. Furthermore, it contradicts counsel's assertion in the motion for a continuance that Mr. Hunt was in Panama.

Additionally, defense Ex. A, which is a request for a leave of absence, not an order, contradicts the assertion that Mr. Hunt was in Panama. Exhibit A indicates Mr. Hunt was scheduled for annual training, not that he was being "activated" which, given the Iraqi war, was a more compelling ground for a continuance that annual training.

Defense counsel submitted no evidence that Mr. Hunt was ever in Panama or that he was on duty or even in training the week of trial March 31 – April 4, 2003. Therefore, the motion for sanctions should be granted.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff