UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MEMORANDUM** |
| FORREST HUNT, et al., | : | **IN OPPOSITION TO** |
| | : | **DEFENDANT HUNT'S** |
| Defendants. | : | **MOTION FOR 545 DAY STAY** |

This Court recently granted Plaintiff's motion for new trial. (Doc. 116). Within weeks, Defendant Hunt moved for a 545 day stay in this case. Plaintiff objects to a stay longer than 90 days if and only if Defendant Hunt can meet the requirements of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522.

Defendant applied for the stay under the old "Soldiers and Sailor's Civil Relief Act" 50 App. U.S.C. § 521 which was superceded December 19, 2003 by the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522. A court is required by the current law to grant the servicemember a 90 day stay of civil proceedings if the servicemember provides to the court:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522 (b)(2). Defendant Hunt has not set forth the facts stating how his military duties will materially affect his ability to appear, especially since he has not

stated his whereabouts and the status of his service. His orders, which are attached to his motion Ex. A, do not state explain his current status or whereabouts. Nor has he informed the court when he will be available to appear. The fact that his order states his period of active duty is "not to exceed 545 days" does not satisfy this statutory condition. Further, he has not produced a letter from his commanding officer that military duty prevents his appearance at trial and that military leave is not authorized.

      If Defendant Hunt were to satisfy these conditions, Plaintiff would not object to an initial 90 day stay. However, if this Court were to grant the initial 90 day stay and Defendant were to apply for an additional stay pursuant to 50 App. U.S.C. § 522 (d), then Plaintiff would object to any stay beyond 90 days given that Defendant Hunt did not testify in his defense at trial, therefore would not be prejudiced by trial in abstentia. Additionally, this case was scheduled for trial in March 2003. Defendant Hunt requested a continuance of that trial date because he was allegedly on active duty in Panama. (Doc. 63 & 65). Plaintiff believes Defendant Hunt's reason for that continuance was false. (See pending motion for sanctions Doc. 110). Therefore, Plaintiff should not be further delayed in having his day in court.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2004, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch<br>Attorney for Plaintiff