IN THE COURT OF COMMON PLEAS, SCIOTO COUNTY, OHIO

GENERAL DIVISION

STATE OF OHIO  NO: 05-CR-304

    Plaintiff  JUDGE: HOWARD HARCHA, III

vs.

ANTHONY RIGGINS  CHARGE:

    Defendant  JUDGMENT ENTRY

This day, October 24, 2005, came the Prosecuting Attorney on behalf of the State of Ohio, and the defendant, Anthony Riggins, in open court and with counsel. Also came the following named persons as jurors, to-wit:

1. Glen Queen
2. Jennie Kimble
3. Keith White
4. Neva Moore
5. Linda Chamberlin
6. Jeanetta Brown
7. Jasper Jordan
8. Eric Johnson
9. Timothy Allard
10. Christina Austin
11. Rachel Jordan
12. Mary Williams

who were duly impaneled and sworn, and having heard the evidence presented, the arguments of counsel and the charge of the court, retired to their room to deliberate on the verdict. And afterward came the Jury and returned the following verdict concurred in by all the Jurors, to-wit: "Indictment for: Count One - Assault, O.R.C. 2903.13, Forrest F. Hunt, III: We, the Jury find the defendant, Anthony Riggins, **GUILTY** of Count One, Assault violation of Ohio Revised Code Section 2903.13. Dated October 25, 2005."

11-1-05
Issued cert copy to Bureau of Sent Comp. by cert mail.
225/126

"Indictment for: Count Two - Assault, O.R.C. 2903.13, Jerry Wells: We, the Jury find the defendant, Anthony Riggins, **GUILTY** of Count Two, Assault violation of Ohio Revised Code Section 2903.13. Dated October 25, 2005."

1. Glen Queen
2. Jennie Kimble
3. Keith White
4. Neva Moore
5. Linda Chamberlin
6. Jeanetta Brown
7. Jasper Jordan
8. Eric Johnson
9. Timothy Allard
10. Christina Austin
11. Rachel Jordan
12. Mary Williams

*Insert in Ink:Guilty or Not Guilty

On October 25, 2005, defendant's sentencing hearing was held pursuant to Ohio Revised Code section 2929.19. Defense attorney, Jeffrey Kleha, and the prosecuting attorneys, Pat Apel and Danielle Parker, were present as was defendant who was afforded all rights pursuant to Crim. R. 32. The Court has considered the record, oral statement, any victim impact statement and prepared, as well as the principles and purposes of sentencing under Ohio Revised code section 2929.11, and has balanced the seriousness and recidivism factors Ohio Revised Code section 2929.12.

The Court finds that the defendant has been convicted of Counts 1 and 2: Assault, violations of Revised Code section 2903.13, felonies of the fifth degree, subject to division (B) of section 2929.13 of the Ohio Revised Code.

The Court has considered the factors under Revised Code section 2929.13(B) and finds the defendant is currently

serving a prison term. The defendant's actions facilitated others to act accordingly. Also physical harm to guards was caused in this case. There are no grounds for mediation. The Court finds that the defendant in this case shows no remorse. The defendant has a history of convictions.

For reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, including (B)(C)(D)&(E), the Court also finds that prison is consistent with the purpose of Revised Code section 2929.11 and the defendant is not amenable to an available community control sanction.

The Court finds pursuant to Revised Code section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct.

It is therefore ordered that the defendant serve a stated prison term of 11 months in the custody of the Ohio Department of Rehabilitation and Corrections on each count.

Pursuant to Revised Code section 2929.14(E), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. The Court also finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary.

**Therefore the sentences in Counts 1 and 2 are to be served consecutively to each other for a total of 22 months and consecutively to the sentence the defendant is currently serving.**

The Court has further notified the defendant that post release control is optional in this case up to a maximum of 3 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

Defendant is therefore ordered conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. Credit for 0 days served is granted as of this date along with future custody days while awaiting transportation to the appropriate state institution. Defendant is to pay the costs of this prosecution taxed at $_____, for which execution is hereby awarded. Said court costs are to include the $41.00 as mandated by O.R.C. section 2949.091, and the additional $30.00 as mandated by O.R.C. section 2743.70. Defendant is further ordered to pay any fees permitted pursuant to Revised Code section 2929.18(A)(4).

The Department of Rehabilitation and Corrections is directed to withhold funds in the appropriate amount from the defendant's account to pay the costs. The payment for the costs shall be mailed to the Scioto County Clerk of Courts, 2nd Floor, Scioto County Courthouse, 602 7th Street, Portsmouth, Ohio 45662.

The Court advised the defendant of his right to appeal, without cost. The Court advised the defendant he would be provided a free transcript of the proceedings and an attorney if he could

not afford one.  The defendant advised the Court that he intended to appeal.  The Court will appoint counsel for such appeal.

Dated:_____   _____
JUDGE HOWARD H. HARCHA, III

_____
Pat Apel (0067805)
Assistant Prosecuting Attorney

_____
Danielle Parker (0076479)
Assistant Prosecuting Attorney

_____
Jeffrey Kleha
Attorney for the Defendant