UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Watson |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MEMORANDUM** |
| FORREST HUNT, et al., | : | **IN OPPOSITION TO** |
| | : | **DEFENDANTS' MOTION TO** |
| Defendants. | : | **DISMISS** |

Defendants have filed a motion to dismiss this case. The motion to dismiss must be denied because it was filed well after the time for a responsive pleading (Fed. R. Civ. Proc. 12 (b)) and incorporates facts outside the record. Even if Defendant's motion is construed by the court as a Fed. R. Civ. Proc. 56 motion for summary judgment, it too must be denied.

Defendants state that since Plaintiff Riggins was convicted of assault of Hunt and Wells he is precluded from trying his civil rights case for excessive force against Hunt, Wells, and Gannon. Neither claim preclusion (or *res judicata)*, nor issue preclusion (collateral estoppel) can be used by the defendants against the plaintiff. Mr. Riggins' conviction does not preclude a subsequent claim for excessive force since excessive force was not litigated in prior criminal proceeding, which Defendants admit in their motion. *See*, *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997).

The Supreme Court has held that issues decided in a state court criminal proceeding may have a collateral estoppel effect in a section 1983 civil rights action, but only to the extent that the plaintiff sought relitigation of the same issues which were previously decided in the criminal proceeding. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct.

411, 66 L.Ed.2d 308 (1980). *See also Donovan v. Thames,* 105 F.3d 291, 295-97 (6th Cir. 1997) (concluding that a conviction for resisting arrest does not bar a subsequent excessive force claim). Collateral estoppel applies where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court. *See Haring v. Prosise,* 462 U.S. 306, 312-14 (1983).

To determine the effect of a state court proceeding, the federal court must look to the laws of the state in which the proceeding took place. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466 (1982). In Ohio, in order to assert collateral estoppel successfully, a party must plead and prove the following elements:

> (1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
> (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
> (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
> (4) The issue must have been identical to the issue involved in the prior suit.

*Dye v. City of Warren,* 367 F.Supp.2d 1175, 1184-85 (N.D. Ohio 2005), quoting from *Monahan v. Eagle Picher Indus., Inc.,* 21 Ohio App.3d 179, 486 N.E.2d 1165, 1168 (1984).

Since, as defendants admit, their use of excessive force was not litigated in the criminal case, nor could it have been, Mr. Riggins is not precluded from litigating excessive force in this case.

In *Donovan v. Thames,* the Sixth Circuit reversed the grant of summary judgment on the excessive force claim because neither issue preclusion nor claim preclusion barred the plaintiff's section 1983 claim that the officers used excessive force. The Court found

2

that the officer's use of force was not essential to the conviction, and that the issue of excessive force was never actually litigated in the state court criminal proceeding. Moreover, because there was no indication that the plaintiff could have raised the section 1983 claim as a separate cause of action in the state court criminal proceeding, there was no claim preclusion. *Id.* at 297. [W]e are unable to see why an officer who is attacked by a prisoner could not use more force than reasonably necessary in defending himself, and be subject to liability for the excessive force. *Id*. To hold otherwise would "give law enforcement authorities carte blanche to respond as they please to criminal behavior." *Id.*

Furthermore, in *Knott v. Sullivan,* 418 F.3d 561, 568 (6th Cir. 2005) the Sixth Circuit affirmed the district court's ruling that issue preclusion should not apply because "[t]he general rule in Ohio is that a judgment in a criminal proceeding cannot operate as res judicata, or collateral estoppel, in a civil action to establish any fact determined in the criminal proceeding." (citing *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.,* 98 Ohio St.3d 399, 403-04, 786 N.E.2d 43 (2003)). The Court in *Knott*, also cited with approval to *Boone v. Spurges,* 385 F.3d 923, 927 n. 4 (noting that "Ohio state courts generally frown upon the use of criminal proceedings to estop parties in subsequent civil proceedings.").

For these reasons, the conviction in the criminal case cannot preclude the civil rights case for excessive force from going forward. Therefore, Defendants' motion must he denied.

                                                  Respectfully submitted,

                                                  s/ Jennifer L. Branch
                                                  Jennifer L. Branch (0038893)
                                                  Trial Attorney for Plaintiff

Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff