**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Anthony Riggins,

    Plaintiff,

    v.                                          Case No. 1:01cv503

Forrest Hunt, III, *et al.*,                Judge Michael R. Barrett

    Defendants.

**OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 132) and Plaintiff's Memorandum in Opposition (Doc. 133). The Parties were invited to file supplemental memoranda, but neither side has done so. This matter is now ripe for review.

This case has a long history before this Court, the details of which will not be repeated here. This matter was previously tried to a jury, which found in favor of Defendants. However, this Court subsequently granted Plaintiff's Motion for a New Trial on the grounds that (1) a demonstration by Defendants' counsel during closing arguments should not have been presented to the jury and improperly influenced the jury; and (2) there was a reasonable probability that misconduct by Defendants' counsel during the cross-examination of Plaintiff influenced the verdict (Doc. 116). The trial in this matter is currently set to commence on August 21, 2006.

Defendants filed their Motion to Dismiss on December 22, 2005. Plaintiff argues that Defendants' Motion is untimely. The Court agrees. However, even if Defendants'

Motion had been timely filed, this Court finds that the Motion must be denied.

Defendants argue that Plaintiff's claim under 28 U.S.C. § 1983 should be dismissed on *res judicata* and collateral estoppel grounds. Defendants explain that Plaintiff was convicted of assault in state court proceedings. Defendants argue that Plaintiff had the opportunity to argue the affirmative defenses of self-defense or excessive use of force in the state court proceedings, but he failed to do so.

The Court finds that Defendants' argument is properly analyzed under the doctrine of collateral estoppel, rather than *res judicata* because Plaintiff did not raise his section 1983 claim in the state court proceedings. *See Jones v. Marcum*, 197 F.Supp.2d 991, 1004 (S.D.Ohio 2002) (explaining that collateral estoppel is applicable where a particular issue has previously been fully litigated, and *res judicata* is applicable where an entire claim has already been litigated, or could have been litigated); *see also Daubenmire v. City of Columbus*, 2006 WL 485147, *7 (S.D.Ohio March 1, 2006) (slip op.).

In section 1983 cases, collateral estoppel may preclude the relitigation of issues already determined in a criminal context if: (1) the issue was fully and fairly litigated and, (2) if the law of collateral estoppel in the state in which the issue was originally litigated would allow preclusive effect in state court. *Allen v. McCurry*, 449 U.S. 90, 103-104 (1980). Under Ohio law, collateral estoppel applies when the fact or issue: (1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994). The burden of demonstrating that these requirements have been satisfied rests with the party asserting that issue preclusion should apply. *Knott v. Sullivan*,

418 F.3d 561, 568 (6th Cir. 2005), *citing Goodson v. McDonough Power Equip., Inc.*, 443 N.E.2d 978, 985 (1983).

Nothing in the record indicates that the issue of excessive force was fully and fairly litigated in the state criminal proceedings. Similarly, Defendants have failed to show that the issue of excessive force was actually and directly litigated in the state court proceedings. While Plaintiff was convicted of assault in the state court, excessive force is not an element which the court would have passed upon and determined. *Cf. Mink v. Weglage*, 614 F.Supp 93, 95-96 (S.D. Ohio 1985) (plaintiff's section 1983 claim is barred by collateral estoppel where in convicting plaintiff of resisting arrest, jury appeared to necessarily have concluded that defendant did not use excessive force in effectuating arrest).

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 132) is hereby **DENIED**.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court