UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY RIGGINS,**                                             Case No. C-1-01-503

    **Plaintiff,**

Vs.                                                                                    JUDGE BARRETT

**FOREST HUNT, et al.,**

    **Defendant.**                                                       MOTION IN LIMINE

Now come defendants, Forest Hunt, Anthony Gannon, and Jerry Wells, by and through the undersigned counsel, to respectfully move this Court for an ORDER precluding the plaintiff from introducing into evidence in the trial of this matter the following listed exhibits. This motion is supported by the following memorandum.

/s/ Marie Moraleja Hoover
_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
hooverlawgroup@yahoo.com

**MEMORANDUM**

The Defendants, Forest Hunt, Anthony Gannon, and Jerry Wells, respectfully move this Court for an ORDER precluding the plaintiff from introducing into evidence the following exhibits:

    PX 1001, Blueprint of SOCF J cellblock
    PX 1002, Diagram of SOCF J cellblock
    PX 1003, Diagram of SOCF Cell #J-73
    PX 1004, Use of Force Report dated May 12, 2000
    PX 1005, Use of Force Report dated October 11, 2000

       PX 1006, the Ohio Highway Patrol Report
       PX 1007, Defendant Hunt's incident reports
       PX 1008, Defendant Well's incident reports
       PX 1009, Defendant Gannon's incident reports
       PX 1010, Carl Distel's incident reports
       PX 1011, Carole Chapman's incident reports
       PX 1013, Post Orders
       PX 1016, ODRC Report Regarding Representation for Forest Hunt
       PX 1017, ODRC Report Regarding Representation for Anthony Gannon
       PX 1018, ODRC Report Regarding Representation for Jerry Wells
       PX 1019, ODRC policies and procedures on cell extractions
       PX 1020, ODRC policies and procedures on use of force
       PX 1021, Administrative Rules 5120-0-01 through 03
       PX 1022, Grievance and Discipline Records for Forest Hunt
       PX 1023, Grievance and Discipline Records for Anthony Gannon
       PX 1024, Grievance and Discipline Records for Jerry Wells
       PX 1030, Personnel file for Forest Hunt
       PX 1031, Personnel file for Anthony Gannon
       PX 1031, (number listed twice on Plaintiff's Exhibits, Appendix C/Joint Final
           Pretrial ORDER), Personnel file for Jerry Wells

Counsel for Defendants will address each exhibit:

<u>PX 1001, Blueprint of SOCF J Cellblock</u>
<u>PX 1002, Diagram of SOCF J Cellblock</u>
<u>PX 1003, Diagram of SOCF Cell #J-73</u>
<u>PX 1013, Post Orders</u>
<u>PX 1019, ODRC policies and procedures on cell extractions</u>
<u>PX 1020, ODRC policies and procedures on use of force</u>

      Defendant contends that the above listed exhibits should be excluded because they pose a serious security risk. Said exhibits include blueprints and diagrams to the prison, and the information contained within poses serious security risks to: fellow inmates, corrections officers, and the general public. With this information, an inmate could escape from the prison, posing a serious danger to the community. Further, this evidence is not relevant, and therefore, should be excluded. FED. R. EVID. 401 states:

      "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this case, the admission of blueprints and diagrams does not make any other fact more or less probable. Therefore, this evidence is not relevant, and should be excluded pursuant to FED. R. EVID. 402.

Further, this information is likely to cause the jury to confuse the issues, waste time, and result in the needless presentation of cumulative evidence. FED. R. EVID. 403 states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Based on the nature of these exhibits, it is highly likely that a jury would be confused, and at the very least, it would result in plaintiff wasting this court's time discussing exhibits that will have no impact on the outcome of this case.

Based on the above, these exhibits should be excluded from evidence.

PX 1004, Use of Force Report dated May 12, 2000
PX 1005, Use of Force Report dated October 11, 2000
PX 1006, the Ohio Highway Patrol Report
PX 1007, Defendant Hunt's incident reports
PX 1008, Defendant Well's incident reports
PX 1009, Defendant Gannon's incident reports
PX 1010, Carl Distel's incident reports
PX 1011, Carole Chapman's incident reports
PX 1022, Grievance and Discipline Records for Forest Hunt
PX 1023, Grievance and Discipline Records for Anthony Gannon
PX 1024, Grievance and Discipline Records for Jerry Wells
PX 1030, Personnel file for Forest Hunt
PX 1031, Personnel file for Anthony Gannon
PX 1031, (number listed twice on Plaintiff's Exhibits, Appendix C/Joint Final
    Pretrial ORDER), Personnel file for Jerry Wells

FED. R. EVID. 403 states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendants state that the probative value of the reports that the plaintiff wishes to introduce is substantially outweighed by the danger of unfair prejudice and confusion of the issues; and the reports may mislead the jury. FED. R. EVID. 403. Further, the standard under which said reports were taken was much lower than that of this Trial Court's forum and that of a deposition. The Defendants did not have counsel present; and the defendants did not have an opportunity to cross-examine and/or interrogate the accusers; furthermore, the statements were not taken under oath; a court reporter was not present, etc.

All of the above listed statements made by defendants, Carl Distel and Carole Chapman are hearsay. FED. R. EVID. 802 precludes the use of hearsay at trial.

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

The reports which plaintiff intends to introduce into evidence are hearsay under FED. R. EVID. 801(c):

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Also, the hearsay exceptions provided for in FED. R. EVID. 803 are all inapplicable to the reports. If the reports are presented to the jury in this case, the defendants would all be unfairly prejudiced. The defendants will be present for cross-examination; and all of the defendants have been deposed in depth. Carole Chapman and Carl Distel are persons who the plaintiff has subpoena power to compel their presence at the trial of this matter. It would be highly prejudicial and unfair to present statements that they made without giving the defendants an opportunity to cross-examine them. It should not be the defendant's burden to compel their presence at trial to refute hearsay statements made by them.

<u>PX 1016, ODRC Report Regarding Representation for Forest Hunt</u>
<u>PX 1017, ODRC Report Regarding Representation for Anthony Gannon</u>
<u>PX 1018, ODRC Report Regarding Representation for Jerry Wells</u>

The ODRC reports regarding denial of representation for the defendants are hearsay that do not fall under any exception. In addition, the reports must also be excluded under FED. R. EVID. 403. The jury may be misled into believing that the defendants are liable to the plaintiff due to the fact that the State of Ohio denied them representation. Once again, the plaintiff has the subpoena power to compel the presence of the person(s) who made the decision not to provide representation to the defendants. It would be highly prejudicial to the defendants to simply introduce the report without an explanation from its maker as to why the representation was denied. The defendants should not be given the burden to refute the hearsay statements and to compel the presence of the person(s) who made the statements.

<u>PX 1021, Administrative Rules 5120-0-01 through 03</u>

It is anticipated that the Administrative Rules may be included in the jury instructions in this matter. (This Court should note that the Administrative Rules at issue should be Rules 5120-9-01 through 03, not 5120-0-01 as listed by the plaintiff.) It is the function of the Trial Court to instruct the jury as to the applicable law and rules in this matter. It would not be proper for plaintiff's counsel to instruct the jury by introducing Administrative Rules in evidence to the jury. The jury is the trier of fact; the jury's function is to listen to the facts as presented by both plaintiff and defendants, determine the facts as they believe them to be, and to apply the law as given to them by the Trial Court to the facts.

Mentions of Polygraph Results

In the original trial in this matter, Plaintiff's counsel mentioned a polygraph taken by plaintiff. Counsel made these statements during closing arguments on rebuttal, thus, counsel for defendant had no opportunity to respond. The Sixth Circuit has determined that ordinarily polygraph examination results are inadmissible as evidence. *Wolfel v. Holbrook* (6th Cir. 1987), 823 F.2d 970, 972, *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1035 (1988); *Barnier v. Szentmiklosi* (6th Cir. 1987), 810 F.2d 594, 597. Defendants have also taken polygraph tests.

Defendants request this court for a determination as to whether the polygraph results should be admitted. Pursuant to *Wolfel*, they argue that the results for both parties should not be admissible into evidence. The Sixth Circuit has developed a two-step analysis when considering the admissibility of polygraph evidence. First, the evidence must be relevant; second, its probative value must outweigh the risk of unfair prejudice. *Wolfel*, 823 F.2d at 972. In this matter, there is no relevance to the polygraph evidence being admitted. Either of the parties "passing" of a polygraph do not make any statements or evidence more or less likely to be true. Further, such discussion of polygraphs with both sides "passing" would only confuse the jury in this case. Additionally, the probative value of the evidence does not outweigh the unfair prejudice in this case. Defendants would be prejudiced by having the jury hearing that plaintiff passed a polygraph test regarding this matter.

For the foregoing reasons, counsel respectfully requests this Court to exclude the above listed exhibits from the evidence to be presented to the jury in this matter, as well as ordering that neither party is allowed to mention polygraph tests or their results.

                                                              Respectfully submitted,

/s/ Marie Moraleja Hoover
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
hooverlawgroup@yahoo.com

## NOTICE OF ELECTRONIC FILING & SERVICE

This is to certify that a true copy of the foregoing has been filed electronically through the Court's ECF system and has been served through the ECF system upon all interested parties, including but not limited to the following: Jennifer Branch & Alphonse Gerhardstein, Attorneys for Plaintiff, 617 Vine Street, Suite 1409, Cincinnati, Ohio 45202 and Marianne Pressman, Asst. Attorney General, Corrections Litigation Section, 140 East Town Street, 14th Floor, Columbus, Ohio 43215-6001 on the 10th day of August, 2006.

/s/ Marie Moraleja Hoover
_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants