UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MOTION IN** |
| FORREST HUNT, III, et al., | : | **LIMINE TO LIMIT EVIDENCE** |
| | : | **OF PLAINTIFF'S** |
| Defendants. | : | **CONVICTIONS AND PRISON** |
| | : | **RECORD AND** |
| | : | **MEMORANDUM IN SUPPORT** |

**MOTION AND MEMORANDUM IN SUPPORT**

This prisoner excessive force case is brought by Anthony Riggins against the three corrections officers who entered his cell on May 12, 2000 and used so much force on Mr. Riggins that he suffered multiple broken bones. Defendants' alleged reason for entering his cell, against Southern Ohio Correctional Facility (SOCF) policies, was to remove a food tray.

At trial, Defendants may seek to introduce Mr. Riggins' criminal convictions and institutional disciplinary records since he has been incarcerated with the Ohio Department of Rehabilitation and Corrections. Plaintiff does not object to the admission of Mr. Riggins' conviction in 1985 of the felonies of aggravated robbery, possessing a weapon under a disability, and carrying a concealed weapon since these are the crimes for which Mr. Riggins is still currently serving a sentence at SOCF. However, any other crimes and institutional disciplinary records are inadmissible.

**Institutional Disciplinary Records**

Plaintiff objects to any evidence of Mr. Riggins' institutional disciplinary records coming into evidence. Defendants may introduce evidence of Mr. Riggins institutional record to prove that he is violent and is likely to have acted on May 12, 2000, in conformity with his character trait of being violent. However, Federal Rule of Evidence 404(b) provides in relevant part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Furthermore, evidence of other acts is not admissible to prove that the actor has a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait. *Hynes v. Couglin*, 79 F.3d 285, 290 (2nd Cir. 1996).

Under 404(b), other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). Although this is not intended to be an exhaustive list, courts are reluctant to create new exceptions. *Young v. Rabideau*, 821 F.2d 373, 379 (7th Cir. 1987) (declining to make a new 404(b) exception for establishing bias); *Essick v. Debruyn*, 1995 WL 729313 (N.D. Ind. 1995).

In *U.S. v. Bunch*, 1993 WL 5933, *2 (6th Cir. 1993), a chief jailer was convicted of beating an inmate and willfully denying him medical care. The defendant claimed on appeal that the district court erred in excluding the prison disciplinary records of the inmates involved. One of the inmates had eight disciplinary violations while in prison, one of which was violent, while the other inmate had twenty-two disciplinary infractions, two of which involved violence. *Id.* The defendant contended that the witness' pattern of

conduct presented a common scheme, presumably of being disobedient and violent, and that it also demonstrated the inmates' "state of mind."*Id.* The Sixth Circuit found that the district court properly refused to admit the records in question after performing a Federal Rule of Evidence 403 balancing test and determining that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. *Id*. The court stated "[i]t is not enough to suggest that a prior disciplinary violation for assaulting a prison inmate is probative of the witness' intent to start an altercation with defendant." *Id.*

If the evidence is relevant to an issue other than character, the court must do a Rule 403 balancing test to determine whether its probative value is substantially outweighed by the danger of unfair prejudice. *West v. Love*, 776 F.2d 170, 174 (7th Cir. 1985). "The danger of unfair prejudice is defined as the likelihood that the evidence will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented..." *Id*. However, Defendants cannot advance any reason, other than acting in conformity with his character, to admit Mr. Riggins' disciplinary records. An inmate's record may be relevant **if** a defendant had a prior experience with a violent inmate and took action in response to that prior knowledge. However, each defendant testified in deposition that he did not know Mr. Riggins prior to encountering him on May 12, 2000 (Hunt depo. p. 88; Gannon depo. p. 86; Wells depo 28-29). Therefore, there is no admissible reason for the record to come into evidence.

In *Lewis v. Valez*, 149 F.R.D. 474, 479-80 (S.D.N.Y. 1993), a prisoner excessive force case, the defendant wanted evidence of the plaintiff's prison disciplinary record to be admitted to rebut what they presumed to be plaintiff's theory that he did not intend to initiate the altercation and acted in self-defense. The inmate in question had committed

3

four disciplinary violations while in prison, including setting fire in a trash can, throwing things at the medical staff, and fighting with a fellow inmate. *Id.* at 479. The defendants sought to present this evidence because they claimed it was "probative of his intent to assault the defendants" and they also wanted to use his record to impeach his credibility. *Id.* The court determined that the defense misconstrued the meaning of intent in relation to self-defense and held that if a plaintiff testified that he deliberately struck the corrections officers, but only in order to protect himself from an assault by the officers, the plaintiff would be admitting intent. *Id.* at 480. Therefore, "[b]ecause the plaintiff's state of mind is not at issue, prior acts evidence is not admissible on the basis that it is probative of his intent." *Id.* This analysis is applicable to this case. Therefore, Riggins' disciplinary records would not serve any legitimate purpose.

Allowing Mr. Riggins' disciplinary record to be admitted to establish bias, hostility or dislike of corrections officers would also be inappropriate. In both *Young v. Rabideau,* 821 F.2d at 379 (7th Cir. 1987), and *Essick v. Debruyn*, 1995 WL 729313, *3 (N.D. Ind.), the courts declined to make a new 404(b) exception for the purpose of establishing bias. In *Essick*, the defendants, in an attempt to impeach the witnesses' credibility, wanted to admit evidence of statements made by both the plaintiff and his witness regarding acts of misconduct while incarcerated. *Id.* at *1. Although the Seventh Circuit stated that bias, like pattern, may show intent or another Rule 404(b) ground, it is more likely to "prove bad character or a propensity toward violent behavior by inferring that the prisoner acted in conformity with his prior bad acts." *Young*, 821 F.3d at 379. The court, therefore, held that the prison disciplinary record was inadmissible for this purpose. *Id.*

**Criminal Convictions**

Any convictions prior to 1996 are inadmissible because they are more than 10 years old and thus excluded under Fed. R. Evid. 609 (b).

Mr. Riggins' recent conviction in 2005 for assault should also be excluded based on a Rule 403 balancing test. Mr. Riggins' criminal conviction for assault based on the incident for which he now brings suit should be excluded because, under Rule 403, the probative value is substantially outweighed by the danger of unfair prejudice.

Here, the evidence of the prior conviction suggests to a jury a predetermination of certain facts that are essential to Mr. Riggins' case. A jury is very likely to be prejudiced by this evidence and to substitute the previous jury's findings for their own. "...[W]hether such evidence is admissible for impeachment purposes depends upon a careful balancing, under Rule 403, Federal Rules of Evidence, in order to determine if the probative value of the evidence is "substantially outweighed" by its potential for "unfair prejudice."  (Declining final decision on admissibility of party's felony record). *Cook v. Greyhound Lines, Inc*., 847 F. Supp 725, 736, D. Minn. (1994).

Evidence has been found to be unfairly prejudicial if it suggests a decision based on impermissible grounds. The Sixth Circuit has interpreted Rule 403 such that "unfair prejudice" means evidence that "must suggest a decision on an impermissible basis," rather than simple damage to a case because of the probative value of the evidence. *U.S. v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993), citing *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir.1988) (upholding the District Court's decision to include testimony

regarding DNA evidence on the basis that the prejudicial value did not substantially outweigh the probative value.)

The Sixth Circuit Court has acknowledged that judicial findings may get undue weight from a jury and this fact has been considered in examining prejudicial value under Rule 403.  *U.S. v. DeSantis*, 134 F.3d 760, 766 (6th Cir. 1998).  In *DeSantis*, the Court found error in the lower court decision to allow the defendant to be required to read into the record a copy of an Ohio Court of Appeals decision affirming previous lower court decision on certain relevant issues for the purpose of impeaching his testimony.  *Id.* While the court based the decision that the evidence was inadmissible on Fed. R. Evid. 608(b), the concurrence would have come to the same conclusion under Rule 403.  The judge writing the opinion acknowledged that the probative value of the evidence may have been outweighed by the fact that the jury may well have given the previous judicial finding undue weight. *Id.*

Other Circuits also consider the possibility of previous adjudicative outcomes being giving undue weight in determining prejudice under Rule 403.  In a case identical to the case at bar, *Diaz v. Cianci*, 737 F.2d 138, 139 (1st Cir. 1984), evidence of a plaintiff arrestee's conviction for assault of the arresting police officers was found to have been properly excluded from a subsequent civil suit for damages based on the same incident.  The evidence of the conviction was prejudicial in that it may have been considered conclusive as to whether the amount of force used by the police was proper. "Since the jury would be able to hear all of the first hand evidence relating to whether the force used by the police was reasonable, the value of introducing the conclusion of a prior

6

fact finder was considered substantially less weighty than the potential unfair prejudice it might cause." *Id.*

Similarly, in *Williams v. Drake*, the court upheld a trial court decision to exclude a "guilty plea" entered by a prison inmate in front of a prison disciplinary board from a subsequent §1983 suit, in which the prisoner was a plaintiff, based on the same incident. 146 F.3d 44, 47 (1st Cir. 1998).

In *Faigin v. Kelly*, the court upheld a lower court decision to exclude evidence regarding a Sanction Order issued after previous litigation between the parties. 184 F.3d 67, 80 (1st Cir. 1999). The court stated on the issue:

> Looking at the other pan of the scales, the district court had solid reasons for concern about the untoward effects of the proffered evidence. A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings . . . . Consequently, courts, recognizing the attendant danger of jury confusion and unfair prejudice, frequently have approved the exclusion of judicial findings, convictions, and similar evidence on Rule 403 grounds.

*Id.* Likewise, in *Gil-De-Rebollo v. Miami Heat Associations, Inc.*, 137 F.3d 56, 64 (1st Cir.1998) a decision to exclude evidence of a criminal misdemeanor conviction in a related civil trial was upheld. A basketball spectator was injured by a team mascot and then successfully brought criminal charges against the individual. *Id* at 60. The criminal charges were excluded from the subsequent civil suit by the spectator because, "[u]nder the circumstances, admission of Lockard's criminal conviction would have allowed the jury to substitute the judgment reached in the criminal proceeding for its own." *Id.* at 64.

For these reasons, Plaintiff respectfully requests that Mr. Riggins disciplinary records and criminal convictions not be admitted into evidence.

                Respectfully submitted,

                s/ Jennifer L. Branch

>Jennifer L. Branch (0038893)
>Trial Attorney for Plaintiff
>Alphonse A. Gerhardstein (0032053)
>Attorney for Plaintiff
>GERHARDSTEIN BRANCH &
>LAUFMAN CO. LPA
>617 Vine Street, Suite #1409
>Cincinnati, Ohio 45202
>(513) 621-9100
>jbranch@gblfirm.com
>agerhardstein@gblfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

>s/ Jennifer L. Branch