UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-cv-503 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | **MOTION IN LIMINE TO** |
| FORREST HUNT, III, et al., | : | **EXCLUDE DEFENSE** |
| | : | **EXHIBITS AND** |
| Defendants. | : | **MEMORANDUM IN SUPPORT** |
| | : | |

**MOTION AND MEMORANDUM IN SUPPORT**

On July 17, 206 the Court conducted the Final Pretrial Conference where Defendant's use of 4 new exhibits were discussed. These 4 exhibits were new since the trial in November 2003. The Court orally ordered the Defendants to produce their new exhibits to Plaintiff by July 30, 2006. Defendants produced no new exhibits by July 30, 2006. On August 10, 2006 at 4 p.m., Defendants emailed a new exhibit list, listing several dozen more documents. Plaintiff objects to the introduction of all of the exhibits not produced by July 30, 2006 on the grounds that the production violated the Court's order, and it was produced the day before Plaintiff's motion *in limine* is due, leaving Plaintiff with no time to review the previously undisclosed exhibits, nor research the grounds for inadmissibility.

**Exhibits A-D & G-O**

Defendant has not produced these exhibits, but Plaintiff infers from the description in the exhibit list they are employment records of various sorts for each of the three defendants. Without seeing the exhibits Plaintiff can only surmise these exhibits

have not been produced in discovery (discovery closed over three years ago). Furthermore the records are irrelevant (FRE 402) and to the extent they are used to bolster the defendant's reputation misleading and confusing (FRE 403).

**Exhibits R-Z**

Assuming these are the same exhibits Defendants attempted to introduce at trial in November 2003, Plaintiff requests these exhibits not be admitted for the same reason Judge Dlott denied their admission. Plaintiff objects the Defense exhibits Q – V, and XYZ for several reasons.

First, the exhibits were never produced in discovery. In October 2002, Plaintiff requested all exhibits or documents that would be introduced at trial in his request for production of documents. Defendants produced none of these records in response to Plaintiff's discovery requests. Second, these exhibits were not identified in Defendants' exhibit list in the final pre-trial order submitted in July or by the July 30 deadline imposed by the Court. Defendants' last minute production of exhibits, literally on the eve of trial, in violation of the initial disclosure rules, discovery rules, and this Courts' own trial rules, should be sufficient reason to exclude this evidence.

More importantly, however, these exhibits are irrelevant to any defense in this case. Additionally, some are so prejudicial, confusing to the jury without expert testimony, or misleading to the jury, they should be excluded under FRE 403. Others are improper character evidence under FRE 404(b).

**R – "Notice of intent to sue"**
These three informal complaints made by Plaintiff four months prior to the incident in this case, regarding conditions of confinement are irrelevant under FRE 401 and therefore inadmissible under FRE 402.

**S- Attempts to Establish Relationships**

These 30 pages of psychological records, kites, and disciplinary records are all being used improperly to show Plaintiff's character in contravention of FRE 404 (b). Defendants have labeled these records in such a way to show "motive" but they are in fact nothing more than papers from his master file which show he is disrespectful to female staff. Such a "motive" is not relevant to prove any issue in this case. Therefore the records should be excluded for the same reasons raised in Plaintiff's motion in limine on RIB records. Moreover, these documents are more unfairly prejudicial than probative and therefore fail under the FRE 403 balancing test.

**T- Assaultive Behavior**

It is hard to articulate an admissible basis for these records. None of these records purport to show such "motive." These 25 pages of conduct reports should be excluded for the same reasons Plaintiff raised in his motion in limine on disciplinary records. Contrary to the label defendants put on these records they are not documents of "assaultive behavior." They are merely a means to attack plaintiff's character in violation of FRE 404 (b). Many of these records are from over 10 years ago.

T-2 is a hearing record, not a conviction record, regarding being assaultive toward staff dated October 1, 1991. This record is not complete, is not a conviction, and is more than 10 years old. Therefore, it should be excluded under FRE 404(b) and 609 (b). Furthermore, there is no evidence this "assaultive behavior" was relevant to any issue in this case.

T-3, T-11, T-12, T-13 are incomplete conduct reports from April 1991 regarding Riggins striking someone. This record should be stricken for the same reasons as T-2.

T-8, T-14, T-17 are all after the incident.

T-18 and T-15 are summaries of Riggins' behavior which do not show he is assaultive toward officers and therefore are more attempts to show improper character evidence.

**U – Spitting and Bodily Fluids**

These 22 pages should be excluded for the same reasons as Exhibits S. They are an attempt to introduce character evidence. Furthermore, they are irrelevant since there is no allegation of spitting or throwing body fluids in this case.

**V- Food & Food Trays**

V-1 is an incomplete conduct report, not a conviction, from 1991 about throwing a food tray on the floor. This is not relevant or probative of any issue in the case. There is no allegation Mr. Riggins kept his food tray for any purpose other than to eat the food if he did not get another tray. For all the previous reasons this document should be excluded.

The remaining conduct reports should be excluded for the same reasons given in Plaintiff's motion in limine.

**XYZ- Note showing limp /shorter leg**

The label on the exhibit – which it shows Plaintiff has a limp and shorter leg is not an issue in this case and therefore is irrelevant. Plaintiff suggests this document is really being introduced to prejudice, mislead and confuse the jury about Mr. Riggins psychological problems. This is a one page psych record which contains a prejudicial and confusing summary of Mr. Riggins' psychological problems. Defendants have listed

no expert witness to interpret this record, lay a foundation, let alone establish its relevancy. Therefore, the exhibit should be excluded.

**Exhibits BB (shoulder), MM, NN, OO (holding cell)**

These photographs are not accurate (FRE 1001) and are confusing and misleading (FRE 403). Furthermore Plaintiff requests production of the original, not enlarged, pursuant to FRE 1002. These photographs have been enlarged to such an extent that they are not authentic. Defendants will attempt to argue that there are dots on Mr. Riggins' shoulder that match the dots on the wall of the cell. The danger of unfair prejudice from showing these distorted photos outweighs any probative value (FRE 403) and therefore precludes these photos from being admitted.

**Exhibit PP**

These exhibits are records of Riggin's 2005 assault conviction, which should be excluded for the same reasons outlined in Plaintiff's motion in limine on criminal convictions (Doc. 142).

**Exhibit QQ**

This exhibit regards a broken finger Mr. Riggins had before the Defendants injured him May 12, 2000. The relevancy of these documents is unknown (FRE 402) and even if there were some probative value, the confusion to the jury outweighs it (FRE 403). The Defendants' use of force broke Mr. Riggins' collar bone, rib, and hand. They did not break a finger. Therefore, the records should be ruled inadmissible.

**Exhibit RR**

These exhibits are statements of officers who used force on Mr. Riggins on July 8, 2006. The statements are inadmissible because they are hearsay (FRE 802), irrelevant (FRE 402), and unfairly prejudicial and misleading to the jury (FRE 403).

    Respectfully submitted,

    s/ Jennifer L. Branch
    Jennifer L. Branch (0038893)
    Trial Attorney for Plaintiff
    Alphonse A. Gerhardstein (0032053)
    Attorney for Plaintiff
    GERHARDSTEIN BRANCH &
    LAUFMAN CO. LPA
    617 Vine Street, Suite #1409
    Cincinnati, Ohio 45202
    (513) 621-9100
    jbranch@gblfirm.com
    agerhardstein@gblfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

    s/ Jennifer L. Branch