UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY RIGGINS,**              Case No. C-1-01-503

    **Plaintiff,**

Vs.                                JUDGE BARRETT

**FORREST HUNT, et al.,**

    **Defendants.**               DEFENDANTS' MOTION
                                   FOR JURY VIEW

Now come defendants, Lt. Forrest Hunt, Lt. Anthony Gannon, and Lt. Jerry Wells, by and through counsel, to respectfully move this Court for a jury view of the premises at which this matter took place, to wit: Southern Ohio Correctional Facility in Lucasville, Ohio.

A federal court, exercising its inherent powers, may allow a jury in either a civil or a criminal case to view places or objects outside the courtroom." *Clemente v. Carnicon-Puerto Rico Management Assocs.,* 52 F.3d 383, 385 (1st Cir.1995); *see also United States v. Passos-Paternina,* 918 F.2d 979, 986 (1st Cir.1990). Determining if a view is appropriate in a particular situation remains a matter committed to the trial court's informed discretion. *United States v. Gray,* 199 F.3d at 550 (citing *Clemente v. Carnicon-Puerto Rico Management Assocs.,* 52 F.3d at 386). In addition, it has been held that since jury supervision is more difficult outside the courtroom, precautions must be taken to minimize problems. *Id.* In *Clemente,* the court enumerated a series of fundamental safeguards that the trial judge must undertake. *Clemente v. Carnicon-Puerto Rico Management Assocs.,* 52 F.3d at 386. The court explained that "these safeguards are aimed at achieving fairness and maximizing the trial's truth-seeking function." *Clemente*

*v. Carnicon-Puerto Rico Management Assocs.,* 52 F.3d at 386. The court outlined a five-step protocol to be followed by the trial court. *Id. T*he court in *Gray* approved of the safeguards outlined in *Clemente*. *United States v. Gray,* 199 F.3d at 550. So, notwithstanding the overruling of *Clemente* on other grounds, at least four of the five safeguards listed therein should be applied to jury views in general.  First, counsel should be alerted to a proposed view at the earliest practicable time and given an opportunity to be heard." *Id.* The second step was essentially eliminated by the holding in *Gray* insofar as it required that the jury be instructed prior to the view that the view itself is not evidence. *See United States v. Gray,* 199 F.3d at 550 (regarding views to be within the category of admissible evidence). Third, the trial judge must allow counsel to attend the view even though he or she may place limits on their interactions with the subject of the view and the jurors. *Clemente v. Carnicon-Puerto Rico Management Assocs.,* 52 F.3d at 386. Fourth, the trial judge must him or herself attend the view since his or her oversight is as important during the view as in the course of the trial. *Id.* Finally, the court must make sure that what transpires at the view is fully and accurately recorded, usually by enlisting the attendance of a court reporter. *Id.* This list is not exhaustive or inflexible. The special circumstances of a given case may require additional and different prophylactic measures, while departing from the list may also be warranted. *Id.*

In the case at bar in the prior trial, plaintiff used demonstrative evidence by "taping off" a cell on the floor of the courtroom using the dimensions of a cell.  The "taped off" cell was used during most of the witnesses' testimony.  In defendants' closing argument, defendants used the "taped off" cell in a demonstration of the alleged incident.

The prior trial court found that this demonstration was so prejudicial that she granted a new trial.

Defendants feel that in order to avoid any prejudice regarding any demonstrations used by either plaintiff or defendants that the jury should be permitted to view the scene of the alleged incident themselves. Many jurors have no concept of what type of facility Southern Ohio Correctional Facility is, the size of the cells, etc. Defendants contend that a jury view would serve the purposes of the jury to find the truth in the matter. Defendants further feel that much of the testimony attempting to describe the scene would be limited if the jury view were permitted. For the foregoing reasons, defendants respectfully move this Court to allow a jury view in this matter.

Respectfully submitted,

/s/ Marie Hoover

R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
hooverlawgroup@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically on the 13th day of August, 2006. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ Marie Hoover

 

_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants