## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DISTRICT

**ANTHONY RIGGINS,**                                     **Case No. C-1-01-503**

     **Plaintiff,**

**Vs.**                                                  **JUDGE BARRETT**

**FORREST HUNT, et al.,**

     **Defendants.**

## DEFENDANTS' SUPPLEMENTAL MOTION CONTRA
## TO PLAINTIFF'S MOTION IN LIMINE

Now come Defendants, Forrest Hunt, Anthony Gannon, and Jerry Wells, to respectfully submit their supplemental motion in response to plaintiff's motion in limine.  Defendants respectfully request this court to admit all prior convictions of plaintiff, including, but not limited to the conviction in Scioto County, Ohio stemming from the same facts as circumstances as this case.  This motion is supported by the following memorandum.

/s/ Marie Hoover

_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
hooverlawgroup@yahoo.com

## MEMORANDUM

Defendants urge this court to admit all felony convictions regarding plaintiff.  The plaintiff even admits in her motion in limine "[p]laintiff does not object to the admission of Mr. Riggins' conviction in 1985 of the felonies of aggravated robbery, possessing a weapon under a

disability, and carrying a concealed weapon *since these are the crimes for which Mr. Riggins is*

*currently serving a sentence at SOCF.*  The plaintiff's two assault convictions against defendants

Hunt and Wells are also *crimes for which Mr. Riggins is currently serving a sentence at SOCF.*

Looking at Fed. R. Evid. 609 and Fed. R. Evid. 404, it is clear that the two assault

convictions are admissible:

> **Rule 609. Impeachment by Evidence of Conviction of Crime**
>
> **(a) General rule.** For the purpose of attacking the credibility of a witness,
>
> **(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> **(2)** evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
> **(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence….
>
> **Rule 404. Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes**
>
> **(a) Character Evidence Generally.**--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:…..
>
> **(2) Character of Alleged Victim.**--Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;

**(3) Character of Witness.**--Evidence of the character of a witness, as provided in rules 607, 608, and 609.

**(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Plaintiff claims, however, that his recent convictions for assault against the defendants should be excluded pursuant to Fed. R. Evid. 403:

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**A.  Plaintiff's Recent Convictions for Assault**

Defendants request this court to admit the plaintiff's indictment and conviction for assault of defendants into evidence in this trial.  Defendants contend that this evidence may be used to attack the credibility of plaintiff pursuant to Fed. R. Evid. 609 as well as  character evidence under Fed. R. Evid. 404.  The assault convictions have occurred within the last ten (10) years, and thus are admissible under Fed. R. Evid. 609.  Plaintiff is currently serving a sentence for the assault convictions.  Because plaintiff was convicted as a result of his conduct on the subject matter of this suit, this is directly relevant and valid evidence in this matter.  Plaintiff had an attorney in the criminal case who was free to cross-examine witnesses;  his interests were guarded by a lawyer.  This is contrasted to the fact that plaintiff desires to use reports of use of

force against the defendants when they did not even have an attorney to cross-examine the investigators.  It appears that the plaintiff wishes to use all favorable evidence for himself; however once any evidence is not favorable to plaintiff, he cries "unfair prejudice."

When reviewing the case law that plaintiff cites in support of exclusion of the evidence, *Diaz v. Cianci,* 737 F.2d 138, 139 (1st Cir. 1984), plaintiff fails to mention that the plaintiff arrestee was a juvenile and that the trial court in Rhode Island's District Court found that the juvenile adjudication was not admissible under Rhode Island General Laws § 14-1-40 which prohibits the use of the disposition of juvenile proceedings as evidence against the child in any case or proceeding in any other court.  With respect to plaintiff Anthony Riggins, Anthony Riggins was not a juvenile; he was an inmate in a maximum security prison.

With respect to the case that plaintiff cited in support of exclusion, *Williams v. Drake,* 146 F.3d 44, 47 (1st Cir. 1998), the "guilty plea" of which plaintiff speaks was before a disciplinary board (the Board), an internal body composed entirely of correctional officers which charged Williams *administratively* with inflicting bodily harm on the corrections officers.  This case is easily distinguished from *Williams* in that the triers of fact were not an "internal body composed entirely of corrections officers" but instead were a jury of twelve persons comprised of citizens.  Also, *Williams* dealt with a guilty plea, not a jury verdict.  Once again, the plaintiff Riggins had an attorney in the proceedings available to cross-examine all witnesses and to subpoena any witnesses.

As for *Faigin v. Kelly,* 184 F.3d 67 (1st Cr. 1999), this was a defamation case which was filed against Jim Kelly by his previous agent, A.J. Faigin.  A sanctions order had previously been issued against Jim Kelly in the amount of $11,000.00.  A.J. Faigin wanted to introduce evidence of the sanctions order that was made by a judge.  The Court allowed virtually all evidence

pertaining to the sanctions order.  The trial court disallowed the actual sanctions order worrying that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury."  This case is distinguishable from the case at bar in that the assault convictions against plaintiff Riggins was not a decision made by a  judge; the decision was made by a jury of twelve and the standard of proof was "beyond a reasonable doubt."

Plaintiff Riggins also relies upon *Gil-De-Rebello v. Miami Heat Associations, Inc.* 137 F.3d 56, 64 (1st Cr. 1998) in which the criminal conviction against the defendant mascot of the Miami Heat was disallowed.  In said case, the plaintiff Gil-De-Rebello  wanted to introduce the misdemeanor assault conviction to aid in her negligence case to help determine the amount of compensatory damages that she could be entitled to.  Plaintiff relied upon *Kowalski* which dealt with a Massachusetts wrongful death statute which provides that damages should be "assessed with reference to the degree of [the defendant's] culpability." 914 F.2d at 306. For that reason, the defendant's conviction of the crime of second degree murder was relevant to the issue of culpability, and thus the issue of damages. *See id.* The plaintiff's cause of action here was for negligence and she was entitled only to compensatory damages. For these reasons, the district court did not abuse its discretion by failing to admit evidence of the defendant mascot Lockard's conviction

Likewise, the citing of *Gil-De-Rebello* is misplaced.  This is the type of case that would be cited by defendants in this matter had they been convicted of assault upon the plaintiff Riggins.  However, it is the exact opposite matter here.  The plaintiff-Riggins was the one that was indicted and convicted of assaults upon the defendants.  This matter is relevant and is not confusing for a jury.

The Defendant Hunt, Gannon and Wells urge this court to follow the persuasive case law in this area as set forth in *West v. Love* (7th Cir. 1985), 776 F.2d 170. The Seventh Circuit Court of Appeals found that evidence that a scuffle among inmate and officers took place in confinement unit reserved for inmates with propensity for violent behavior was relevant to the issue of whether force used against inmate was excessive or reasonable under the circumstances. In this matter, the admission of the conviction goes beyond showing a "propensity for violent behavior." Admission of the conviction shows actual violent behavior on the exact date in question. Therefore, the jury in this trial should have this information to allow them to make a determination as to whether the assault committed by plaintiff warranted the reaction of defendants, and finally, whether or not this action was excessive.

Further, in *Young v. Rabideau* (7th Cir. 1987), 821 F.2d 373, the Seventh Circuit Court of Appeals held that "evidence of inmate's prison disciplinary history was admissible to show intent…" While defendants have already argued for plaintiff's disciplinary history to be admissible, they also contend that this case supports admission of his conviction in Scioto County. The conviction showed that plaintiff intended his actions because assault is an intent crime. Additionally, in *Old Chief v. U.S.* (1997), 519 U.S. 172, 196, the U.S. Supreme Court said: "…where, as here, a prior conviction is an element of the charged offense, neither R. 404(b) nor R. 403 can bar its admission." While *Old Chief* dealt with admission of prior convictions into a criminal case, the reasoning is applicable to this case. This conviction rises above being an element, because it is a conviction that arises from the incident in question. If the Supreme Court would admit prior convictions where the elements are the same in a *criminal* case, defendants contend that they most assuredly would allow a prior conviction in a civil case where the conviction is a direct result of the litigation.

Therefore, this court should admit the Scioto County conviction because it deals with the incident that is the basis of plaintiff's suit and proves intent on the part of plaintiff, making it admissible under Fed. R. Evid. 404(b).

### B. Plaintiff's Other Convictions

Defendants also contend that plaintiff's prior convictions should be admissible. Plaintiff has granted that the crimes for which he is currently serving prison time are admissible in this case, however, he argues that his prior sentences are not admissible. Fed. R. Evid. 609b) does not state that a conviction that is more than ten years old is automatically barred from admission. Even if the conviction is older than ten years, R. 609 gives the court discretion to admit the evidence if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Also, this rule places a burden on the party moving for admission of the conviction to "give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Defendants have previously argued for admission of these convictions and given their reasoning supporting a conclusion that the probative value outweighs the prejudicial effect in their response to plaintiff's motion in limine. Further, it is clear that plaintiff had sufficient written notice that defendants intended to use these convictions, because these convictions have been discussed and argued in the months leading up to the 2003 jury trial.

In addition to admitting this evidence as impeachment material in this case, this court has the ability to determine that these convictions are admissible as character evidence. Even if these convictions are more than 10 years old, various Circuits have admitted similar convictions. In *U.S. v. Broussard* (5th Cir. 1996), 80 F.3d 1025, 140, the Fifth Circuit determined that "the age of

the prior conviction does not bar its use under R. 404." *See also, U.S. v. Foley* (8th Cir. 1982),

683 F.2d 273, 278. Because the convictions in question involve aggressive behavior, this court

should allow their admission in this case.

Based on the above, defendants request that this court admit all previous convictions of

plaintiff into evidence for use as both impeachment evidence under R. 609, and as character

evidence under R. 404.

Respectfully submitted,


/s/ Marie Hoover
_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
hooverlawgroup@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on the 16th day of August, 2006. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ Marie Hoover
_____
R. Tracy Hoover #0039610
Marie M. Hoover #0063254
Trial Counsel for Defendants
