UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-cv-503 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | **SUPPLEMENTAL** |
| FORREST HUNT, III, et al., | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF PLAINTIFF'S MOTION IN** |
| Defendants. | : | **LIMINE TO EXCLUDE 2005** |
| | : | **CONVICTION** |

**MOTION AND MEMORANDUM IN SUPPORT**

At the telephone conference on Monday, the Court asked counsel to address the issue of why should Riggins' assault conviction be excluded but the use of force reports be admitted.

First, there the evidence available to the fact finder in each instance is drastically different. The use of force committee had statements from all the parties. The criminal jury heard only from the civil defendants. Mr. Riggins did not testify. Mr. Riggins invoked his Fifth Amendment right not to impeach himself. Thus, the conclusions reached by the criminal jury should not be admitted as evidence in the civil case. Furthermore, Mr. Riggins' Fifth Amendment to remain silent in his criminal trial should not be used against him in the civil case. Additionally, for the reasons explained in Doc. 142, the Plaintiff will be unfairly prejudiced by the admission of another jury's verdict based on different evidence.

Second, the Defendants' attempt to admit the criminal conviction is tantamount to using the criminal conviction as collateral estoppel. This Court has previously ruled that

the criminal conviction may not be used as collateral estoppel in this case since the claims in the section 1983 case (use of excessive force) were not fully and fairly litigated in the criminal case. Doc. 140. Therefore, for the same reason this Court denied the motion to dismiss, this Court should exclude the conviction as evidence.

Third, the Sixth Circuit has made clear that uses of force reports are admissible. In *Combs v. Wilkinson*, 315 F.3d 548 (2002), the Court held that use of force committee's report of disturbance on death row was admissible in civil rights case against officers for using excessive force because their findings were relevant. *Id*. at 554. The Court reasoned that the use of force report was relevant to the plaintiff's claim of use of excessive force. *Id*. Therefore, the use of force report is admissible. The same reasoning does not apply to the criminal conviction because of the unfair prejudice and the great potential to confuse and mislead the jury. See Doc. 142.

For all these reasons, Plaintiff respectfully requests that Defense Exhibit PP and all testimony regarding the same be excluded.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
GERHARDSTEIN BRANCH &
LAUFMAN CO. LPA
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100
jbranch@gblfirm.com
agerhardstein@gblfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                                   s/ Jennifer L. Branch