UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Riggins,

    Plaintiff,

    v.                                                Case No. 1:01cv503

Forrest E. Hunt, III, *et al.*,                Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendants Hunt, Gannon, and Wells' Motion *in Limine* (Doc. 141); Plaintiff Anthony Riggins' Motion *in Limine* to Limit Evidence of Plaintiff's Convictions and Prison Record (Doc. 142); and Plaintiff Anthony Riggins' Motion *in Limine* to Exclude Defense Exhibits (Doc. 144). Also before the Court Defendants' Motion Contra to Plaintiff's Motions in Limine (Doc. 145); Defendants' Supplement to its Motion Contra (Doc. 153); and Plaintiff's Motion in Support (Doc. 154).

As the Court stated on the record during the August 16, 2006 telephone conference, the Court's rulings are generally based upon its finding that the facts which are relevant are those related to the events on May 12, 2000; and events before or after that date are not relevant. *See* Fed. R. Evid. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.")

    **A.**    **Defendants' Motions *in Limine***

Counsel for Plaintiff stated that she would not be seeking to admit a number of the exhibits Defendants seek to exclude. As to the remaining exhibits, the Court rules as

follows:

### 1. PX 1004, 1005 (Use of Force Reports)

The Court finds that the Use of Force Committee relied, in a substantial nature, upon both the results of and/or refusals to submit to voice stress tests analysis. Both the results and refusal would not be admissible in the case due to the untrustworthiness of voice stress analyses, polygraphs and the like, and therefore the report which is based upon these tests should likewise not be considered. *See U.S. v. Scheffer*, 523 U.S. 303, 309 (1998) (noting that there is no consensus that polygraph evidence is reliable). Accordingly, Plaintiff will not be permitted to introduce these exhibits at trial.

### 2. PX 1013 (Post Orders)

Plaintiff intends to introduce pages 8, 10, and 22 of this exhibit. The Court finds that these pages are relevant and do not pose a serious security risk. Therefore, Plaintiff will be permitted to introduce those pages of this exhibit at trial.

### 3. PX 1016, 1017, 1018 (Reports regarding representation for Defendants)

The Court finds that the probative value of these reports is outweighed by the prejudice created by these reports. Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Therefore, Plaintiff will not be permitted to introduce these exhibits at trial.

### 4. PX 1019 (ODRC policy on cell extractions)

The Court finds that this policy is relevant, and Plaintiff will be permitted to introduce

this exhibit at trial. However, the Court notes that after the May 12, 2000 incident involving Plaintiff, this policy was modified. Plaintiff must use the policy in effect at the time of the incident.

### 5. PX 1020, 1021 (Administrative Rules)

The Court notes that PX 1021 is a copy of PX 1021. The Court finds that the Administrative Rules are relevant. Therefore, Plaintiff will be permitted to introduce these exhibits at trial.

### 6. PX 1022, 1023, 1024 (Grievance and Discipline Records for Defendants)

The Court finds that these records will confuse the jury. Therefore, Plaintiff will not be permitted to introduce these exhibits at trial.

### 7. PX 1030, 1031 (Personnel files for Defendants)

Defendants have also included these records in their exhibits, and therefore do not oppose Plaintiff's introduction at trial.

## B. Plaintiff's Motions *in Limine*

### 1. Plaintiff's Felony Convictions

Plaintiff does not object to the admission of Plaintiff's 1985 conviction for aggravated robbery, possessing a weapon under a disability, and carrying a concealed weapon. Plaintiff explains that these are the crimes for which he is currently serving a sentence. However, the Court will exclude any previous convictions because these convictions are not relevant.

Defendants also seek to introduce the criminal conviction of Plaintiff related to the events in question. However, the Court finds that the prejudicial effect outweighs any

probative and relevant value of the conviction. Therefore, Defendants are not permitted to introduce this conviction at trial.

### 2. Plaintiff's Institutional Disciplinary Records

The Court finds that these records are not relevant, and Defendants will not be permitted to introduce these records at trial, unless solely for impeachment.

### 3. Exhibit R (Notice of Intent to Sue)

Defendants argue that these documents show Plaintiff's motive was to be moved from SOCF. The Court finds that if Defendants can point to a specific statement of Plaintiff's motive, the Court will revisit the issue. However, the Court finds that Defendants cannot use these documents to create an inference of Plaintiff's motive, and these documents are otherwise not relevant.

### 4. Exhibits S-Z (Plaintiff's Institutional Records)

Defendants again argue that these documents show Plaintiff's motive. The Court finds that they are not relevant, and therefore Defendants are not permitted to introduce these documents at trial unless solely for impeachment.

### 5. Exhibit BB (Englargement of photo of Plaintiff)

The Court finds that this photo is misleading and Defendants will not be permitted to introduce this photograph at trial.

### 6. Exhibit LL, MM (Holding Cell wall)

Defendants have agreed to modify these photos to show the scale of the "dots" or "holes" on the wall of the cell.

### D.   PX 1015 (PR-24 Manual)

This exhibit was not the subject of a Motion *in Limine*, but counsel for Intervenor Warden James Haviland expressed security concerns with this document. Counsel for Plaintiff represented that she only intended to introduce pages 1 and 22 of this exhibit. The Court finds that the information on these pages does not create a security risk. Therefore, Plaintiff will be permitted to introduce this evidence at trial.

### E.   Conclusion

Based on the foregoing, Defendants Hunt, Gannon, and Wells' Motion *in Limine* (Doc. 141); Plaintiff Anthony Riggins' Motion *in Limine* to Limit Evidence of Plaintiff's Convictions and Prison Record (Doc. 142); and Plaintiff Anthony Riggins' Motion *in Limine* to Exclude Defense Exhibits (Doc. 144) are **DENIED in PART** and **GRANTED in PART**.

IT IS SO ORDERED.

  */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court