**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


Anthony Riggins,                                Case No.1:01cv503

     Plaintiff                              Judge Michael R. Barrett

v.

Forrest Hunt *et al.*,

     Defendants


**INSTRUCTIONS**
**TO**
**THE JURY**


**August 23, 2006**

Ladies and Gentlemen of the jury, now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law that is applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

I will start by explaining your duties and the general rules that apply in every civil case. Next, I will explain some of the rules that you must use in evaluating particular testimony and evidence. Then, I will explain the elements of the claims that Plaintiff Anthony Riggins is bringing against Defendants Forrest Hunt, III, Anthony Gannon and Jerry Wells in this case. After the closing arguments of counsel, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return. Please listen carefully to everything that I say.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second job is to take the law that I give you, apply it to the facts, and decide whether the Plaintiff has proven his case by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial and the instructions that I am now giving you.  All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented to you in this case.

3

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This is a civil case.  In a civil case, the plaintiff has the burden of proving each element of his or her claims by a "preponderance of the evidence."  In this case, this means that, for you to find that any one Defendant is liable to Plaintiff, the Plaintiff has to produce evidence which, considered in light of all the facts presented, leads you to believe that it is more likely true than not that the particular Defendant violated the Plaintiff's rights.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. To put it differently, if you were to put the Plaintiff's and any one Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on his side.  If the Plaintiff fails to meet this burden, then the verdict must be for that particular Defendant.  If the Plaintiff succeeds in meeting this burden, then the verdict must be for the Plaintiff as to that particular Defendant.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received into evidence, regardless of who may have produced them.

As I stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence that I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record and any facts to which all the lawyers have agreed or stipulated.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The opening statements and closing arguments of counsel are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of the trial, I occasionally made comments to the lawyers, asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you; and except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

During the trial, I may not have let you hear answers to some of the questions that the lawyers asked. I also may not have let you see some of the exhibits that the lawyers wanted you to see; ordered you to disregard things that you saw or heard; or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by

6

your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  In the event that I sustained an objection and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Plaintiff or any of the Defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness

was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

And, ask yourself how believable the witness's testimony is in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe and how much weight you think it deserves.

The fact that a witness comes before you as a law enforcement officer, a correctional officer or a public official should not affect the way you judge his or her credibility.  Such testimony does not deserve either greater or lesser believability simply because of the official status of the witness.  Similarly, the fact that a witness is a prisoner does not suggest that less weight be given to that witness's testimony.  Whether or not you believe a witness must be determined from their testimony, not their occupation or status outside the courtroom.  You should form your own conclusions as to whether or not a witness is believable.

You have heard during the course of this trial that witnesses have been convicted of a crime. The fact that a witness has been convicted of a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.

A prior felony conviction can be used only as one way of helping you decide how believable a witness's testimony is. Do not use it for any other purpose. It is not evidence of anything else other than assessing credibility. It is the sole and exclusive right of the jury to determine the weight to be given to any witness' testimony.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or has done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

In resolving disputed issues of fact, you should not permit your decision concerning any particular question to be determined merely by the number or quantity of witnesses or exhibits that one side or the other has introduced into evidence. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witnesses and which evidence you find sufficiently believable and trustworthy. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The fact that the Plaintiff is a prisoner and the Defendants are corrections officials must not enter into or affect your verdict.  The case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  The law is no respecter of persons; all persons, including prison inmates and state corrections officers, stand equal before the law, and are to be dealt with as equals in a court of justice.

The Plaintiff brings his claims under 42 U.S.C. § 1983, which provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## ELEMENTS OF PLAINTIFF'S CLAIM

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff Anthony Riggins claims that each of the Defendants, Forrest Hunt, III, Anthony Gannon and Jerry Wells, violated his Eighth Amendment constitutional rights by using excessive and unnecessary force against him.  In order to prove a violation under the Eighth Amendment against a particular Defendant, Plaintiff Anthony Riggins must show that the particular Defendant unnecessarily and wantonly inflicted pain on him.  Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment against a particular Defendant, Plaintiff Anthony Riggins must prove all of the following elements by a preponderance of the evidence:

First:     That the particular Defendant used force against Plaintiff Anthony Riggins maliciously and sadistically, for the very purpose of causing Plaintiff harm, rather than in a good faith effort to maintain or restore discipline;

Second:    That Plaintiff Anthony Riggins suffered some harm as a result of the use of force by the particular Defendant; and

Third:     That the particular Defendant was acting under color of state law. The parties agree that the Defendants were acting under color of state law with regard to the actions raised in this lawsuit.

18

If Plaintiff Anthony Riggins fails to prove either the first element or second element with respect to a particular Defendant, you must find for that Defendant.

The first element of Plaintiff's excessive force claim is to be evaluated by a subjective analysis of each Defendant and his state of mind at the time. In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether a Defendant unnecessarily and wantonly inflicted pain on the Plaintiff include:

1.    The extent of the injury suffered;

2.    The need for the application of force;

3.    The relationship between the need and the amount of force used;

4.    The threat reasonably perceived by the Defendant; and

5.    Any efforts made to temper the severity of a forceful response.

"Maliciously" means intentionally injuring another without just cause or reason. To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

As to the second element, the Plaintiff need not show that he suffered a serious injury as the result of the force used in order to prevail on his claims.  The extent of injury suffered by Plaintiff is but one factor that you may consider in determining

19

whether Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Although there are three named Defendants in this action, it does not follow from that fact alone that if one Defendant is liable to the Plaintiff, all Defendants are liable. Each Defendant is entitled to a fair and separate consideration of his own defense, and your decision regarding each Defendant is not to be affected by your decisions with respect to the other Defendants.

I will now instruct you as to the proper measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered, or to suggest that if you find for Plaintiff, you are required to award any damages at all. Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

If you find that the Plaintiff has prevailed on any of his claims, then you must determine by a preponderance of the evidence an amount of money that will reasonably compensate the Plaintiff for the actual injury caused by the conduct of the Defendant or Defendants against whom he has prevailed.

In awarding compensatory damages, you should consider the nature, character, seriousness, and duration of any emotional pain, suffering, inconvenience, and mental anguish that the Plaintiff may have experienced.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.

The damages that you award must be fair compensation – no more and no less. In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for prospective loss that, although possible, is wholly remote or left to conjecture or guess.  Damages are considered speculative when their existence is uncertain or when the proof is insufficient to enable you to make a fair and reasonable assessment of damages.

The Plaintiff is also seeking punitive damages against each of the Defendants. In addition to compensatory damages, the law permits you to award an injured person punitive damages under certain circumstances for the purposes of punishing the defendant for some extraordinary misconduct and serving as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against a particular Defendant and if you find that the conduct of that Defendant was recklessly and callously indifferent to Plaintiff's rights then, in addition to any other damages to which you find the Plaintiff is entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages.  One acts recklessly or with callous indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.  In deciding whether to award punitive damages, you should consider whether doing so is appropriate to punish that Defendant or deter that Defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

However, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.

If punitive damages are assessed against more than one Defendant, the amounts assessed against those Defendants may be the same or they may be different.

The closing arguments of counsel are not evidence.  The function of the lawyers

is to point out those things that are most significant or most helpful to their side of the

case and, in so doing, to call your attention to certain facts or inferences that might

otherwise escape your notice.

It is your duty as jurors to confer with one another and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember always that you are not partisans.  You are judges—impartial judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case. Do not take a firm position at the outset and then be too proud to change your position.

If it becomes necessary during your deliberations to communicate with the Court, you may send a written message through Ms. Crum to the Court, signed by your foreperson or by one of the other jurors.  No member of the jury should ever attempt to communicate with the Court other than by a signed writing.  The Court will not communicate with you other than in writing or in open court, on the record, and with counsel present.

All court personnel are prohibited from talking to you about the merits of this case.

Should your deliberations extend to 4:30 p.m., Ms. Crum will inquire whether you wish to continue to deliberate to a later hour.  The purpose of the inquiry is to facilitate the scheduling of Court personnel.  Do not give Ms. Crum any indication of how your

26

vote stands or provide any information other than the hour to which you wish to deliberate.

The jury deliberation room is a non-smoking area.  If any of you wishes to smoke during your deliberations, the jury must recess deliberations, and the juror who wishes to smoke must go to an area where smoking is permitted.

Let me say a word about the use of notes during your deliberations.  Please remember that notes should be used only to refresh the recollection of the juror who took the notes.  You should not use your notes in jury deliberations to prove to other jurors that your notes are in fact what a witness actually said; they are only your impression of what the witness said.  We depend on the judgment of all members of the jury.  Notes are only aids to memory and should not be given precedence over your own independent recollection of the facts.

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.  Make your decision based only on the evidence admitted in this case.

Each of you has a copy of the instructions that I am now reading.  You will also receive one copy of the verdict form.  These will accompany you to the jury room.

The verdict form contains a series of questions called "interrogatories."  You must answer each of them in writing.  You must be unanimous as to the answer to each question.

Nothing that the Court has said in these instructions and nothing in the verdict form is intended to suggest or convey in any way the verdict that the Court thinks you should return.  The verdict is the exclusive duty and responsibility of the jury.

Your verdict must represent the considered judgment of all jurors; in other words, it must be unanimous.  In order to return a verdict for Plaintiff or for any of the Defendants with respect to any claim, it is necessary that all jurors agree with that verdict and indicate their agreement by signing the appropriate verdict form.

Once again, if, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to Ms. Crum who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

When you arrive in the jury room, your first order of business will be the selection of a foreperson to preside over your deliberations.

The foreperson acts as the chairperson of the meeting.  He or she must see to it that the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with a copy of these instructions and the verdict forms.

When you have reached your verdict and have filled out, signed, and dated the verdict form, the foreperson of the jury shall notify Ms. Crum that the jury has reached its verdict.  Never reveal to anyone exactly how the jury stands, numerically or otherwise, until it comes time for you to return to court with a complete verdict.

You will now retire to the jury room to begin your deliberations.  Before you do, however, I would like to give you a few practical instructions regarding how you should conduct your deliberations.

As I stated previously, when you retire to the jury room, the first thing that you should do is to elect a foreperson.

All eight of you must be present in the jury room when you are deliberating.  You may take breaks whenever you want—for instance if someone would like to go downstairs to smoke a cigarette—but you must cease your deliberations until everyone has returned to the jury room.

If your deliberations extend beyond today, you should decide what time in the morning you wish to start your deliberations.  You may elect to start earlier in the morning if that is more convenient for you.  However, you should start no later than 9:30 a.m.  Remember, you cannot begin your deliberations each day until all eight of you have arrived.

As I informed you, you may deliberate beyond the hour of 4:30 p.m.  At that time Ms. Crum will inquire whether you wish to continue to deliberate to a later hour.  When you are ready to leave for the day, you will come back into the courtroom, and I will give you our regular admonition.

With that, I will send you back to the jury room to begin your deliberations.