UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| vs. | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| FORREST HUNT, et al., | : | **ATTORNEY FEES AND** |
| | : | **EXPENSES AND** |
| Defendants. | : | **MEMORANDUM IN SUPPORT** |

**MOTION**

Plaintiff, pursuant 42 U.S.C. §1988 and §1997e (d) (3), moves for an award of $107,437.75 for reasonable attorneys' fees for the work of Plaintiff's counsel and $6,311.33 in costs jointly against defendants Hunt and Wells in this action. These amounts are explained in detail in the memorandum below and in the attached declarations and exhibits. Plaintiff submits this request for work done through August 28, 2006. Since the case is still pending Plaintiff will file a supplemental motion at the appropriate time.

**MEMORANDUM IN SUPPORT**

**I.   Introduction**

Plaintiff, as prevailing party in this §1983 prisoner rights class action, applies for an award of attorney's fees and for litigation costs and expenses. Attorney's fees and costs are authorized pursuant to 42 U.S.C. §1988, which provide that the Court may award "a reasonable attorney's fee" to prevailing parties as part of costs.

**II.   Standard For Awarding Attorney Fees**

The criteria for the award of attorneys' fees are set forth in *Blum v. Stevenson*, 465

U.S. 886, 104 S.Ct. 1541 (1984), *Hensley v. Eckerhart* 461 U.S. 424, 103 S.Ct. 1933 (1983), *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2368 (1992), and *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980).  Once a plaintiff crosses the statutory threshold and is found to be a "prevailing party," the plaintiff is "entitled to recover attorneys' fees for 'all time reasonably spent on a matter.'"  *Northcross* at 636.  Attorney's fee rates are limited in prisoner cases by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e (d) (3).  Specifically, attorney fee hourly rates are limited to $169.50 per hour.  *Hadix v. Johnson*, 398 F.3d 863 (6th Cir. 2005).

In this case Plaintiff is the prevailing party and entitled to fees because the jury returned a verdict for Plaintiff and judgment was entered for Plaintiff against Defendants Hunt and Wells (Doc. 168 & 170).  For the reasons set forth more fully below, plaintiff respectfully submits that the hours expended in this case were reasonable given the length of the case and of the importance of the issues.  Additionally, the hourly rates requested by each attorney and staff member are reasonable given their background and experience.

### III. The Hours Expended By Plaintiffs' Counsel in Successful Vindication of Plaintiffs' Federal Rights Were Reasonable

The Supreme Court has recognized the normal method for calculating an appropriate award of attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley* at 433.  *Northcross* clearly sets forth the procedure for calculating the number of hours reasonably expended.  *Northcross* at 636-637.  The Court should indicate on the record the number of hours it finds the prevailing party's attorneys have expended on the case.  This finding must first take into account the affidavits of counsel.  The hours claimed need not be automatically

2

accepted by the court, but to the extent that hours are rejected, the court must indicate some reason for its action. Hours may be cut for duplication, padding or frivolous claims. If a court decides to eliminate hours of service adequately documented by the attorneys, it must identify those hours and articulate its reasons for their elimination. *See, Northcross*, *supra*. Time spent for litigating the fee issue should also be included in the award. *See*, *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979).

The time spent on this action is reasonable:

> The question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). Under this test, all hours expended in this action by plaintiff's attorneys were reasonable.

Ms. Branch investigated the case, conducted all paper discovery, took numerous depositions of defendants and witnesses, and defended Plaintiff's deposition. Ms. Branch drafted most pleadings and directed all support staff work on the case. In addition, she co-counseled the first trial and tried the second trial without assistance. Mr. Gerhardstein edited pleadings, was involved in trial strategy throughout the litigation, and was lead trial lawyer in the first trial.

All of the attorney, paralegal and law clerk time was recorded contemporaneously with the service. The compilation of Plaintiffs' attorneys' time records are as Ex. B and C to the Declaration of Jennifer L. Branch. Plaintiffs' attorneys exercised billing judgment at the time of entry of the times and did not record every minute spent on the case. The hours and work performed are explained in the Branch Declaration.

3

**IV.  Calculation Of Fees and Expenses Under 42 U.S.C. §1988**

Plaintiff requests an award of fees based on hourly rates of $169.50 for Alphonse A. Gerhardstein and Jennifer L. Branch.  This PLRA rate is well below the established market rate for these counsel.  Alphonse A. Gerhardstein is a graduate of the New York University School of Law and has been admitted to practice in Ohio and the federal courts since 1976.  He was admitted to practice before the U.S. Supreme Court in 1984.  For the past 29 years, most of his practice has been devoted to civil rights litigation.  He has been counsel or co-counsel on hundreds of civil rights cases filed in the state and federal courts.  His current billing rate is $375 per hour.

Ms. Branch is a graduate of Case Western Reserve University School of Law and has been admitted to practice in Ohio and the federal courts since 1987.  She was admitted to practice in the U.S. Sixth Circuit Court of Appeals in 1989 and the U.S. Supreme Court in 2005.  Her first 9 years of practice were devoted to poverty law and civil rights; her last 9 years of practice has been concentrated on civil rights litigation.  Her current billing rate is $275 per hour.  All of the attorney fees in this case should be paid at the PLRA rate of $169.50.

Gerhardstein Branch & Laufman has incurred expenses as set out in the attached time and expense records and summarized on the table below:

|  | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Alphonse A. Gerhardstein | 108.20 | $169.50 | 18,339.90 |
| Jennifer L. Branch | 426.30 | $169.50 | 72,257.85 |
| Law Graduate | 15.2 | $85.00 | 1,292.00 |
| Law Clerk | 190 | $65.00 | 12,350.00 |
| Paralegal | 49.20 | $65.00 | 3,198.00 |
| **Total Attorney Fees** | | | 107,437.75 |
| **Expenses** | | | 6,311.33 |
| **Total Fees and Expenses** | | | 113,749.08 |

### V. Litigation Costs

Plaintiffs are entitled to an award of costs for expenses that would normally be billed to fee-paying clients. This includes filing fees, witness fees, mailings, deposition and transcript costs. *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624, 639 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). Plaintiffs have incurred a total of $6,311.33 in expenses related to the case. (Declaration of Gerhardstein, Exhibit B).

### CONCLUSION

Plaintiff should be awarded attorney fees in the amount of **$107,437.75** and costs and expenses in the amount of **$6,311.33** for a total of **$113,749.08**.

Respectfully submitted,

s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff

5