UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY RIGGINS,**                                          Case No. 1:01-CV-503

    Plaintiff,

v.                                                                                        JUDGE BARRETT

**FORREST HUNT, et al.**

    Defendants.

## DEFENDANT'S FORREST HUNT AND JERRY WELLS' MOTION FOR NEW TRIAL AND RENEWAL OF MOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT

Defendants Forrest Hunt and Jerry Wells, by and through undersigned counsel, move this court to set aside the judgment entered on or about the twenty-fourth (24th) day of August, 2006, and to grant a new trial on the grounds that this court excluded evidence of Plaintiff's conviction for assault in the very incident that gave rise to this litigation. Defendants Hunt and Wells contend this evidence was admissible under both the Federal Rules of Evidence, as well as relevant case law. In addition, this Court precluded defense counsel from introducing any portion of plaintiff Anthony Riggins' voluminous Rules Infraction Board (RIB) Records, namely his finding of guilty in the RIB hearing and his punishment for same. This Court also precluded defense counsel from describing "J-Block" as it really is. Defense counsel was not permitted to characterize J-block prisoners as assaultive, predatory, etc. J-block is the "prison within the prison" at the maximum security facility at Southern Ohio Correctional Facility. J-block is the place where prisoners who have continuously violated prison rules are housed.

Defendants contend that the court erred in its refusal to admit the above evidence. Such evidence was relevant, competent, material and admissible under Rule 402 of the Federal Rules of Evidence. In fact, jurors held it against defense counsel for the non-presentation of such evidence. A juror, in particular, #5 had asked in voir dire whether or not plaintiff had been convicted of assault. The same juror stated after the trial in the jury room that defense counsel was too meek, not aggressive enough. The jurors collectively said that every time defense counsel was about to get to something that she would just quit. In addition, juror #2 stated that she does investigations and that she always looks to persons' histories when making decisions. Juror #2 was the foreperson of the jury.

Timely objection was made as to the ruling of the court in each instance in the exclusion of such evidence, the substance of which was made known when defendants filed a motion to dismiss based upon the assault convictions. Defendants had filed a motion to dismiss the case on December 22, 2005 based on the fact that the two defendants, who ironically have the judgment against them, were assaulted by the plaintiff. A jury of twelve persons had found beyond a reasonable doubt that plaintiff Anthony Riggins had assaulted defendants Forrest Hunt and Jerry Wells. The exclusion of such evidence affected the substantial rights of defendants Hunt and Wells as such evidence was necessary to show that defendants Hunt and Wells did not use excessive force against the plaintiff and that they were justified in using force pursuant to the administrative rules.

Defendants Hunt and Wells further renew their Motion for a Judgment Not Withstanding the Verdict which was made on the twenty-fourth (24th) day of August, 2006. This motion is supported by the following memorandum.

**MEMORANDUM OF SUPPORT**

At a pre-trial before this Court on July 17, 2006 the admissibility of plaintiff's two convictions for assault were discussed.  This Court permitted counsel to file motions in limine regarding the evidence.  On August 17, 2006, this Court entered the ORDER regarding the motions in limine.  This Court precluded the introduction of plaintiff's convictions for assault against defendants Hunt and Wells; and the Court precluded the introduction of plaintiff's Rules Infraction Board records, in particular, the conviction by the Rules Infraction Board of assaulting defendants Hunt and Wells in this particular incident.   The Court however did state that  if the "door was opened" that counsel could inquire regarding the assault convictions.  During trial, on direct examination by Plaintiff's attorney, plaintiff "opened the door" by stating that "and now I have to do more days in jail" when he was speaking of this incident.  Defendants contend that this statement made the evidence of the Scioto County conviction admissible.  The fact that it was done on direct by his own attorney proves that the defense did not trick or trap him into opening the door.  After the door was opened, defendants had the right to question plaintiff about the conviction and why he was serving additional time.  *See Young v. Raabideau* (1987, C.A.7, Ill.) 821 F.2d 373, 380-382.

Defendants argue that the evidence of plaintiff's conviction is valid character evidence under Fed. R. Evid. 404(b) because it deals with the same incident upon which plaintiff bases his suit.  Further, this assault conviction occurred within the last ten (10) years, and thus is admissible under Fed. R. Evid. 609.  Because plaintiff was convicted as a result of his conduct on the subject matter of this suit, this is directly relevant and valid evidence in this matter.

In *Emich Motors Corporation, et al. v. General Motors Corporation, et al.* (1951), 340 U.S. 558, the United States Supreme Court held that the plaintiff could introduce the prior judgment in a criminal prosecution for the civil case to establish prima facie all matters of fact and law necessarily decided by the conviction and the verdict on which it was based. Defendants contend that the Scioto County conviction establishes that they did not use excessive force in this case. They argue that it demonstrates the amount of force used by plaintiff against them, allowing them to use force. The jury should have been enabled to hear this evidence. In *Palmerin v. City of Riverside* (1986, C.A.9, Cal.), 794 F.2d 1409, the 9th Circuit Court of Appeals dealt with the issue of admission of guilty pleas into a §1983 claim. In *Palmerin*, the court said:

> "…here, the pleas were not offered to indicate the Palmerins' general propensity to violence. Rather, the officers offered the guilty pleas as evidence relating to the situation to which they were responding. Since the accusation against the officers was that they used unconstitutionally excessive force, the jury had to assess what level of force was appropriate in the particular circumstances. In the guilty pleas, the Palmerins admitted that the force they had used against the officers exceeded that permitted by law. These admissions were relevant in enabling the jury to assess the appropriateness of the officers' response as described in the Palmerins' direct testimony. Thus, in these circumstances, the district court did not abuse its discretion in admitting the pleas since any prejudicial effect was "substantially outweighed" by their probative value. Fed.R.Evid. 403." *at 1414.*

In this case, plaintiff also alleged that the officers used unconstitutionally excessive force; therefore, defendant's should have been allowed to admit into evidence the conviction for assault on the exact same circumstances. This would have been relevant in enabling the jury to assess the appropriateness of the defendant Hunt and Wells' conduct. Furthermore, this evidence is probative as to the reasonableness of the defendant's conduct. *See Graack v. Borough of Nazareth* (E.D. PA, 1994), 852 F.Supp. 370.

In *West v. Love* (7th Cir. 1985), 776 F.2d 170, the Seventh Circuit Court of Appeals held that "evidence that a scuffle among inmate and officers took place in confinement unit reserved for inmates with propensity for violent behavior was inadmissible 'character evidence,' but rather was relevant to issue of whether force used against inmate was excessive or reasonable under the circumstances." In this matter, the admission of the conviction goes beyond showing a "propensity for violent behavior." Admission of the conviction shows actual violent behavior on the exact date in question. Therefore, the jury in this trial should have had this information to allow them to make a determination as to whether the assault committed by plaintiff warranted the reaction of defendants, and finally, whether or not this action was excessive.

Further, in *Young v. Rabideau* (7th Cir. 1987), 821 F.2d 373, the Seventh Circuit Court of Appeals held that "evidence of inmate's prison disciplinary history was admissible to show intent…" The conviction showed that plaintiff intended his actions because assault is an intent crime. Additionally, in *Old Chief v. U.S.* (1997), 519 U.S. 172, 196, the U.S. Supreme Court said: "…where, as here, a prior conviction is an element of the charged offense, neither R. 404(b) nor R. 403 can bar its admission." While *Old Chief* dealt with admission of prior convictions into a criminal case, the reasoning is applicable to this case. This conviction rises above being an element, because it is a conviction that arises from the incident in question. If the Supreme Court would admit prior convictions where the elements are the same in a *criminal* case, defendants contend that they most assuredly would allow a prior conviction in a civil case where the conviction is a direct result of the litigation.

Finally, the Sixth Circuit addressed admission of criminal convictions into §1983 cases in *Hancock v. Dodson* (6th Cir. 1992), 958 F.2d 1367. In *Hancock*, plaintiff-appellant, brought a §1983 action against the city, city police officers and others alleging that the arrestee was rendered incompetent as a result of an encounter with police which terminated his arrest. Plaintiff argued that arrestee was beaten by the officers, but arrestee pled guilty to misdemeanor assault and battery arising from his encounter with the police. The Sixth Circuit held that evidence of arrestee's guilty plea was admissible. In the criminal case against plaintiff Anthony Riggins, plaintiff was found guilty of assaulting Hunt and Wells beyond a reasonable doubt by twelve persons. This was not even a "plea." The burden of proof in a criminal trial—"beyond a reasonable doubt"-- is much higher than that of "preponderance of the evidence." The fact that Anthony Riggins was found guilty after a jury trial is also a public record. This evidence is available online; the evidence is available to the public.

Looking at the totality of the circumstances, defendants Hunt and Wells did not receive a fair trial. The same juror ((#5) who wanted to know if plaintiff had been convicted of assault upon the officers was the same juror who called defense counsel meek and not aggressive enough. The foreperson of the jury (#2) stated that she needed to know histories of the parties. The jury was prevented from hearing the truth and reality in this matter. The jury was not even permitted to receive a true depiction of what "J-block" really is and the type of persons that it houses. As strange as self-mutilation may sound to an average, everyday person, plaintiff in this matter had engaged in self-mutilation just six weeks before this trial. Plaintiff had rammed his head into the bars of his own cell. This evidence was also precluded from being introduced. This Court

further precluded defendants from even introducing their own personnel records where they had been commended for their military service in serving out country as well as their employer, the State of Ohio, and where they had received strong evaluations.  If the whole picture could have been presented to the jury, which the foreperson voiced her desires to hear, the verdict would have been different.

      The defendants Forrest Hunt and Jerry Wells therefore pray that this Court grant a new trial or judgment notwithstanding the verdict.

      Dated September 3, 2006.

/s/ Marie Moraleja Hoover  
Marie M. Hoover #0063254  
R. Tracy Hoover  
Attorneys for Defendants  
621 7th Street  
Portsmouth, Ohio 45662  
(740) 354-1000  
Fax: (740) 353-0661  
hooverlawgroup@yahoo.com

**Notice of Electronic Filing**

      All parties who have entered an appearance electronically in this matter shall be served by electronic mail.  Any persons who have not entered an appearance electronically shall receive this pleading by regular U.S. mail.

/s/ Marie Moraleja Hoover  
Marie M. Hoover #0063254  
R. Tracy Hoover  
Attorneys for Defendants  
621 7th Street  
Portsmouth, Ohio 45662  
(740) 354-1000  
Fax: (740) 353-0661  
hooverlawgroup@yahoo.com