IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY RIGGINS, | Case No. 1:01-CV-503 |
| Plaintiff, | |
| Vs. | JUDGE BARRETT |
| FORREST HUNT, et al., | |
| Defendants. | DEFENDANT'S MOTION CONTRA TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES |

    Now come defendants to respectfully move this Court to deny plaintiff's motion for attorney fees and expenses.  Defendants state that this case has been protracted by various events not completely controlled by the parties.  For instance, much of the proceedings were stayed due to defendant Forrest Hunt's service in the United States Military during his service in Iraq.  Further, this case has been tried twice.  In the first trial, the defendants prevailed.  After Judge Dlott ordered a new trial, it was protracted further.  Another Judge had been assigned the case before this honorable Judge Barrett was finally assigned the case.

    Under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. 1988), a court in its discretion may allow a prevailing party reasonable attorney's fees. The granting of attorney fees is not mandatory.  It is discretionary.  Defendants contend that due to the fact that they actually prevailed in the first trial that the plaintiff is not entitled to attorney fees from the first trial.  Defendants further contend that due to the unfair nature of the second proceedings that this Court should not grant attorney fees in the second trial either.  Defendants argue that the in the second trial that they were not

permitted to present to the jury that plaintiff actually was convicted beyond a reasonable doubt for the assault of Forrest Hunt and Jerry Wells under the same facts and circumstances. If this information was allowed to be presented, this is an exception which allows use of force upon an inmate. Defendants argue that the preclusion of introduction of this basic evidence made the outcome of the case manifestly unjust; and that the granting of the attorney fees would be even more unjust against the defendants.

In addition, the plaintiff did not prevail against all defendants. Defendant Anthony Gannon was found to have not used excessive force upon the plaintiff. In *Perotti v. Seiter* (1991, CA6 Ohio), 935 F.2d 761, the Sixth Circuit reduced the attorney fees requested by plaintiff's attorney for duplication and due to the fact that the plaintiff did not prevail against all defendants.

For the foregoing reasons, defendants respectfully move this Court to deny plaintiff's motion for attorney fees and expenses. Defendants state that they have a pending motion for a new trial/ judgment notwithstanding the verdict. Defendants further state that if said motion is not granted, then an appeal will be filed within the allotted time period. Defendants request that this issue remain stayed until such time that said motion and/or appeal are resolved.

Respectfully submitted,

/s/ Marie Moraleja Hoover
Marie Moraleja Hoover #0063254
R. Tracy Hoover #0039610
Attorney for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax: (740) 353-0661
e-mail: hooverlawgroup@yahoo.com

## NOTICE OF ELECTRONIC FILING

This is to certify that a true copy of the foregoing has been electronically filed using this Court's ECF system on this 3rd day of October, 2006.  This motion has been served upon all those entering an appearance in this Court's ECF system with respect to this case.  All other parties who have not enetered an appearance electronically shall be served by regular U.S. mail.

/s/ Marie Moraleja Hoover
Marie Moraleja Hoover #0063254
R. Tracy Hoover #0039610
Attorney for Defendants
621 7th Street
Portsmouth, Ohio 45662
(740) 354-1000
Fax:  (740) 353-0661
e-mail:  hooverlawgroup@yahoo.com