UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S REPLY TO** |
| FORREST HUNT, et al., | : | **DEFENDANTS'** |
| | : | **MEMORANDUM IN** |
| Defendants. | : | **OPPOSITION TO MOTION** |
| | | **FOR ATTORNEY FEES (Doc.** |
| | | **177)** |

**REPLY**

Plaintiff requests that Defendants' memorandum in opposition (Doc. 177) be stricken as untimely and the motion be granted since Defendants filed their memorandum 8 days late without explanation or leave of Court. Furthermore, Defendants raise no issue that would preclude the Court from granting the fees requested.

Defendants first argue that since the Defendants "prevailed" in the first trial, plaintiff is not entitled to attorney fees. To the contrary, no judgment was entered for Defendants after the first trial. The Court granted a new trial on two separate grounds, both involving defense misconduct – the demonstration presented during closing should not have occurred and defense counsel's persistent, improper cross of examination of Plaintiff. Doc. 116. The defendants did not prevail in the first trial. The time spent trying the case the first time is compensable since Plaintiff is the prevailing party.

Next Defendants argue the second trial was unfair. Until and unless the Court grants Defendant's motion for new trial or motion for judgment notwithstanding the

verdict, judgment has been entered for Plaintiff. Therefore Plaintiff is the prevailing party and is entitled to attorney fees.

Finally, Defendants appear to be asking the court to reduce Plaintiff's fees because the jury issued a verdict for Dfendant Gannon. Defendants do not articulate what amount of reduction should be made, nor can they because the time spent prosecuting the case against Gannon was all spent in prosecuting the case against Hunt and Wells.

A Plaintiff is a prevailing party when she obtains relief on the merits of her claim, even where the victory is only *de minimus*. *Farrar v. Hobby*, 502 U.S. 103, 113 S.Ct. 560 (1992). To the extent that time spent on an unsuccessful claim "aided or was reasonably calculated to aid the claims of successful plaintiffs it is compensable--even though it may also have been performed to aid those plaintiffs who [were not successful]. The guiding principle is that the work must in some way have been expended in pursuit of a successful claim . . . ." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1174 (6th Cir. 1990). Moreover, this time is compensable since Plaintiff obtained the ultimate relief requested.

> The question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge* at 1177. Even when an employee is successful in proving one claim but losing on all others, the plaintiff is a prevailing party eligible to recover all reasonable attorney fees. *See, Lilley v. BTM Corp.*, 958 F.2d 746 (6th Cir. 1992) (verdict on

retaliatory discharge was sufficient to render him "prevailing party" eligible to recover reasonable attorney fees, even though he was unsuccessful on his age discrimination claim). The fruits of discovery from Gannon, such as his deposition, and Gannon's trial testimony were used to support the claims against Hunt and Wells. In fact Gannon's testimony was critical because he did not dispute Plaintiff's version of the events. Therefore, even though Plaintiff did not secure a verdict against Gannon, Plaintiff is still a prevailing party, entitled to all fees.

Defendants also ask the Court to stay ruling on the fee motion until after the appeal. Such a stay would be improper. Plaintiff is required to file his fee motion within 14 days of the judgment being entered. There is no authority for a Court to stay ruling on a fee award. Plaintiff is entitled to an award of attorney fees, once he is shown to be a prevailing party. Furthermore, Plaintiff is entitled to interest on the fee award from the date of the judgment (August 24, 2006). *Associated General Contractors of Ohio, Inc. v. Drabik* 250 F.3d 482, 495 (6th Cir. 2001). If the Defendants do file a timely appeal, they may seek a stay of the enforcement of the judgments if they post a supersedeas bond for the amount of the verdict ($125,000) plus interest and the amount of the fee award plus interest. See Fed. R. Civ. Proc. 62(d).

**CONCLUSION**

For the foregoing reasons, Plaintiff should be awarded attorney fees in the amount of **$107,437.75** and costs and expenses in the amount of **$6,311.33** for a total of **$113,749.08**.

> Respectfully submitted,
>
> s/ Jennifer L. Branch
> Jennifer L. Branch (0038893)

3

>Trial Attorney for Plaintiff
>Alphonse A. Gerhardstein (0032053)
>Attorney for Plaintiff
>GERHARDSTEIN & BRANCH CO., LPA
>617 Vine Street, Suite #1409
>Cincinnati, Ohio 45202
>(513) 621-9100
>jbranch@gbfirm.com
>agerhardstein@gbfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

>s/ Jennifer L. Branch
>Attorney for Plaintiff