UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RIGGINS, | : | Case No. 1:01-CV-503 |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MEMORANDUM** |
| FORREST HUNT, et al., | : | **ON JOINT AND SEVERAL** |
| | : | **LIABILITY OF ATTORNEY** |
| Defendants. | : | **FEES** |

At the November 20, 2006 status conference the Court inquired whether both defendants would be jointly and severally liable for any award of attorney fees and costs. Each defendant should be held to be jointly and severally liable for any award of attorney fees that is granted. The district courts have broad discretion in awarding attorney fees under 42 USCA § 1988 because of that court's "superior understanding of the litigation." *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995).

That broad authority includes holding both Defendants Hunt and Wells to be jointly and severally liable for all attorney fees. *Grand Traverse Board of Ottawa and Chippewa Indians v. Director, et al.* 1998 WL 385891, *6 (6th Cir. 1998), *see also Wolff v. Moore*, 104 D. Supp. 2d 892, 906 (S.D. Ohio, 2000). The district court in *Grand Traverse* granted summary judgment for the plaintiffs, and established that the defendants had violated the plaintiffs' right to equal protection under the law by denying them access to improvements to marinas in portions of the Great Lakes. Subsequently, the district court held the defendants jointly and severally liable for the attorney's fees incurred by the plaintiff. On appeal, the Sixth Circuit considered the culpability of the defendants

and the amount of time the plaintiff's counsel spent preparing for the litigation, and held that it was proper to decline to apportion damages in that situation. *Id.*

In cases in which two or more defendants actively participated in a constitutional violation, it is appropriate to hold all defendants jointly and severally liable for attorney's fees. *Koster v. Perales*, 903 F. 2d 131, 138-139 (2nd Cir. 1990). In *Koster*, the court found that the defendants did not have significantly different levels of culpability, and that the defendants were joint tortfeasors whose actions resulted in a single, indivisible injury. Consequently, the Second Circuit held that the trial court judge did not abuse his discretion in holding the defendants jointly and severally liable for the plaintiff's attorney's fees. *See also Herbst v. Ryan,* 9 F. 3d 1300, 1305 (7th Cir., 1996) and *Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483 (11th Cir.)1987 (holding that it is "frequently appropriate to hold all defendants jointly and severally liable for attorney's fees in cases in which two or more defendants actively participate in a constitutional violation"); *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F. 3d. 761, 772 (5th Cir. 1996) (joint and several liability for attorney's fees is appropriate if the defendants' actions resulted in a single, indivisible injury and each were substantially responsible for the injury).

In the case at bar both Defendants Wells and Hunt jointly participated in the constitutional violation: CO Wells broke Mr. Riggin's collar bone and CO Hunt broke his hand. The remaining injuries were caused by one of the two defendants. While the jury found CO Hunt to be the ringleader – and thereby awarded three times the punitive damages against him ($75,000) than against CO Wells ($25,000) – both equally

participated in the constitutional violation.  Therefore each should each be held to be jointly and severally liable for the entire attorney fees award the Court orders.

                              Respectfully submitted,

                              /s/ Jennifer L. Branch
                              Jennifer L. Branch (0038893)
                              Trial Attorney for Plaintiff
                              Alphonse A. Gerhardstein (0032053)
                              Attorney for Plaintiff
                              GERHARDSTEIN & BRANCH CO., LPA
                              617 Vine Street, Suite #1409
                              Cincinnati, Ohio 45202
                              (513) 621-9100
                              jbranch@gbfirm.com
                              agerhardstein@gbfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2006, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically:

| | |
|---|---|
| Jerry Wells | Forrest Hunt |
| *Pro Se* Defendant | *Pro Se* Defendant |
| 275 Mill Branch | 255 Chiefs Cove |
| Greenup, KY 41144 | Bainbridge, OH 45612 |

                              /s/ Jennifer L. Branch
                              Attorney for Plaintiff