**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY RIGGINS,** | : | **Case No. 1:01-CV-503** |
| | : | |
| **Plaintiff,** | : | **Judge Barrett** |
| | : | |
| **vs.** | : | |
| | : | **PLAINTIFF'S SECOND** |
| **FORREST HUNT, et al.,** | : | **SUPPLEMENTAL** |
| | : | **MEMORANDUM IN SUPPORT** |
| **Defendants.** | : | **OF MOTION FOR ATTORNEY** |
| | | **FEES** |

At the December 15, 2006 status conference the Court inquired how many hours were spent on the first trial and whether that time is compensable. The Court also inquired whether apportionment of fees was proper in this case. This memorandum addresses these issues.

**A.    FEES FOR THE FIRST TRIAL ARE COMPENSABLE**

Of the time submitted by Plaintiff in his fee petition (Doc. 172), the following hours were spent preparing for and trying the first trial and filing post-trial motions. The time is for work done November 3, 2003 through December 10, 2003:

| | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Alphonse A. Gerhardstein | 96.90 | $169.50 | $16,424.55 |
| Jennifer L. Branch | 163.70 | $169.50 | 27,747.15 |
| Law Clerk | 45.90 | $65.00 | 2,983.5 |
| **Total Attorney Fees** | | | **47,155.20** |
| | | | |
| **Expenses** Transcript of Def. Opening Transcript of Plaintiff Cross | | | **236.48** |
| **Total Fees and Expenses** | | | **$47,391.68** |

All of these hours are compensable because Plaintiff prevailed in this case. Once a plaintiff crosses the statutory threshold and is found to be a "prevailing party," the plaintiff is "entitled to recover attorneys' fees for 'all time reasonably spent on a matter.'" *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624, 636 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). The time Plaintiff's counsel spent on the first trial were reasonable given that Defense counsel's actions at the first trial caused Plaintiff to have to retry the case. During and after the closing argument in the first trial Plaintiff moved for a mistrial. (*See* Doc. 100) After the verdict, Plaintiff moved for a new trial on two grounds. The mistrial motion was denied as moot when the Court granted Plaintiff's post-trial motion for new trial (Doc. 116). The new trial was granted on two separate grounds: 1) the demonstration by defense counsel and defendants during the closing should not have been presented to the jury and 2) defense counsel's persistent improper questioning and statements during Plaintiff's cross-examination, on topics the Court had previously ruled were inadmissible, improperly influenced the jury. (Doc. 116). Therefore, Plaintiff's attorney fees for the whole case, including the first trial, were reasonably spent and Defendants should be ordered to pay Plaintiff's attorney's fees for the first trial.

**B.    IN THE ALTERNATIVE, THE COURT HAS AUTHORITY TO AWARD ATTORNEY FEES AS SANCTIONS AGAINST FORMER DEFENSE COUNSEL**

If this Court declines to award Plaintiff attorney fees for the work done in litigating the first trial, in the alternative, Plaintiff moves for a fee award against former defense attorneys Mr. and Mrs. Hoover for $47,391.68, pursuant to 28 U.S.C. § 1927.

Attorneys are liable for excessive costs when they multiply the proceedings.  The United States Code states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  "Vexatious behavior has been defined as  conduct 'lacking justification and intended to harass.'"  *Voss v. USS Great Lakes Fleet, Inc*., 1994 WL 443551 (6th Cir. 1994), quoting from *U.S. v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976).  In *Ross*, defendant's attorney failed to show up at the jury trial because he thought another attorney was representing the defendant.  Since, the court found the attorney's actions were not purposeful or maliciously, merely negligent, he was not sanctioned.  *Id*.  350.  However, in *Voss*, plaintiff's attorney cancelled two depositions at the last minute.  In *Voss*, a dispute arose as to the location of the depositions.  At a telephone conference with the district court the morning of the depositions, plaintiff suggested ground rules for the depositions to take place at his office.  The court ordered the depositions to take place under those rules.  When the witnesses arrived at the deposition, plaintiff's counsel cancelled the depositions.  The district court found this conduct vexatious and unreasonable and the Sixth Circuit affirmed.  *Voss* slip op. p. 2.

At first the Sixth Circuit held that an attorney's responsibility does not flow from unintentional discourtesy to a court, but only from an "intentional departure from proper conduct, or at a minimum, from a reckless disregard of the duty owed by counsel to the court."  *U.S. v. Ross* at 349.  Later, after Congress amended the statute, the Sixth Circuit held that the imposition of section 1927 sanctions against counsel "does not require a

finding of recklessness, subjective bad faith, or conscious impropriety; an attorney does not have *carte blanche* to burden the federal courts by pursuing claims that he should know are frivolous." *Haynie v. Ross Gear Division of TRW, Inc.,* 799 F.2d 237, 243 (6th Cir. 1986). Section 1927 sanctions can be awarded "despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir 1986). An attorney is liable without a finding of bad faith "at least when an attorney knows or reasonably should know that . . . his or her litigation tactics will needlessly obstruct the litigation . . . ." *Id.* In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the Court reinforced the objective standard:

> [S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Ridder* at 298, quoting from *In re Rueben*, 485 F. 2d 977, 984 (6th Cir. 1987).

In light of the District Court's ruling granting a new trial (which decision was not appealed) on two separate grounds of attorney misconduct (improper closing argument demonstration and improper repeated cross examination of Plaintiff on evidence the Court excluded), there is sufficient basis for this Court to sanction defense attorneys for Plaintiff's attorney fees in trying the first case. Therefore, if this Court were to exclude those hours from the fee award against Defendants, Plaintiff requests that the Court order Mr. and Mrs. Hoover to pay those fees as a sanction.

## THE ATTORNEY FEES SHOULD NOT BE APPORTIONED

While the Court may apportion the award of attorney's fees if joint and several liability will lead to inequitable results, Plaintiff has argued (Doc. 187) that each

defendant should be jointly liable for the fee award.  In apportioning fees the Court may consider the relative culpability of the parties against whom fees are awarded and the proportion of time spent litigating against each of those parties.  *Grand Traverse Band of Ottawa and Chippewa Indians v. Director, Michigan Dept. of Natural Resources, Tp. of Leland, Village of Northport,* 1998 WL 385891, *6 (6th Cir. 1998) (upholding district court's decision not to apportion fees).  However in this case there is no evidence that the defendants were not equally culpable for the compensatory damages.  Defendants proposed no jury interrogatories regarding apportionment of culpability nor did Defendant Wells introduce at trial any evidence that he was less culpable than Defendant Hunt.  In fact, at trial Wells admitted using his PR-24 to flat chop Riggins' clavicle (causing the broken bone) whereas Hunt denied striking Riggins with his PR-24 (causing the broken hand).  Furthermore, Plaintiff's counsel's time was spent litigating the case against each defendant equally.  Therefore, there is no factual basis to support an apportionment of attorney fees.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that attorney fees in the amount of $107,437.75 and costs in the amount of $6,311.33 be awarded jointly against Defendants Hunt and Wells.  If the Court declines to award Plaintiff attorney fees for the first trial, in the alternative, Plaintiff requests that $47,391.68 be awarded as sanctions against former defense counsel Mr. and Mrs. Hoover.

Respectfully submitted,

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)

Attorney for Plaintiff
GERHARDSTEIN & BRANCH CO., LPA
617 Vine Street, Suite #1409
Cincinnati, Ohio 45202
(513) 621-9100
jbranch@gbfirm.com
agerhardstein@gbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2007, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically:

Jerry Wells                          Forrest Hunt
*Pro Se* Defendant                   *Pro Se* Defendant
275 Mill Branch                      255 Chiefs Cove
Greenup, KY 41144                    Bainbridge, OH 45612


R. Tracy Hoover
Marie Moraleja Hoover
Attorneys for Defendants
The Hoover Law Group
621 7th Street
Portsmouth, Ohio 45662


/s/ Jennifer L. Branch
Attorney for Plaintiff