UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Riggins,

    Plaintiff,

    v.                                         Case No. 1:01cv503

Forrest E. Hunt, III, *et al.*,            Judge Michael R. Barrett

    Defendants.

**ORDER**

This matter is before the Court upon Plaintiff's Motion for Attorney Fees and Expenses. (Doc. 172) Defendants have filed a Memorandum in Opposition (Doc. 177) and Plaintiff has filed a Reply (Doc. 178). Also, as requested by the Court, Plaintiff has filed additional memoranda. (Doc. 187, 191, 194) This matter is ripe for review.

The first trial of this matter resulted in a verdict in favor of Defendants. (Doc. 103) However, the District Court granted Plaintiff's Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 116) The Court found that Defendant's demonstration during closing arguments should not have been presented to the jury. The Court also determined that Defendants' persistent improper questioning and statements during the cross-examination of Plaintiff placed before the jury matters that should not have been before it. The Court found that there was a reasonable probability that both the demonstration and defense counsel's misconduct in Plaintiff's cross-examination influenced the jury, and the error was not harmless.

This Court conducted a second trial of this matter, and on August 24, 2006, a jury returned a verdict in favor of Plaintiff against Defendants Hunt and Wells. The jury did not

find in favor of Plaintiff against Defendant Gannon. Pursuant to 42 U.S.C. §§ 1988 and 1997e(d)(3), Plaintiff moved for an award of $107,437.75 for attorney fees and $6,311.33 in costs against Defendants Hunt and Wells. These amounts include time and costs expended on both the first and second trial. In the alternative, Plaintiff moves for a fee award based on the first trial against Defendants' former counsel pursuant to 28 U.S.C. § 1927. Defendants argue that Plaintiff did not prevail in the first trial, and in the second trial, Plaintiff did not prevail against all Defendants.

District courts have discretion, pursuant to 42 U.S.C. § 1988, to award attorney's fees to a "prevailing party" in a civil rights suit. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446-47 (6th Cir. 2000), *citing Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 308 (6th Cir. 1988).[1] A prevailing party ordinarily is entitled to recover attorneys' fees and costs in the absence of special circumstances which would make such an award unjust. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 419-20 (2005), *cert. denied*, 126 S.Ct. 2916 (2006). A party prevails under section 1988 if, due to the party's initiative, the judiciary has materially altered the legal relationship between the parties. *Id.* at 420; *see also Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (explaining that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," such that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff") (citations omitted). However, a plaintiff need not prevail on all claims asserted in the complaint to obtain

---

[1] 42 U.S.C. § 1988 states: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

attorneys' fees. *Women's Medical Professional Corp. v. Baird*, 438 F.3d 595, 615 (6th Cir. 2006), citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001).

Here, in the second trial, the jury found in favor of Plaintiff on his section 1983 claim against two of the three defendants. Therefore, the Court finds that Plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988.

A party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success. *Berger*, 265 F.3d at 406, *citing Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). After the District Court ordered a new trial, Plaintiff was in the same position he was in before the start of the new trial. *See, e.g., Hanrahan v. Hampton*, 446 U.S. 754, 759 (1980). Therefore, the Court finds that Plaintiff is not entitled to fees and costs expended during the course of the first trial or in addressing the motions following the first trial.

Next, the Court finds that Plaintiff is only entitled to an award of fees and costs against Defendants Hunt and Wells, and the award should be apportioned between these two Defendants. It is within the district court's discretion to apportion fees among defendants. *Grand Traverse Band of Ottawa and Chippewa Indians v. Director, Michigan Dept. of Natural Resources, Tp. of Leland, Village of Northport*, 1998 WL 385891, *6 (6th Cir. 1998) (unpublished), *citing Anderson v. Flexel Inc.*, 47 F.3d 243, 251 (7th Cir. 1995); *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990). The court may consider the relative culpability of the parties against whom fees are awarded and the proportion of time spent litigating against each of those parties. *Id.*, *citing Koster*, 903 F.2d at 139.

The jury found that Plaintiff is entitled to a total of $100,000 in punitive damages. (Doc. 168) The jury found that Defendant Hunt was liable for $75,000, and Defendant

Wells was liable for $25,000.  The Court will therefore apportion Plaintiff's fees and costs accordingly.  Defendant Hunt is liable for 75% of Plaintiff's fees and costs, and Defendant Wells is liable for 25%.

Based on the Declaration of Plaintiff's counsel, the attorney fees for the pre-trial portion of the first trial were $19,159.95.  (Doc. 172, Ex. 1)  The attorney fees and costs for the second trial were $66,357.40.  (Id.)  Therefore, Plaintiff is entitled to a total amount of fees and costs of $88,517.35.  Defendant Hunt is liable for 75% of this amount, or $66,338.01.  Defendant Wells is liable for 25% of this amount, or $22,129.34.

**IT IS SO ORDERED.**

                                                   /s/ Michael R. Barrett
                                                  Michael R. Barrett, Judge
                                                  United States District Court